## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON GADDIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 07-1150 |
| ) | |
| EDDIE JONES, Warden, ) | |
| ) | |
| Respondent. ) | |

### **O R D E R**

This matter is presently before the Court on Petitioner, Jason Gaddis' ("Gaddis"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth herein, Gaddis' § 2254 Petition is TRANSFERRED without any ruling on the merits of the Petition or other pending motions.

**Background**

In 1996, Gaddis was convicted of two counts of attempted murder and one count of armed robbery in the Circuit Court of Macon County, Illinois, which is located within the Urbana Division of the Central District of Illinois. He was sentenced to consecutive 20-year terms on his attempted murder convictions to be served consecutively to a 6-year term on his armed robbery conviction. Gaddis is presently incarcerated in the Pontiac Correctional Center in the Peoria Division of the Central District of Illinois and filed the present § 2254 Petition in this division.

A §2254 Petition:

> [M]ay be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. §2241(d). Accordingly, the Central Districts of Illinois clearly has jurisdiction over this action; the question is in which division of the Central District should Gaddis' Petition be heard. "[T]he district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." 28 U.S.C. § 2241(d).

Although Gaddis is incarcerated in the Peoria Division, he was convicted and sentenced in the Urbana Division. His present claims asserting that his consecutive sentences were imposed in error, his guilty plea was unknowing and/or involuntary, his Sixth Amendment right to a trial by jury was violated when he received ineffective assistance of counsel, and he was wrongfully convicted of more than one count of attempted murder implicate his original conviction and sentence in the Urbana Division. Thus, the Court finds that the Urbana Division is a more convenient forum for the hearing and determination of this habeas corpus action, particularly because the records of Gaddis' criminal proceedings may be found there, as may any witnesses and other participants in such proceedings. Furthermore, Local Rule 40.1 provides that cases arising out of Macon County shall be heard in the Urbana Division of this District.

This Court therefore TRANSFERS this matter to the Urbana Division of the Central District of Illinois without addressing the timeliness of the filing or any of the pending motions.

ENTERED this 13th day of June, 2007.

    s/ Michael M. Mihm
    Michael M. Mihm
    United States District Judge