IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

JASON M. GADDIS  )
Prisoner/Petitioner )
Reg. No. B-44293 )
 )
PONTIAC CORRECTIONAL CNTR. )   DOCKET NO. 07-2114
Place of Confinement )
 )
 )
 )
VS. )
 )
EDDIE JONES — WARDEN )
Respondent/Warden )
(&) )
LISA MADIGAN — Atty. Gen. )
ATTORNEY GENERAL OF ILLINOIS, )
Additional Respondent. )

---

PETITION UNDER 28 U.S.C. SECTION 2254 FOR A
WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

PETITION

Petitioner, JASON M. GADDIS, pro-se, pursuant to 28 U.S.C. § 2254, petitions this Honorable Court to grant him a Writ of Habeas Corpus, and states:

1.) Petitioner, JASON M. GADDIS, is a citizen of the state of Illinois, currently incarcerated in the Illinois Department of Corrections at: Pontiac Correctional Center, as prisoner Reg. No. # B-44293.

2.) Respondent Eddie Jones; is the Warden of Pontiac Correctional Center (&) Lisa Madigan is the Attorney General of Illinois. Both Respondents have jurisdiction over this prisoner.

1 of 11

3) Petitioner is being held pursuant to (2) counts of Attempted (1st degree) Murder and (1) count of Armed Robbery. And is attacking his sentence of;

  20 years on count (I) Attempted (1st degree) Murder - consecutive to 20 years on count (II) Attempted (1st degree) Murder - consecutive to 6 years for Armed Robbery for a total of 46 consecutive years. (Case No. 96-CF-7133)

4) Petitioner was sentenced & convicted by the Honorable Judge Jerry L. Patton, in the 6th Judicial circuit, of Macon County, Illinois.
  Date of plea: September 13th, 1996
  Date of Sentence Hearing: October 1st, 1996

5) Petitioner took an "Open-plea" to counts I & II Attempted (1st-degree) Murder and count V Armed Robbery. And the state then dismissed counts III & IV Armed Violence and count VI Aggravated Vehicular hijacking. (A-26-31)

6.) Public Defender was: Mr. Mark Morthland
  Macon County Assistant Public Defender
  Macon County Building
  Decatur, Illinois  62523   (EX-6) at A-6

  Mr. Morthland, was appointed to represent this petitioner at; preliminary hearing, arraignment, plea (3) as well as at the sentencing hearing.

7.) On October 30th, 1996; this petitioner filed a timely notice of appeal, Motion to proceed in forma pauperis and appointment of counsel. As well as other supporting documents, see exibits (1-5) at A-1-5 ——— This petitioner was allowed to proceed in forma pauperis; however, no counsel was appointed.

8.) Said Direct Appeal was filed with the:

  APPELLATE COURT OF ILLINOIS
  4th DISTRICT
  NO: 4-96-0898

2 of 11

9.) On December 31st, 1996; said appeal was dismissed for failure to file a docketing statement (Supreme Court Rule 312) See (EX-7) at A-7

10.) This petitioner wasn't allowed to raise any issues in his direct appeal. Though this petitioner tried to secure his right(s) to this direct appeal (as of right), by the filing in a timely fashion a Notice of Appeal, & a Motion to proceed in forma pauperis and appointment of counsel. The Court neglected to appoint counsel. Leaving this petitioner stranded without any prior knowledge of the law.

11.) This petitioner proceeded to try to self teach himself in the law libraries within I.D.O.C.. He tried to contact several lawyers, requesting for their help. During this lengthy process this petitioner was finally able to PROVE that the Circuit Court neglected this petitioner. And through their own negeliance this petitioner was denied an Attorney to represent him & in return a chance for an adequate appeal as of right.

12.) This petitioner filed a post-conviction, on November 17th, 2003. In the Circuit Court for the 6th Judicial Circuit of Illinois, Macon County.

## GROUND(S) RAISED ON POST-CONVICTION:

1.) The imposition of his consecutive sentences based on the trial courts finding of fact, that his conduct was heinous & brutal, instead of a jury finding of fact beyond a reasonable doubt was unconstitutional;

2.) The defendant's plea should be vacated because defendant plead guilty in an open-plea under false pre-tenses because the courts statements that defendants convictions required mandatory consecutive sentences was in error;

3.) That defendant was on psychotropic medication during his sentence hearing;

4.) That the defendant's trial counsel rendered ineffective assistance of counsel at the trial level by failing to review with the defendant matters pertaining to the charges, plea & sentencing, only seeing the defendant twice for a total of ten minutes;

failed to review with the defendant matters pertaining to the presentence report made by Dr. Sutherland; failed to notify the court that the defendant was on psychotropic medication (3) three days after the plea hearing & during the sentencing hearing; failed to notify the defendant that the state planned to use hearsay testimony of Michael Knutt, Michael Fickes, & Detective Ed Culp, only to cross examined Mr. Knutt very little, & did not cross examine Detective Ed. Culp & Mr. Fickes at all; failed to cross examine the victim regarding the victim perjuring herself on the witness stand & counsel failed to preserve the defendants appeal right(s);

5.) That his Armed Robbery convictions should be vacated because it is a lesser included offense of Attempted (1st degree) Murder;

6.) And that the defendants constitutional right(s) were violated because he was convicted of more than one "Attempted (1st degree) Murder, when the convictions arouse out of the same physical act & the victim was the same for each conviction. (See Post-Conviction) at (A-34-44)

13.) Petitioner did not recieve an evidentiary hearing.

14.) Post-Conviction Petition was dismissed, on the states own motion (filed September 28th, 2004) see (A-45-51) Motion to dismiss was granted April 6th, 2005.

15.) This petitioner, filed a timely notice of Appeal on April 25th, 2005. see (A-52-53)

16.) In this notice of Appeal this petitioner requested all Macon County Records (A-53 at (8)) --- upon recieving these documents this petitioner found "evidence" to support his claim that he was denied counsel; however, because this petitioner couldn't prove anything at the time, & was confused as to the facts, not wanting to commit perjury this petitioner didn't raise this issue that he was denied counsel on direct appeal. see (EX-19-23) at (A-21-25).

17.) This petitioner's Appellant Brief, see (A-55-71) Raised the same issues as in the post-conviction, please note (A 69)(At

the top) appointed counsel wrote in his argument,... If the defendants' trial attorney had filed the Notice of Appeal & made sure the defendant was appointed counsel____. (Should this be considered enough of an argument to preserve this issue?)

18.) The appeal was filed April 25th, 2005 in:

The APPELLATE Court of
Illinois 4th DISTRICT
No. 4-05-0345

The appellate court affirmed the trial courts judgment on: August 1st, 2006 ~ Courts Opinion Attached At (A-73-76)

19.) This petitioner, filed:
MOTION FOR LEAVE TO FILE A LATE PETITION FOR LEAVE TO APPEAL, to the Illinois Supreme Court on Febuary 9th, 2007

20) On MARCH 23rd, 2007; petition was granted No. 104351-11789

21.) This petitioner also filed on JANUARY 16th, 2007:
PETITION TO LEAVE TO APPEAL FROM THE ILLINOIS APPELLATE COURT, 4th DISTRICT No. #4-05-0345, There heard on Appeal from the Circuit Court of Macon County, Illinois. No. #96-CF-433
Honorable Theodore E. Paine
see (A-79-81)

22.) On May 31st, 2007 the petition was denied.

23) In order to preserve my issues (INCLUDING NEW EVIDENCE in support of original post-conviction, this petitioner filed a second post-conviction,... mailed out June 4th, 2007 see (A-93-99) And attached to the post-conviction, "Brief in support of Petition for post-conviction Relief (A-100-117)

## GROUNDS FOR FEDERAL HABEAS CORPUS:

A) Petitioner is currently incarcerated in the Illinois Department of Corrections;

B) Petitioner has attempted to raise all issues & exhaust all claims;

1) Post-Conviction,... denied,
2) Appeal to the Appellate court,... denied.
3) Request for a re-hearing,... denied,
4) Appeal to the Illinois Supreme Court,... denied,
5) Second post conviction based on (1st Argument below) mailed June 4, 2007,... still pending

## ISSUE(S) PRESENTED FOR REVIEW:

### GROUND I

1) That petitioners 14th & 6th Amendment right(s) to due process & the effective assistance of counsel were violated because, the trial court neglected to appoint counsel to assist this indigent defendant in his direct appeal (as of right).

### In Support thereof:

(A) Petitioner argues that his counsels failure to preserve his appeal lead this petitioner to file pro se a notice of appeal ($) motion to proceed as a poor person & appointment of counsel. Petitioner knew he filed a notice of appeal; however, couldn't remember if he had also requested counsel. And because of lost or damaged documents this petitioner couldn't _prove_ that he requested counsel. And he was was lead to believe that he never requested counsel.

(B) It wasn't until "_after_" the post-conviction was final, & he recieved court documents / file pertaining to 96-CF-433 that he was now able to PROVE that HE DID REQUEST COUNSEL & that it was the court who neglected this petitioner by not appointing counsel to help with the appeal.

(C) This petitioner prays this Honorable Court looks at this argument, before deciding against him. On grounds of him EXHAUSTING his state remedies. This petitioner didn't have all

the facts & didn't want to purge himself. That the Appellate Counsel has already brought up the issues & said nothing can be added at that time. However, upon review of the original post-conviction, arguments at (A-37) At (15-17), Appellate brief (A-64) at top of page (underlined), — Petitioner then files to the Illinois Supreme Court and argues with theses same exibits enclosed, & is able to bring up this argument. Upon review of Petition to leave to appeal to the Illinois Supreme Court (A-79-91) this petitioner was able to adequately argue this issue, & now in this Brief in support of Habeas Corpus. — Wanting to give the lower court an adequate chance to argue/attack the issue & to preserve my issues & show this court that I've tried with due dilligence to raise this claim, I filed a second post-conviction in the 6th Judicial Circuit of Macon County, Illinois.

⑨ This issue was hinted upon in the 1st Post-conviction & a little more in the Appellant Brief; however, it wasn't truly argued in full. And this petitioner prays that this Honorable Court apply sound judgement to the newly found evedence in light of the state's exhausted remedies, where fundamental fairness is so required.

<u>GROUND II</u>   (HAS BEEN EXHAUSTED)
  1) Petitioner argues that his 14th Amendment right to due process was violated due to the imposition of his consecutive sentences being based on the trial courts finding, that his conduct was heinous & brutal, & that there was Great bodily harm, instead of a jury finding of fact beyond a reasonable doubt was unconstitutional.

<u>IN support thereof:</u>

  ⓐ On April 23rd, 1996, petitioner was charged with 2-counts of Attempted (1st-degree) Murder, 720 ILCS 5/5-3-4(A) class X (6-30 years), (Count I & II).
    Two counts of Armed Violence, 720 ILCS 5/33 A-2 class X (10-30 years), (Count III & IV).
    One count Armed Robbery, 720 ILCS 5/18-2 Ⓑ class X (6-30 years), (Count V) (3)
    One count Aggravated Vehicular hijacking, 720 ILCS 5/18-4Ⓐ3 (7-30 years), (Count VI).

2

(B) On the 13th of September, 1996 petitioner took an open plea & then was sentenced on the 1st of October, 1996 To:

    30 yrs. on count I Attempted (1st degree) Murder; consecutive to,
    30 yrs. on count II Attempted (1st degree) Murder; consecutive to,
    6 yrs on count III Armed Robbery.
    (Counts IV, V, & VI dismissed.) see (A 26-31)

(C) On October 1st, 1996 at sentencing hearing in AGGRAVATION, The Judge, Honorable Jerry L. Patton clearly stated that:

> "And they each would qualify for extended terms because the court does find this Behavior on this victim was exceptionally brutal & heinous. And the court also finds that the victim did suffer great bodily harm." At sentencing page 76(L 1-5)

(D) At the time of petitioners sentencing, the maximum penalty for these charges was 30 years. This petitioner was given consecutive sentences for a total of 46 years. Under <u>Apprendi v. New Jersey</u>, petitioners consecutive sentence of (46 years) was based upon an unconstitutional statute.

(E) Petitioner asserts that he was subsequently sentenced under the provisions set forth under P.A. 84-1450, which was effective July 1st, 1987, to act's occuring on or after January 1st, 1987 has been held unconstitutional as a violation against **EX POST FACTO LAWS** by the Illinois Supreme Court.

(F) <u>Apprendi v. New Jersey</u>, applies retroactively to petitioners post-conviction petition. And furthermore had counsel been appointed on Direct Appeal (as of right) petitioners appeal wouldn't of been dismissed & may not have been finial at the time of <u>Apprendi</u> decision.

<u>GROUND III</u>  (HAS BEEN EXHAUSTED)
1.)(A) That petitioners plea should be vacated because defendant plead guilty in an open plea under false pretenses because the court statement(s) that defendant(s) conviction(s) required mandatory consecutive sentences was in error & thus a violation of petitioners 14th Amendment Right to due process.

GROUND IV (HAS BEEN EXHAUSTED)
1.) That petitioners 14th Amendment right to due process was violated because defendant was on psychotropic medication at & during his sentencing;

GROUND V (HAS BEEN EXHAUSTED)
1.) That petitioners 6th Amendment right to effective assistance to counsel at the trial level by failing to review with defendant matters pertaining to the charges, plea & sentencing; only seeing the defendant twice for a total of 10 minutes; failed to review with defendant matters pertaining to the pre-sentence report made by Dr. Sutherland, failed to notify the court that the defendant was on psychotropic medication three days after the plea agreement & sentencing hearing; failed to notify the defendant that the state planned to use hearsay testimony of Michael Knutt; Michael Fickes & Detective Ed Culp, only to cross examine Mr. Knutt very little, & did NOT cross examine detective Ed Culp or Mr. Fickes at all; failed to cross examine the victim regarding the victim perjuring herself on the witness stand & counsel failed to preserve the defendants appeal rights;

GROUND VI (HAS BEEN EXHAUSTED)
1.) That his Armed Robbery conviction violated his 14th Amendment right to due process & should be vacated because it is a lesser included offense of Attempted (1st degree) Murder;

GROUND VII (HAS BEEN EXHAUSTED)
1.) Petitioners 14th Amendment right to due process were violated because he was convicted of more than one Attempted (1st degree) Murder when the convictions arose out of the same physical act & the victim was the same for each conviction.

---

24.) The convictions & sentence under which petitioner is imprisoned are unlawful & void because of multiple violations of petitioners right(s) to due process of law guaranteed by the 14th Amendment to the United States Constitution, violation of equal protection of the law guaranteed by the 14th Amendment, and violation of the right to the effective assistance of counsel protected by the sixth amendment. These violations are not mere irregularities, but

are major constitutional violations which cast significant doubt on the fairness of Petitioner's trial/sentence.

25.) Petitioner has done everything in his power to exhaust every issue in the state courts.

26.) There is a post-conviction pending in Macon County, Illinois.

27.) Petitioner is serving no other sentence than the consecutive sentence argued therein. Petitioner is <u>not</u> facing any future sentence.

28.) This court has jurisdiction over this petition & the issues raised pursuant to 28 U.S.C. § 2254, because petitioner is being held in violation of the Constitution & laws of the United States.

29.) Petitioner incorporates by reference the Brief in Support of petitioner's petition for Habeas Corpus.

WHEREFORE, petitioner JASON M. GADDIS moves this Honorable Court to grant the following relief:

(A) Accepting jurisdiction over this case;

(B) Require the respondent to answer the allegations in this petition & the Brief in Support;

(C) Hold such evidentiary hearing as this court may deem necessary or appropriate;

(D) Issue a Writ of Habeas Corpus Ad testificandum for this petitioner to testify on his own behalf in the event of an evidentiary hearing or as needed;

(E) Issue an order that this Court will Grant a Writ of Habeas Corpus unless the state holds a new trial within a specified time (?);

10 of 11

(f) Allow petitioner appointed counsel;

(g) Allow petitioner to proceed as a poor person;

(h) Issue a Writ of Habeas Corpus freeing Petitioner from his unconstitutional confinement.

Respectfully Submitted
JASON M. GADDIS  PRO SE

DATE: June 6th, 2007        /s/ Jason M. Gaddis
                            Reg. No. B-44293

---

CERTIFICATE OF PRO SE COUNSEL

JASON M. GADDIS, pro se, hereby certifies that the statements of facts in the accompanying petition and Brief are true to his knowledge, and that statements made on information and belief are true to the best of his knowledge & belief.

Respectfully Submitted
JASON M. GADDIS  PRO SE

DATE: June 6th, 2007        /s/ Jason M. Gaddis
                            Reg. No. B-44293

11 of 11