IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

Jason M. Gaddis
_____
Prisoner/Petitioner

v.

Eddie Jones
_____
Respondant/WARDEN

&

Lisa Madigan
_____
Attorney General

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 07-2114

BRIEF IN SUPPORT OF PETITION
FOR WRIT OF HABEAS CORPUS

Jason M. Gaddis
Reg. No. B-44293
Pontiac — Correctional Center
P.O. Box 99
Pontiac , Illinois
61764

1 of 51

# TABLE OF CONTENTS

TABLE OF CONTENTS ..............................................
INDEX OF AUTHORITIES ................................... 4-6
STATEMENT OF QUESTIONS PRESENTED .................... 7-8
STATEMENT OF THE CASE
    (A) STATEMENT OF PROCEEDINGS ....................... 9
    (B) STATEMENT OF FACTS ............................ 12
~~STATEMENT OF QUESTIONS PRESENTED~~ STANDARD OF REVIEW ....... 15
ARGUMENT

    I.) That petitioners 14ᵗʰ & 6ᵗʰ admendment rights to due process and the effective assistance of counsel were violated because, the trial court neglected to appoint counsel to assist this indigent defendant in his direct Appeal (As of right).............. 16

    II.) Petitioner argues that his 14ᵗʰ Amendment right to due process was violated due to the imposition of his consecutive sentences being based on the trial courts finding, that conduct was heinous & brutal, & that there was great bodily harm, instead of a Jury finding of fact beyond a reasonable doubt was unconstitutional ............ 22

    III.) That petitioners plea should be vacated because defendant plead guilty in an open plea under false pre-tenses because the courts statements that defendants) convictions) requires mandatory consecutive sentences was in error & thus a violation of petitioners 14ᵗʰ Amendment Right to due process .......................................... 41

    IV.) That petitioner's 14ᵗʰ Amendment right to due process was violated because the defendant was on psychotropic medication during his sentence ........................ 42

    V.) That petitioners 6ᵗʰ Amendment right to ~~effective~~ effective assistance of counsel at the trial level by counsel failing to review with defendant matters pertaining to the charges, plea & sentencing; only seeing the defendant twice for a total of 10 minutes; failed to review with defendant matters pertaining to the pre- ....... 42 cont.

2

sentence report made by Dr. Sutherland, failed to notify the court that the defendant was on psychotropic medication three days after the plea agreement & sentencing hearing; failed to notify the defendant that the state planned to use hearsay testimony of Michael Knutt; Michael Fickes & Detective Ed Culp, only to cross examine Mr. Knutt very little, & did not cross examine Detective Ed Culp or Mr. Fickes at all; failed to cross examine the victim regarding the victim perjuring herself on the witness stand & counsel failed to preserve the defendants appeal rights,

.................................................. 42

VI.) That his Armed Robbery conviction violated his 14th amendment right to due process & should be vacated because it is a lesser included offense of Attempted (1st degree) Murder,................................. 46

VII.) Petitioners 14th Amendment right to due process was violated because he was convicted of more than one Attempted (1st degree) Murder, when the convictions arose out of the same physical act & the victim was the same for each conviction,.................... 46

RELIEF SOUGHT...................................................... 49
APPENDIX AND EXHIBITS ............................................. 50

# INDEX OF AUTHORITIES

STRICKLAND V. WASHINGTON, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984) ........ 14-

PEOPLE V. BRYANT, 128 Ill. 2d 448, 539 N.E. 1221 (1989) ........ 15-

PEOPLE V. WILLIAMS, 179 Ill. 2d 331, 688 N.E. 2d 1153 (1997) ........ 15-

PEOPLE V. WILSON, 181 Ill. 2d 409, 692 N.E. 2d 1107 (1998) ........ 15-

PEOPLE V. CERVANTES, 189 Ill. 2d 80, 723 N.E. 2d 265 (1999) ........ 15-

PEOPLE V. ZEISLER, 125 Ill. 2d 42 (1988) ........ 15-

PEOPLE V. ARNA, 168 Ill. 2d 107 (1995) ........ 15-

PEOPLE V. BRITZ, 174 Ill. 2d 163 (1996) ........ 15-

PEOPLE V. MARKS, 239 Ill. App. 3d 178 (1992) ........ 15-

PEOPLE V. DOVER, 312 Ill. App. 3d 790 (2000) ........ 15-

APPRENDI V. NEW JERSEY, 530 U.S. 466, 120 S.Ct. 2348 (2000) ........ 15-

TEAGUE V. LANE, 489 U.S. 288, 109 S.Ct. 1060 (1989) ........ 17-

PEOPLE V. DeLaPAZ, 204 Ill. 2d 426, 791 N.E. 2d 489 (2003) ........ 17-

GIDEON V. WAINRIGHT, 372 U.S. 355, 83 S.Ct. 792 (1963) ........ 17-

PEOPLE V. CUNNINGHAM, 294 Ill. App. 3d 702, 229 Ill. Dec. 63, 690 N.E. 2d 1389 (1997) .... 17-

PEOPLE V. BARNES, 291 Ill. App. 3d 550, 225 Ill. Dec. 731, 684 N.E. 2d 416 ........ 18-

DOUGLAS V. CALAFORNIA, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 811 (1963) ........ 18-

EVITTS V. LUCEY, 469 U.S. 387, 105 S.Ct. 830 (1985) ........ 18-

ROSS V. MOFFIT, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed 2d 341 (1974) ........ 19-

JONES V. BARNES, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed 2d 987 (1983) ........ 19-

SWENSON V. BOSLER, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed 2d 33 (1967) ........ 19-

ANDERS V. CALAFORNIA, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed 2d 493 (1967) ........ 19-

Entsinger V. IOWA, 386 U.S. 748, 87 S.Ct. 1402, 18 L.E 2d 501 (1967) ........ 19-

BETTS V. BRADY, 316 U.S. 455, 62 S.Ct. 1252, 86 L.E 2d 1595 (1942) ........ 19-

POWELL V. ALABAMA, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed 158 (1932) ........ 19-

JOHNSON V. ZEEBST, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed 1461 (1938) ........ 19-

United States V. ASH, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed 619 (1973) ........ 19-

CUYLER V. SULLIVAN, 446 U.S. 344, 100 S.Ct. 1716 ........ 19-

PEOPLE V. CALLAHAN, 334 Ill. App. 3d 636, 778 N.E. 2d 737 (2002) ........ 23-

PEOPLE V. JOHNSON, 333 Ill. App. 3d 935, 267 Ill. Dec 101, 776 N.E. 2d 233 (2001) .... 23-

PEOPLE V. NITZ, 319 Ill. App. 3d 949, 254 Ill. Dec. 231 (2001) ........ 23-

PEOPLE V. CLIFTON, 2000 Ill. App. LEXIS 804 (2000) ........ 24-

PEOPLE V. FISHER, 184 Ill. 2d 441 (1998) ........ 24-

In Re. WINSHIP, 397 U.S. 358 (1970) ........ 24-

McMILLIAN V. PENNSYLVANIA, 477 U.S. 79 (1986) ........ 24-

JONES V. UNITED STATES, 526 U.S. 277 (1999) ........ 24-

ALMENDAREZ-TORRES V. UNITED STATES, 523 U.S. 224 (1998) ........ 25-

PEOPLE V. CLIFTON, No 1-987136  Ill. App. ct. 1st Dist. (2000) ......... 35-

UNITED STATES V. REDMANN F 3d ___, 2000 WL 1307971, 81 (6th cir. 2000) ... 35-

PEOPLE V. CARNEY, ___ Ill. App. 3d ___, ___ N.E. 2d ___ (2000) (No 1-98-4657) 38-

PEOPLE V. WALDRUP, ___ Ill. App 3d ___, ___ N.E. 2d ___ (2000) (No. 1309971) 38-

PEOPLE V. JOYNER, ___ Ill. App. 3d ___, ___ N.E. 2d ___ (2000) .......... 39-

PEOPLE V. GERCH, 135 Ill. 2d 384, 553 N.E. 2d 281 (1990) .............. 31-

PEOPLE V. WILLIAMS, 149 Ill. 2d 467 (1992) ....................... 39-

PEOPLE V. BRIALS, 315 Ill. App 3d 162, 170, 732 N.E. 2d 1109 (2000) ...... 36-

O'DELL V. NETHERLANDS, 521 U.S. 151, (1997) ...................... 36-

GRIFFITH V. KENTUCKY, 479 U.S. 314, 328, 107 S.Ct 708, 93 L.Ed 2d 649 (1971) ... 37-

PEOPLE V. WOOTERS, 188 Ill. 2d 500, 722 N.E. 2d 1102 (1999) ........... 37-

PEOPLE V. LATHION, No 1-99-0261 (2000) ......................... 37-

SAWYER V. SMITH, 497 U.S. 227, 110 S.Ct. 2822, 111 L.Ed. 2d 193 (1990) ...... 37-

BOUSLEY V. UNITED STATES, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed. 2d 828 (1998) ... 37-

PEOPLE V. BEECHEM, No. 1-99-0852 (11-8-2000) (1st Dist. 3rd Div.) (317 Ill. App. 3d 693) 38-

HILL V. COWAN, No. 90229 (Direct Appeal, St. Clair County) .............. 38-

PEOPLE V. HERRING, 324 Ill. App. 3d 458, 257 Ill Dec 727, 754 N.E. 2d 325 (2001) ... 38-

PEOPLE V. LEE, 260 Ill. Dec. 752, 762 N.E. 2d 18 (Ill App. 3d Dist. 2001) ...... 38-

UNITED STATES V. MURPHY, 109 F. Supp. 2d 1059 (D. MINN. 2000) .......... 38-

PEOPLE V. RUSH, 253 Ill. Dec 703, 757 N.E. 2d 88 (Ill. App. 2d Dist. 2000) ...... 39-

PEOPLE V. HERRING, 324 Ill. App. 3d 458, 257 Ill Dec 727, 754 N.E. 2d 325 (2001) ... 39-

PEOPLE V. KIZER, 99-0733 (1st Dist. Dec. 26, 2000) .................. 39-

PEOPLE V. ROBERTS, No. 98-3642 (1st Dist. 5th Div. 12-29-2000) .......... 39-

PEOPLE V. FLOWERS, 138 Ill. 2d 218 (1990) ...................... 39-

IVAN V. CITY of NEW YORK, ...................................... 39-

HANKERSON V. NORTH CAROLINA, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed 2d 306 (1977) ... 40-

MULLANEY V. WILBER, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed 2d 508 (1975) ...... 40-

PEOPLE V. FLORES, 153 Ill. 2d 264, 190 Ill. Dec. 1, 606 N.E. 2d 1078 (1992) ..... 40-

PEOPLE V. CABALLERO, 179 Ill. 2d 205, 227 Ill. Dec. 965, 688 N.E. 2d 658 (1997) ... 42-

PEOPLE V. MITCHELL, 129 Ill. 2d 210, 727 N.E. 2d 254 (2000) ........... 42-

PEOPLE V. DAVIS, 145 Ill. 2d 240, 582 N.E. 2d 714 (1991) ............. 42-

PEOPLE V. SANCHEZ, 169 Ill. 2d 472, 662 N.E. 2d 1199 (1996) ........... 43-

PEOPLE V. ORANGE, 168 Ill. 2d 138, 659 N.E. 2d 935 (1995) ............ 44-

ROE V. FLORES-ORTEGA, 528 U.S. 1069, st 1463, 145 L.Ed. 2d 985 (2000) ...... 44-

U.S. V. PHILLIPS, 210 F.3d 345 (5th Cir. 2000) .................... 45-

U.S. V. PEAK, 992 F.2d 39 (4th Cir. 1993) ....................... 45-

PEOPLE V. PITSONBARGER, 142 Ill. 2d 353, 568 N.E. 2d 783 (1990) ........ 46-

PEOPLE V. MACK, 105 Ill. 2d 35, 473 N.E. 2d 880 (1987) .............. 46-

PEOPLE V. SMITH, 78 Ill. 2d 298, 399 N.E. 2d 1289 (1980) ............ 47-

PEOPLE V. BROWN, 218 Ill. App. 3d 890, 578 N.E. 2d 1168 (1991) ........ 47-

PEOPLE V. RODRIGUEZ, 267 Ill. App 3d 943, 641 N.E. 2d 939 (1st Dist. 1994) . . . . . . 47
PEOPLE V. WILLIAMS, 143 Ill. App 3d 658, 493 N.E. 2d 369 (1986) . . . . . . . . . . . 47

STATEMENT OF QUESTIONS
PRESENTED

1.) Whether the petitioners 14th & 6th Amendment rights to due process & the effective assistance of counsel were violated because, the trial court neglected to appoint counsel to assist this indigent defendant in his direct Appeal, (as of right)?

Petitioners Answer . . . . . . . . . . "YES"

2.) Whether trial courts finding of conduct being heinous & brutal, & the great bodily harm was unconstitutional?

Petitioners answer . . . . . . . . . . "YES"

3.) Should petitioners plea of guilty be vacated, where he took this plea under false pretenses?

Petitioners answer . . . . . . . . . . "YES"

4.) Was petitioners 14th Amendment right to due process where the court was not notified of him being on psychotropic medication at his sentence hearing?

Petitioners answer . . . . . . . . . . "YES."

5.) Was petitioners trial counsel ineffective under the two prong test in Strickland as alleged in argument?

Petitioners answer . . . . . . . . . . "YES"

6.) Is the Armed Robbery Conviction a violation of his 14th Amendment where it is a lesser included offense?

Petitioners answer . . . . . . . . . . "YES"

7.) Was petitioners right to due process where he was convicted of more than one Attempted (1st degree) murder & the victim, time, location, weapon & intent the same?

Petitioners answer . . . . . . . . . . "YES."

8.) Whether the petitioner has a right to a direct Appeal in Illinois, where the petitioner was indigent at the time of trial & he requested counsel?

Petitioners answer . . . . . . . . . . "YES"

9) If petitioner had a right to appeal should counsel have been appointed where the petitioner was indigent?

Petitioner Answer........."YES."

10) If this court finds that this petitioner had a right to an Appeal & the appointment of counsel, should his appeal as of right be reienstated as a new Appeal starting from October 30th, 1996?

Petitioner Answer..........."YES."

11.) If the answer is YES to question number (10) would the "apprenti" then apply to petitioner because in fact petitioners direct wouldn't have been final. If so, does the retroactive bar be waived in this petitioners case?

Petitioner believes so.

8 of 51

STATMENT OF THE CASE

## A. STATEMENT of PROCEEDINGS

1.) Petitioner JASON M. GADDIS took an open plea, in MACON County, Illinois before the Honorable Judge Jerry L. Patton. Petitioner plead guilty to:

Count I Attempted (1st degree) MURDER, ILCS 730 5/8-4(A) 20 years consective to:
Count II Attempted (1st degree) MURDER, ILCS 730 5/8-4(A) 20 years consecitive to:
Count V Armed Robbery, ILCS 730 5/18-2(A) 6 years .... for a total of 46 years.

THE state dismissed:

Count III Armed Violence, ILCS 730 5/33 A-2
Count IV Armed Violence, ILCS 730 5/33 A-2
Count VI Aggravated Vehicular hijacking, ILCS 730 5/18-4(A)

The plea hearing was on September 16th, 1996 (&) the sentencing hearing was on October 1st, 1996.

2.) Petitioner GADDIS was jointly sentenced with co-defendants Jody Rindezer (&) Ian Pitts.

3.) On October 30th, 1996, this petitioner filed (in a timely fashion) these documents:
ⓐ Notice of filing; (EX.1)
ⓑ Notice of Appeal; (EX.2)
ⓒ Motion to proceed in forma pauperis and Appointment of counsel; (EX.3)
ⓓ Verification of certification; (EX.4)
ⓔ Proof of Service; (EX.5)

All said documents) were sent to the circuit clerk of MACON county; Kathy A. Hott; Macon County States Attorney, Lawrence Fichter as well as the Attorney General of Illinois, Jim Ryan. ⌐ The state/court allowed this petitioner to proceed informa pauperis, but

neglected to appoint counsel to help defendant in his appeal as of right.

4.) On July 8th, 2003 petitioner filed a Post-trial motion Attacking a VOID judgement. On July 16th, 2003 Post-trial motion was denied.

5.) On November 17th, 2003 petitioner filed a Post-Conviction. On April 6th, 2005 the circuit court denied Post-Conviction.

6.) On April 22nd, 2005 petitioner filed a timely *notice of Appeal. On August 1st, 2006 Appeal was dismissed.

   *May the Court please note that:

A.) In this "Notice of Appeal" filed on; August 22nd, 2005, this petitioner requested his transcripts.

B.) On the 19th of August, 2005, I recieved in the mail a package containing my court documents as requested.

C.) I notified Mrs. Arden Lang (ASSISTANT DEPUTY DEFENDER) from the 4th Judicial Dist. for the Appellate Courts. That I was having problems with mail (problems with the courts documents (See Grievance 3-31-2005 (EX.19),); ... And that the legal package contained evidence to support the Appeal. (EX.20-23)

D.) Thus I wasn't able to raise the issue at that time of Appeal filed on August 22nd, 2005, this petitioner then filed additional Post-Conviction in order to preserve my issue for Review. This second post-conviction does have merrit & should be reviewed.

7.) On or around the 15th of August, 2006 petitioner filed a petition for re-hearing, said hearing was denied on August 22nd, 2006.

8.) This petitioner filed a motion for leave to file a late petition for leave to appeal on the 9th of Febuary, 2007 on the 23rd of March, 2007 petitioner was granted.

9.) This petitioner also filed a Petition for leave to Appeal at that

2:

time ($) on May 31st, 2007; Petition for leave to Appeal was denied.

10.) On June 4th, 2007; this petitioner filed a Post-conviction as well as other related documents & motions. In order to preserve his issues before going to a Federal Habeas Corpus.

<u>ISSUE RAISED IS SUPPORT
OF POST-CONVICTION:</u>

I.) That petitioners 14th ($) 6th Amendment Right(s) to due process (and) the effective Assistant of counsel were violated because, the trial court neglected to appoint counsel to assist this indigent defendant in his DIRECT APPEAL-(AS OF RIGHT). <u>(pg. 7 of 16 in Brief in support of Post-Conviction relief.)</u> Also <u>(pg. 3 of 7 in Petition for Post-Conviction relief.)</u>

Ⓐ This petitioner also stated in his Petition for Post-Conviction Relief:

"This petitioner argues that he did not have proof that he had asked for counsel & did not wish to purge himself in his 1st Post-Conviction. That this new evidence wasn't discovered until after the post-conviction was heard & dismissed." <u>pg. 3 of 7 at (16)</u>

"Where habeas Corpus petitioner files second or subsequent application for habeas relief in which he alleges errors which could have been presented in prior proceedings, he must demonstrate "cause" for failure to raise the error & actual prejudice resulting from claimed errors; even where cause & prejudice are absent, federal courts may entertain successive claims if necessary to prevent fundamental miscarriages of Justice. Rules Governing § 2254 cases, Rule 9(b), 28 U.S.C.A. foll § 2254" <u>pg. 4 of 7 at (21)</u>

"This petitioner prays to preserve the issues brought in this petition, so that he is not barred from federal Habeas Corpus. And prays to give the circuit court an adequate chance to challenge these Allegations" <u>pg. 4 of 7 at (23)</u>

"It wasn't until after the post. was denied and I filed a notice of appeal was I able to prove in the state's own records) that I had in fact Requested counsel, I recieved these documents August 19th, 2005 See Attached Exibits in petitioners Brief in Support for Post-Conviction relief." b.of 7 at (3)

"This issue couldn't have been adaquately argued by this petitioner with out the Proof needed to show the court." b.of 7 at (4)

"This petitioner didn't want to commit Purjury in this court So with out proof or record to support claim he chose no to raise this issue" b.of 7 at (5)

11.) On June 4th, 2007 a Brief in support of Post-Conviction relief was also filed as well as all Attached EXIBITS.

12.) This petitioner now files a Petition for Habeas Corpus raising issues that were raised in his 1st post-Conviction & Also the issue raised in the second post-conviction.

BECOUSE of the situation this petitioner prays that this HONORABLE court Review this issue before making a decision on the "state remedies".

## B. STATEMENT of FACTS

1.) At petitioners guilty plea (9-16-96) the state & petitioners counsel told him that the charges he is pleading guilty to are mandatory consecutive sentences. Having blind faith in his counsel petitioner plead guilty to so called mandatory Consecutive sentences.

THE COURT: "All three of these are class X felonies. That means the possibility penalty could be a period of 6 years not to 30 years with a mandatory parole period of 3 years. And if I Recall correctly, I think these are mandatory consecutive sentences." (At plea Pg. 4 L 8-13)

(MR. CURRENT)
THE STATE: "There is a few more -- He is eligible for a possible extended

2

sentence for each class felony which would make it 30 to 60 years. The total exposure he is facing by statute would be 120 years. And if we also believe he should be admonished that he'll have to serve 85 percent of the time that the court rules out due to the nature of the great bodily harm suffered by the victim. (At plea pg. 4 L 33-34 / pg 5 L 1-6)

2.) Petitioner was sentenced to a combined sentence of 46 years for:

(Ct. I) Attempted (1st degree) Murder 20 yrs, consecutive to 20 years for (Ct. II) Attempted (1st degree) Murder, consecutive to 6 years on (Ct. V) Armed Robbery.

THE COURT: "And they each would qualify for extended term because the court does find this behavior on this victim was exceptionally brutal & heinous. And the court also finds that the victim did suffer great bodily harm." (At sentencing pg. 76 L 1-5)

3.) After the sentencing on October 1st, 1996, petitioner was transferred to Graham Correctional where he filed a Notice of Appeal, motion to proceed in forma pauperis and Appointment of counsel. And other supporting documents (EX 1-5) in attempt to secure his appeal as of Right.

4.) Petitioner was allowed to proceed in forma pauperis, but no counsel was ever appointed. Soon after petitioners appeal was dismissed for failure to file a docketing statement.

5.) Petitioner raised the same grounds / issues as set forth in record in the post-conviction & argued in the appellant Brief.

6.) On September 28, 2004, the state filed a "motion to dismiss petition for post-conviction relief" (Vol I, C. 113-224) The state in its own motion to dismiss stated:

"Petition was not timely filed. (2) The defendant failed to attached necessary affidavits. (3) The defendant did not explain the grounds that could have been presented in a motion to withdraw guilty plea or motion to reconsider sentence which is necessary to show a substantial showing of a constitutional violation. (4) Apprendi does not apply

retroactively & by pleading guilty the defendant has waived any Apprendi violations. (5) A deprivation of a statutory right is not a proper claim under the Post-Conviction Hearing Act. (6) The defendant's failure to recieve a hearing to determine his fitness to stand trial or sentencing while under psychotropic was not a constitutional violation & is not cognizable in a petition for post-conviction relief. (7) The mere ingeston of psychotropic medication does not give rise to a bona fide doubt of the defendant's fitness requiring a fitness hearing. (8) That counsel's error, if any, did not meet the two part test of _Strickland V. Washington_, 466 U.S. 668, 104 S.Ct. 2052, 80 L.E.2d 674 (1984) to determine ineffective assistance of counsel. (9) The court correctly admonished the defendant at the time of his plea. (10) The testimony of Victoria Bridgeman, at the defendant's sentencing hearing established that severe bodily injury was inflicted on her. (11) The issue that armed robbery was a lesser included offense of Attempted (1st degree) Murder & that the (2 counts) of Attempted (1st degree) Murder was bases on the same physical act were both raised in the defendant's post-trial motion attacking a void judgement, and were denied; therefore, the issues are res judicata, & if not res judicata, then the defendant's argument on these ~~are~~ issues are wrong."

6.) On April 6th, 2005, the state's motion to dismiss petition for Post-Conviction Relief was granted. (_Vol. I, 249_)

7.) Petitioner asserts that he has proceeded with due dilligence in order to preserve all his issues & to allow the state court to attack theses issues. This petitioner also asserts that he only has 1-year to file this Federal Hebeas Corpus from the 31st of May 2007 (&) Between the circuit court & Appellate court the issue brought forth in the second post-conviction may take longer than allowed to proceed to a Federal Hebeas. And this petitioner only prays to reserve his rights to a Federal Hebeas Corpus.

8.) That every issue in this Hebeas Corpus, has been brought forth to the State. And is now at issue here.

14 of 51

2

# STANDARD OF REVIEW

1.) The unconstitutionality of a statute may be raised at any time, People V. Bryant, 128 Ill. 2d 448, 539 N.E. 1221 (1989). A challenge to a trial courts statutory authority to impose a particular sentence is not waived when defendant fails to withdraw his guilty plea & vacate the judgement, People V. Williams, 179 Ill. 2d 331, 688 N.E. 2d 1153 (1997); People V. Wilson, 181 Ill. 2d 409, 692 N.E. 2d 1107 (1998). The clear implication of Wilson is that whenever a defendant challenges the trial courts statutory authority to impose a particular sentence, those contentions are not subject to waiver. A constitutional challenge to a statute recieves de NOVO review. People V. Cervantes, 189 Ill. 2d 30, 723 N.E. 2d 265 (1999); An (un)constitutional statue is VOID Ab iNiTO; as though it had never been passed, People V. Zeisler, 125 Ill 2d 42 (1988). A void judgement may be attacked at any time, People V. Arna, 168 Ill. 2d 107 (1995). In addition, courts will relax the waiver rule when fundamental fairness so requires, People V. Beitz, 174 Ill. 2d 163 (1996). People V. Markes, 239 Ill. App. 3d 178 (1993).

2.) However, while foreclosing the argument on collateral attack that extended-term sentencing are excessively lengthy does not preclude the defendant attacking his sentence on the ground that it was ~~constit~~ ~~statutory~~ unauthorized People V. Williams, 179 Ill. 2d 331 (1997) People V. Dover, 312 Ill. App. 3d 790 (2000), remanded for Re-sentencing because the trial court mistakenly believed that the statute required consecutive sentencing. While defendant may have waived the rights to challenge his convictions by pleading guilty, he did not waive his right to challenge his sentence on the basis that it was unauthorized. Eg. Williams.

3.) Petitioner asserts that his consecutive-term prison sentence of 46 years consecutive (20+20+6) is unconstitutional & must be vacated under the United State's Supreme Courts decision in Apprendi, the imposition of his consecutive sentences were (un)constitutional because they violated his rights to due process, & trial by jury.

4.) Petitioner also asserts that he has been prejudiced by the deficiency in the indictment. Had the petitioner known that the statute was unconstitutional he wouldn't of plead guilty.

# ARGUMENT

I.) THAT petitioners 14th & 6th Amendment rights to due Process
& the effective assistant of counsel were violated because,
the trial court neglected to appoint counsel to assist
this indigent defendant in his direct appeal (as of right).

* This petitioner prays to argue this argument in CRONOLOGICAL order, the
events in order to attempt an adequate argument thats easier to
understand.

1.)    On October 1st, 1996; this petitioner was sentenced to 20 years on
count I Attempted (1st degree) Murder to be ran consecutive with count II
Attempted (1st degree) Murder 20 years to be ran consecutive to the 6 years
on Armed Robbery, for a total of 46 years.

2.)    This petitioner requested at his sentence that his trial counsel file a notice
of appeal, that I was willing to challenge my sentence. Counsel (Mr. Mark Morth-
land) refused to do so, leaving his client to file it pro-se.

3.)    On October 16th, 1996; this petitioner was sentenced to Graham Correctional
center.
       On October 30th, 1996; this petitioner filed these documents & motions.
              NOTICE OF FILING ; (EX.1)
              NOTICE OF APPEAL ; (EX.2)
              MOTION TO PROCEED IN FORMA PAUPERIS & APPOINTMENT OF COUNSEL ;
              VERIFICATION OF CERTIFICATION ; (EX.4) &              ·· (EX.3)
              PROOF OF SERVICE ; (EX.5).

4)    All said documents were sent to the circuit clerk of Macon County, Illinois
Mrs. Kathy A Holt ; Macon county states attorney, Lawrence Fichter & The Attorney
General of Illinois, Jim Ryan.

5.)    The state allowed this petitioner to proceed in Forma Pauperis ; however,
failed to appoint counsel on direct appeal (as of right).

6.)    This petitioners direct appeal (as of right) was dismissed for failure to file a
docketing statement. Had counsel been appointed, on this petitioners own motions
(EX "1-5) he would have been able to attack the consitutional aspects of his
sentence. This petitioner asserts that his right(s) to an appeal was violated
because no counsel was appointed. Had his trial counsel help to perfect the
appeal (OR) if the court would have granted defendants own to motion for
the appointment of counsel (EX-3) ; as well as requests with in the notice of
Appeal. Eg: At (3) If Appellant is indigent and has no attorney on appeal, does
he want one appointed by the court? YES ; That he is without sufficient funds

⌐ 16 of 51

, real or personal estate, income, or other assets which to pay the cost of these proceedings, or to employ an attorney to represent him in this matter. EX. 3 At 2 ; & That this defendant is not an attorney and as such does not possess sufficient knowledge or legal skills to represent himself, & ask that this Court appoint legal counsel to assist him in this cause. [at (3)] And in the closing WHEREFORE, defendant prays that this Court grant his motion to proceed in forma pauperis and to appoint legal counsel in the above entitled cause. (EX. 3). ~ that this petitioner would have been able to raise issues that he may be barred from, by either procedural default or by New Rule Cases that was up held by TEAGue V. Lang., 489 U.S. 288, 109 S.Ct. 1060 (1989) See, People V. De La Paz, 204 Ill. 2d 436, 791 N.E. 2d 489 (2003) Held that Apprendi issues didn't apply retroactively to those persons whose DIRECT APPEAL had became final & who were on collateral attack. ~ HAD petitioners counsel filed a direct Appeal (or) had the court not neglected petitioner to the RIGHT TO COUNSEL (AS OF RIGHT) on defendants own Motion (EX"1·5); This defendant would be able to raise issues that concern APPRENDI because , his appeal may not have been final by the time of the decision on Apprendi V. New Jersey, 530 U.S 466, 120 S.Ct 2348 (2000).

7.)    This petitioner claims that the was deprived of his right to counsel by the negilance of the circuit court in which he was sentenced. In Gideon V. Wainright, 372 U.S. 355, 83 S.Ct. 792 (1963). The court ruled on Due process grounds, that the state NEEDED to appoint counsel for poor defendants facing criminal charges.

8.)    This petitioner claims that the violation of Due Process & Effective Assistance of Counsel upheld by the U.S. Consitution(s) 14th & 6th Adnedment(s) is not a New Rule. And therefore asks that this court apply well established law to a non-exceptional fact pattern.

9.)    This petitioner claims that the violation of his 6th & 14th Adnedment(s) that are secured by the U.S. Consitution, DID HARM petitioner & had taken away his right to a fair trial. The error that occurred was in fact not "HARMLESS". Petitioners life & freedom is at stake here. Had counsel been appointed things may have been diffrent. At least to a chance to a fair trial as protected by the U.S. Consitution.

10.)    This petitioners claim DOES SHOW "CAUSE" because petitioner did have a constitutional right to counsel on direct appeal. Supreme Court rule: Rule 604(d); requires a trial court to ask a defendant whether he desires the assistance of counsel for proparation of post-plea motions if the defendant manifests an interest in appealing. Rule 604 (d) also provides that after a defendant moves to withdraw a guilty plea, the trial court must appoint counsel if the defendant is indigent & desires counsel. People V. Cunningham, 294 Ill. App. 3d 702, 229 Ill. Dec. 63, 690 N.E. 2d 1389 (1997), hold that after a defendant is

moves to withdraw a guilty plea, the trial court must appoint counsel if the defendant is indigent & desires counsel. Also in <u>Cunningham</u>, it is well settled that fundamental fairness requires that a defendant receive the assistance of counsel to "pre-pare & present" a post plea motion. Barnes suggest that a defendant need only demonstrate a desire to seek relief from the judgement to effectively request counsel for preparation of post plea motions. <u>People V. Barnes</u>, 291 Ill. App. 3d 550, 225 Ill. Dec 731, 684 N.E. 2d 416. It is a requirement held in <u>Barnes</u> that a trial judge investigate whether a defendant desires counsel when the defendant manifests an interest in appealing his judgement & sentence, even if the defendant does not comply with Rule 604 (d) "written motion requirement. ~ This petitioner failed to withdraw a guilty plea, but did comply with the Supreme Court Rule 604(d)" 30-day limit. At which time petitioner filed his Notice of Appeal & a motion to proceed in forma Pauperis & Appointment of Counsel. This petitioner argues that he is entitled to a remand because procedural due process requires that he subjectively understand the Rule 605 (b) admonitions. That the trial court ~~appoint~~ ~~counsel~~ ~~for~~ ~~defendant~~ fully complied with Rule 605(b) when he recited the rule admonitions. Had trial court appoint counsel for defendant, the defendant would of had an adequate chance at direct appeal. <u>Douglas V. Calafornia</u>, 372 U.S. 353, 83 Sct. 814, 9 L.Ed 811 (1963), established that an indigent criminal defendant has a right to appointed counsel in his 1st Appeal, as of right in state court. ~ Said petitioner was indigent at the time of his trial ~thus~ he was appointed counsel at the time of his trial.
    *note   COVER SHEET to Report of Proceedings at Plea of Guilty.
          MR. MARK MORTHLAND / PUBLIC DEFENDER was
    representing this petitioner (Jason M. Garkis).

11.)    In <u>Evitts V. Lucey</u>, 469 U.S. 387, 105 S. ct. 830 (1985), held that this RIGHT encompasses a right to effective assistance of counsel for <u>all</u> criminal defendant in their 1st Appeal Right.

        THE DUE-PROCESS CLAUSE of the FOURTEENTH AGMENDMENT
        GUARANTEES A CRIMINAL DEFENDANT THE EFFECTIVE
        ASSISTANCE of COUNSEL on his 1st APPEAL AS OF RIGHT.

12.)    Nominal representation on an appeal as of right- like nominal representation at trial - does not suffice to render the proceeding constitutionally adequate; a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all. A first appeal as of right therefore is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney. The promise of <u>Douglas V. Calafornia</u>, that a criminal defendant has a right

                        18 of 51

2

to counsel on his first appeal as of right - like the promise of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed 2d 799, that a criminal defendant has a right to effective assistance of counsel. ~ Just as a transcript may by rule or custom be a prerequisite to appellate review, the services of a lawyer will for virtually every layman be necessary to present an appeal in a form suitable for appellate consideration on the merits. See, Griffin supra, 351 U.S. at 20, 76 S.Ct. at 591. Therefore Douglas v. California, supra, recognized that the principles of Griffin required a state that afforded a RIGHT of APPEAL to make that appeal more than a "meaningless ritual" by supplying an indigent appellant in a criminal case with an attorney. ~ This right to counsel is limited to the first appeal as of right, see Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 34 37, 41 L.Ed 2d 341 (1974). And the attorney need not advance every argument, regardless of merit, urged by the appellant, see Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed 2d 987 (1983). But the attorney MUST be available to assist in "preparing & submitting a brief, to the appellate court", Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed 2d 33 (1967, And must play the role of an active advocate rather a mere friend of the court assisting in a detached evaluation of the appellant's claim. See Andes v. California, 386, U.S. 738, 87 S.Ct. 1396, 18 L.E 2d 493 (1967) See also Entsminger v. Iowa, 386 U.S. 748, 87 S.Ct 1402, 18 L.E 2d 501 (1967).

13.) Gideon v. Wainwright, supra, held that the Sixth Amendment right to counsel was "SO FUNDAMENTAL" & essential to a fair trial, & so to due process of law, that it is MADE OBLIGATORY upon the states by the 14th Amendment", "Id., 372 U.S. At 340, 83 S.Ct. 794, quoting Betts v. Brady, 316 U.S. 455, 62 S.Ct.1252, 86 L.Ed. 1595 (1942); See Also Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1930); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed 1461 (1938) ~ Gideon rested on the "obvious truth" that lawyers are "NECESSITIES, Not LUXURIES" in our Adversarial system of criminal Justice, 372 U.S. At 344, 83 S.Ct. At 796 "The very premise of our adversary system of criminal justice is that partisan advocacy on both sides of a case will best promote the ultimate objective that the guilty be convicted & the innocent go free. United States v. Ash, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed 617 (1973) a criminal trial is thus NOT CONDUCTED IN ACCORD WITH DUE PROCESS of LAW UNLESS the DEFENDANT has COUNSEL TO REPRESENT HIM. It has long been Recognized that the right to counsel IS THE RIGHT to the effective Assistance of counsel. See Cuyler v. Sullivan 446 U.S. 344, 100 S.Ct. 1716.

14.)    In bringing an appeal (AS OF RIGHT) from his conviction, a criminal defendant is attempting to demonstrate that the conviction, with its consequent drastic loss of liberty, is unlawful. To prosecute the Appeal, a criminal Appellant must file an adversary proceeding that - like a trial - is governed by intricate rules that to a layperson would be hopelessly forbidding. An unrepresented appellant - like an

unrepresented defendant at trial — is unable to protect the vital interests at stake. To be sure, respondent did have nominal representation when he brought this appeal. But, nominal representation on an appeal as of right — like nominal representation at trial — does not suffice to render the proceedings constitutionally adequate; a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all.

15.)   This petitioner argues that had the trial court not neglect to appoint him counsel on his direct Appeal (as of right) he wouldn't have had his appeal dismissed for not filing a docketing statement **(EX.7)**

16.)   On November 20th, 1996; I (this petitioner) was transfered to Menard C.C. in which was on lock down due to the law-out of the Richard Speck tapes that surfaced earlier that year. When the Appellate court first contacted me, the letter had to be forwarded from Graham C.C. to Menard C.C. * Note the date & address on **(EX.8)** at this time I was at Menard C.C.,. When I had recieved notice none of the time has already passed. In NOT A lawyer or did I have any prior knowledge or assistants to these legal matters. (I'm learning as we go) I wrote several request to the law library at Menard C.C. to try to find out what this Rule 312 Docketing Statement was. Also I wrote the Appellate court to let them know that I don't have any notice of an attorney that should of been appointed as of yet, that I need help. I don't have any proof of theses letters, And I don't know if I can obtain a copy of then from the Appellate court its been many years. ~ No response was ever given. No para-legals were allowed out of there cell because of the institutional lock-down. My hands were tied & my education limited. Soon after on Dec. 31st, 1996; the appeal was dismissed ... **(EX.7)**

17.)   While I was in seg there was a problem & in my own ignorance caused a fire to which several court documents were destroyed **(EX.9)** at January 6th, 1998. On the 1st of May; I filed a motion for Trial transcripts & common law records. Only transcripts were sent. ~ Soon after I began writing several letters to private attorneys, requesting them to help me get my appeal reinstated.

18.)   On January 28th, 2001; Mr. Kalman Carl Minkus (Attorney at Law) contacted me by letter requesting information about my case, **(EX.10)**. & again on the 5th, of April, 2001; explaining to me that he was going to prepare a "post-conviction" Pro-se with direction if I agreed, **(EX.11)**. I agree & this was the 1st time I had even heard of a "post-conviction".

19.)   On the 31st of May a MR. Orenstein (Appellate Defender) wrote saying that he has spoken to Mr. Minkus & he was asked to contact me, **(EX.12)**. Mr. Orenstein is an Assistant Appellant Defender from the 1st Judicial District.

20.)   On July 23rd, 2001; Mr. Orenstein contacts me to let me know that he hasn't forgotten about me & that he was planning to draft a "Motion for a

Supervisory Credive had, didn't know when, (EX.13).

21.) On August 7th, 200-; Mr. Orenstein wrote saying that he had contacted the (4th district of Appeals) clerk Office & that they told him that "I HAD NOT REQUESTED COUNSEL," (EX.14). ⟶ This shows that the trial court was at error! In Exhibit #2 Line (3), #3. in the title of the motion & within the body Line 2, 3 & 4. This petitioner clearly requested counsel.

22.) When Mr. Orenstein wrote & told me this, I didn't have any proof. Because of, the fire in Menard C.C.,. this petitioner asserts that his intent to secure his right to an adequate appeal has been sought with due diligence. And that the fact of Procedural default has hindered this petitioner of his u.s. Constitutional 6th & 14th Admendment Rights to Due Process & Appointment of counsel. And as well as his right to an Appeal as of Right.

23.) After funding out that the (4th district of Appeals) had never had the record that I filed a motion requesting to proceed as a poor person & for counsel. I wrote the clerk of Macon County Kathy A. Hott on June 25th, 2009, (EX.15). The clerk on the court never responded, but did stamp filed the letter.

24.) So I was lead to the understanding that maybe I didn't request counsel. but, I was so sure. I couldn't bring it up in my Post-conviction with out proof.

25.) Around the middle of July, 2009; I wrote to the (4th Judicial District) Appellate Defenders office. On the 17th of July, 2009; Karen Munoz Assistant Defender responded. She said, that I could have requested the appointment of counsel & because I had a public defender at trial (Ex. #6) that I wouldn't of had a problem obtaining counsel, (EX.16);

26.) On August 5th, 2009; I recieved another letter again from the (4th Judicial District) saying that, "I was responsible for my appeal because I filed the Notice of Appeal (Pro-se), (EX.17) ⟶ This petitioner argues that had he not file a Notice of Appeal he wouldn't be able to Appeal at all. And only in trying to protect his Appeal as of Right filed it pro-se, because there wasn't any other way, his trial counsel had abandoned him.

27.) On June 9th, 2003; Mr. Orenstein Assistant Appellent Defender wrote that he cannot help because my case was closed, (EX.18).

28.) This petitioner then went back to scratch & attempted to file a Post-trial Motion Attacking a Void Judgement & once that was denied filed a post-conviction on his own Pro-se.

29.) On September 28th, 2004 the state filed a motion to dismiss, & on the 5th of April 2005 the court dismissed the Post-conviction.

30.) On April 22, 2005 this petitioner filed a Notice of Appeal.

31.) I soon after on August 11th, 2005 recieved the Transcripts & common law records as requested in the notice of Appeal. Correction* that was on the 19th of August, 2005. On the 21st of August, this petitioner filed a grievance, about

2

the mail handling of that transcript package / Mail handling. (EX. 19)

32.)    On October 31st, 2005 This petitioner wrote Mr Arden J. Lang / Assistant Deputy Defender of the (4th Judicial Dist.); (EX. 20 - 23)

RE: PROBLEMS w/ Correspondence to the courts & issues concerning, "NEWLY FOUND EVIDENCE" to support my Appeal.

～ PLEASE ACKNOWLEDGE ARGUMENT THEREIN ～ (EX "20-23"

33.)    In the bundle of court papers I discovered a stamped filed copy of my Notice of Appeal & PROOF that I did request counsel. That the courts had neglected me & that I was lied to & misslead because of my lack of knowledge to the law at the time.

34.)    "Due to the neglect of the trial court. This petitioner was denied counsel to help with the direct appeal. In which Ultimatly denied this petitioner of a fair trial. Both violating his 6th & 14th Admendment rights"

---

II.   Petitioner argues that his 14th Amendment right to due process was violated due to the imposition of his consecutive sentence being based on the trial courts finding, that his conduct was heinous & brutal, & that there was great bodily harm, instead of a jury finding of fact beyond a reasonable doubt was unconstitutional.

1.)    Petitioner, Jason M. Gaddis; asserts that the Illinois consecutive sentence statute 730 ILCS 5/5-8-4(a), has been declared unconstitutional by the United States Supreme Courts decision in Apprendi v. New Jersey, 120 S.Ct. 2348 (2000). Apprendi held that the constitution requires that any fact that increases the penalty for a crime beyond the perscribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury & proven beyond a reasonable doubt. Apprendi, 120 S.Ct. 2348, 2362-2363. It is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is clear that such factors must be established by proof beyond a reasonable doubt. Apprendi, at 2363

2.)    Under Illinois consecutive / concurrent statute, during the sentencing phase, a Judge may increase the maximum term if the judge finds any one of the dozens of "factors of Aggravation" specified in 730 ILCS 5/5-8-4(a),

2

for example: one such factor is when a defendant is convicted of a felony & the court finds that the defendant inflicted severe bodily injury. In sentencing petitioner to a consecutive term of 46 years the Honorable Jerry L. Patton specifically stated:

THE COURT : "And they each would qualify for extended term because the <u>court does find</u> this <u>behavior</u> on this victim was <u>exceptionally brutal & heinous</u>. And the <u>court does also find</u> that the victim did suffer <u>great bodily harm</u>." (At sentencing pg. 76 L1-5)

3.) The majority of Illinois Appellate Court decisions have held that <u>Apprendi</u> prohibits a trial court in a non-capital case from imposing a sentence beyond the normal range merely because it finds the defendant engaged in exceptionally brutal (or) heinous behavior if that aggravating factor is not submitted to a jury & proved beyond a reasonable doubt, see <u>People V. Callahan</u> 334 Ill. APP. 3d 836, 778 N.E. 2d 737 (2000); <u>People V. Johnson</u>, 333 Ill App 3d 935, 267 Ill. Dec. 101, 776 N.E. 2d 238 (2001) In these cases, the findings of brutality & wanton cruelty improperly increased the defendant's exposure to greater punishment. As noted by the courts in <u>Nitz</u>, the trial judge made a factual finding that increased the range of penalties, thus increasing defendants exposure to punishment. <u>People V. Nitz</u>, 319 Ill App 3d 949, 254 Ill. Dec. 281 (2001).

4.) What the Supreme Court clearly stated in <u>Apprendi</u> was that the constitution requires that any fact that increases the penalty for a crime beyond the prescribed maximum, other than the fact of a prior conviction, must be submitted to a jury & proven beyond a reasonable doubt. 120 S.Ct. 2348. In other words, any factor, other than prior convictions used to increase a persons sentence beyond the statutory minimum, <u>must</u> be proved beyond a reasonable doubt & submitted to the jury. In this petitioner's case that means that the heinousness & the brutalness nature of the case as well as the great bodily harm should have been proved beyond a reasonable doubt & not determined by the judge by a preponderance of the evidence. Prior convictions need not be proved beyond a reasonable doubt. <u>Apprendi</u> still applies to cases involving prior convictions, it just says that not proving prior convictions beyond a reasonable doubt is ok & does not run afoul of the Constitution.

5.) Though sections 5/5-5-3.2, (5/5-8-4) & 5/5-8-2 does not enhance a sentence for any particular crime, it does extend the range of sentence for any particular crime, it does extend the range of sentence to which a defendant may be exposed for a given course of conduct upon a judicial find of certain facts.

6.) These sentencing provisions violate constitutional guarantees of due process and trial by jury, because they subject defendants to greater punishment based upon facts that were not charged in the indictment, submitted to a jury, or proven beyond a reasonable doubt, U.S. Const. Amends. V, XVI; Apprendi v. New Jersey, 120 S.Ct. 2348 (2000).

7)     In light of the United States Supreme Court's decision in Apprendi, it is clear that petitioners' consecutive sentences were improper & unconstitutional. In further support of this position is People V. Clifton, 2000 Ill. App. Lexis 804, * 66 (September 29, 2000), where the Appellate Court of Illinois, determined that under Apprendi, Illinois' statute 730 ILCS 5/5-8-4, allowing a person to be sentenced to consecutive if a judge finds that the person inflicted serious bodily harm, to be unconstitutional, People V. Clifton * 73. The court stated that it was difficult to distinguish between a statute enhancing an individual sentence from a statue requiring an extended period of incarceration, albeit through stacking of two non-enhanced sentences, Clifton, at * 68. Furthermore, the stigma & loss of liberty attached to a set of offenses where no such bodily harm occurred. Clifton, at * 71.

APPLYING APPRENDI, UTILIZING THE LOGIC OF CLIFTON, to ILLINOIS'

8.)     Because the statutes at issue here were VOID ab INITO, petitioners consecutive sentences were unauthorized, & he is entitled to be re-sentenced to a maximum term of 30 years imprisonment for count I & II Attempted (1st degree) Murder & for count II Armed Robbery to be ran "concurrent" with eachother under Apprendi & the laws prior to the enactment of P.A. 84-1450.

9.)     People V. Zeisler, 125 Ill. 2d 42 (1988). The constitutionality of a statute is a question of law & should be review de novo. People V. Fisher, 184 Ill. 2d 441 (1998).

DUE PROCESS

10.)     The due process clause requires that the finding upon which defendant's sentence was based must be proved to a jury beyond a reasonable doubt. In Re. Winship, 397 U.S. 358 (1970) This does not apply to statutes that merely create a sentencing factor, rather than the underlying offense. See, McMillian V. Pennsylvania, 477 U.S. 79 (1986). The United States Supreme Court has expressed serious doubt concerning the constitutionality of ever allowing penalty-enhancing findings to be determined by a judge acting on a preponderance of the evidence. Jones V. United States, 526 U.S. 377, (1999). (Under the due process clause of the 5th Amendment & the notice & trial guarantees of the Sixth Amendment), "Any fact" (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury & proven beyond a reasonable doubt.").

11.)     In Apprendi V. New Jersey, 530 U.S. 466, 120 S.ct. 2348 (2000), the United States Supreme Court stated that "trial by jury has been understood, to require 'the truth of every accusation, where preferred in the shape of indictment, information, or appeal, should afterwards be confirmed by unanimous suffrage of twelve of (the defendant's) equals & neighbors, 530 U.S. at 477.

2

12.)    As for the _Jones_, (In it's reservation that notice requirement, jury rights & the states' burden of proof beyond a reasonable doubt all apply to "any fact" (other than prior conviction)", under the reasoning of _Apprendi_, prior convictions are also subject to those requirements. _Apprendi_, distinguishes _Almendarez-Torres v. United States_, 523 U.S. 224 (1998), the case underpinning the apparent exception of prior convictions, on the grounds that in the process of entering his plea, _Almendarez-Torres_, admitted his earlier aggravated felony convictions, thus disentitling him to require the government to prove them beyond a reasonable doubt before it could invoke enhanced sentencing of him as a recidivist.

> "Both the certainty that procedural safeguards attached to "any fact" of prior conviction & the reality that Almendarez-Torres did not challenge the accuracy of the 'fact in his case, mitigated the due process & 6th Amendment concerns otherwise implicated in allowing a judge to determine a 'fact' increasing punishment beyond the maxion of the statutory range. 530 U.S. at 488

13.)    _Clifton_, This is precisely the type of result which the Supreme Court meant in holding in _Apprendi_ to encompass. In deciding to hold the New Jersey statute unconstitutional the court focused on the effect of the statute, not its form. _Apprendi_, ("the relevant inquiry is not one of form, but of effect — does the required finding expose the defendant to greater punishment than authorized by the jury's guilty verdict?"), the also explained the reasoning behind its hold, stating that if:

> "A defendant faces punishment beyond that provided beyond that provided statute when an offense is committed under certain circumstances but not others, it is obvious that both the loss of liberty & the stigma attaching to the offense are heightened; it necessarily follows that defendant should not — at the moment the state is put to proof of those circumstances be deprived of the protections that have, until that point, unquestionably attached" _Apprendi_ ___ U.S. at ___ .

14.)    See, _People v. Clifton_, No. 1-982126, slip op. at 49-55 (Ill. App. ct. 1st Dist., September 29th, 2000) Section 5/5-8-4 (A) of the code, mandating consecutive sentencing upon a judicial finding of severe bodily harm, unconstitutional in light of _Apprendi_); _United States v. Rebmann_, F 3d. ___, 2000 WL 1309271, 81 (6th Cir. 2000) (pursuant to _Apprendi_), enhanced range based on judicial determination as to whether distribution of drugs caused death unconstitutional; sentence unconstitutional; sentence entered on guilty plea reversed).

1.   25 of 51

15.) Moreover, Apprendi, notes that "it is arguable that Almendarez-Torres, was incorrectly decided..." 530 U.S. at 489.

16.) Apprendi rejects using the label "sentencing factor" as a way to avoid due process & trial rights. It reasons that a heightened loss of liberty & stigma attached to "any factor" that enhances a sentence beyond the statutory maximum, & hold that:

> "It is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed."

17.) The statute under which Mr. Gaddis, was sentenced has no provisions for affording a defendant a jury trial to determine his eligibility for extended term (or) consecutive "enhanced" sentences. Rather, the judge makes the requisite findings. Mr. Gaddis was not admonished of a right to elect a jury for sentencing.

18.) The statute & extended-term (&) consecutive " or "enhanced" sentences imposed on Mr. Gaddis for his conviction for Attempted (1st degree) Murder & Armed Robbery violate the reasonable doubt standard guaranteed under the Due Process clause & the 5th & 6th Amendments notice & jury guarantees, U.S. Const., Amends V, VI & XVI.

## APPRENDI

19.) In Apprendi, the Supreme Court invalidated a statute permitting a sentencing judge to enhance a defendant's sentence beyond the prescribed maximum for the offense, if the court found by a preponderance of the evidence that the crime was racially motivated. 120 S.Ct. at 2345-65. The court opined that its disposition of the issue foreshadowed by the court's decision in Jones v. United States, 526 U.S. 227 (1999). Jones involved a federal car jacking statute that increased the maximum sentence from 15-25 years upon a finding that severe bodily injury resulted from the offense. The Jones court held that the due process & jury guarantees of the 5th & 6th Amendments required that the fact of severe bodily injury be charged in the indictment, submitted to a jury, & proven beyond a reasonable doubt, before a defendant could be subjected to a greater punishment.

20.) In the present case, petitioner received a total of 46 years for the combined judgements of 2 cts. Attempted (1st degree) Murder & 1 ct. of Armed Robbery, consecutive from one another. Upon the relying on the factor of Great Bodily Harm, & that there was exceptionally brutally & heinous behavior pursuant to S/5-3-3.2, S/5-8-2 & (or) S/5-8-4 The code states:

S/5-8-2   "Extended-Term (A) A Judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by

26 of 51

section 5-8.1 for the Class of the most serious offense of which the offender was convicted unless the factors in aggravation set forth in paragraph (b) of section 5/5-5-3.2 were found to be present. When the judge finds that such factors were present, he may sentence an offender to the following:

5/5-5-3.2    The following factors shall be accorded weight in favor of imposing a term of imprisonment (or) may be considered by the court as reasons to impose a more severe sentence under Section 5-8-1.

5/5-8-4    Concurrent & Consecutive Terms of Imprisonment.

(A) When multiple sentences of imprisonment are imposed on a defendant at the same time, or when a term of imprisonment is imposed on a defendant who is already subjected to sentence in this state or in another state, or for a sentence in this state or in another state, or for a sentence in this imposed by any district court of the United States, the sentences shall run concurrently or consecutively as determined by the court, etc...
The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless:

(i) one of the offenses for which defendant was convicted was 1st degree Murder or a class X or class I felony & the defendant inflicted severe bodily injury, or,...

21)    It thus allows an increased maximum sentence upon a factual finding by the court, without providing notice to the defendant in the indictment, & without a jury finding or proof beyond a reasonable dout of the qualifying facts.

22)    While sections 5/5-5-3.2, 5/5-8-4 & 5/5-8-2 does not effect the range of sentence for any particular crime, it does obviously, have a great effect on the amount of time a given defendant will spend in the penitentiary. Thus, while sections 5/5-5-3.2, 5/5-8-4 & 5/5-8-2 does not enhance the sentence for any particular crime, it does extend or "enhance" the range of the ~~sentence to~~ sentence to which a defendant may be exposed for a given course of conduct.

23)    In the present case, the trial judge relied on the "factors" set forth in Transcript page 76 (L 1-5), as aggravating "factors".

24)    If the court does not make a judicial finding as to the "factors" pursuant to Sections 5/5-5-3.2, 5/5-8-4, & 5/5-8-2 of the code the MAXIMUM penalty to which

2

the defendant is exposed for a given course of conduct is effectively the maximum penalty for the offense with the longest possible sentence which in this case is 30 years. Thus, defendant would not be incarcerated for longer than that period.

25) the trial court found petitioner eligible for extended term "enhanced" sentencing on his charges & extended petitioner's sentence to 46 years, by the consecutive sentences of 30 + 30 + 6 = 46 years. Thus, the practical effect of sections 5/5-5-3.2, 5/5-8-4 & 5/5-8-3 is that the factual finding that the petitioner committed "any factor" of the above mentioned Codes will increase, even to the point of doubling the actual & potential sentence which the defendant may recieve for a given course of conduct.

26) Again, this is precisely the type of result which the Supreme Court meant in its holding in Apprendi to encompass. In deciding to hold the New Jersey Statute, unconstitutional, the court focused on the effect of the statute, not its form. Apprendi, ____ U.S. at ___, 120 S.Ct. At 2365...

... ("the revelent inquiry is not of form, but of effect does the required finding expose the defendant to greater punishment than is authorized by the judges guilty verdict?")

27) Here as shown, the penalty for Mr. Gaddis's offenses were heightened when Judge Jerry L. Patton made a finding that petitioner committed one (or) more factors listed in 5/5-5-3.2, 5/5-8-4, & 5/5-8-3. The stigma & loss of liberty attached to an offense where no st such alleged "factors" occured, Consequently, the court should find that it would be unduly naïve & arbitrary to hold that Apprendi should not attach to the imposition of extended term & consecutive sentencing requiring as a pre-condition such a factual determination in addition to those facts necessary to obtain a conviction for the the crime charged.

28) Further, the Illinois Appellate Court's in several recent decisions has also held that the mandatory extended-term & consecutive "enhancement" provisions of sections 5/5-5-3.2, 5/5-8-4 & 5/5-8-3, to be unconstitutional under Apprendi.

29) People V. Clifton, No 1-98-3136, slip op. at 49-55 (Ill. App. Ct., 1st Dist., September 29, 2000) — (Section 5/5-8-4 @ of the Code, mandating consecutive sentencing upon a judicial finding of severe bodily harm, unconstitutional in light of Apprendi); People V. Carney, ___ Ill. App. 3d ___, ___ N.E 2d. ___ (2000) (No. 1-98-4677) (November 15th, 2000); (Mandatory Consecutive sentencing upon a judicial finding of severe bodily harm, provisions of Section 5-8-4(A) are unconstitutional under Apprendi); see, People V. Waldrup, ___ Ill. App. 3d ___, ___ N.E. 2d ___ (2000) (No. 3-99-0842) (November 30, 2000); United States V. Rebmann, ___ F.3d ___, 2000 WL 1309271, 81 (6th Cir. 2000) (pursuant to Apprendi), enhanced ranged based on judicial determination as to whether distribution of drugs caused

28 of 51

death as unconstitutional; sentence entered on guilty plea reversed. People v. Jaynes, _____ Ill. App 3d _____, _____ N.E. 2d _____ (2000) (natural life sentencing statute regarding heinous behavior is unconstitutional under Apprendi.)

30.) On October 1st, 1996, this petitioner received a 20 year sentence, for Count I Attempted (1st degree) Murder (consecutive to) 20 years for count II Attempted (1st degree) Murder 3 (consecutive to) 6 years for Armed Robbery. The sentencing range is not less than 6 years & no more than 30 years imprisonment. Ill. Rev. Stat. Ch. 38-9-1(a) / 38-2-4  The sentence could not be extended to a term of not less than (6) & not more than (30) years if the court found any of the factors listed in 5/5-5-3.2 & or 5/5-2-4 consecutive sentencing.

31.) Based on these provisions, Judge Jerry L. Patton imposed a sentence for 20 years on count (I) Attempted (1st degree) Murder consecutive to 20 years on count (II) Attempted (1st degree) Murder consecutive to 6 years for Armed Robbery... for a total of 46 years. Mr. Gaddis had the right to have a jury determine his consecutive eligibility, had the right to have his consecutive eligibility adjudicated beyond a reasonable doubt. Since the statutes do not provide for any of these "factors" it is therefore unconstitutional, & Mr. Gaddis' sentence should be vacated & his case remanded for re-sentencing.

32.) It matters not that the statute which the defendant challenges that deal with enhanced indeterminate sentencing range rather than increasing the particular term of years imprisonment assigned to a single criminal offense; the effect is the same. Clifton, slip op. at 54; Carney, slip op. at 10. The court in Apprendi made it clear that it is the effect of a sentencing provision & not the label attached to it which is controlling, & that this new rule of constitutional law implicated whenever the defendant faces an increased loss of liberty as a result of the challenged statute, Clifton, slip op. at 54, citing Apprendi, 530 U.S. _____ 130 S. Ct. 2348,.

33.) The Apprendi court noted that it had concluded in Almendarez-Torres v. United States, 523 U.S. 224 (1998), that the failure of an indictment to allege a prior conviction that subjected the defendant to an increased punishment did not violate due process. The court attributed that result to the fact that recidivism is the most traditional basis for a sentencing court to increase a sentence, & to the certainty that procedural safeguards had attached to the prior conviction.

34.) Almendarez-Torres, should not bar application to Apprendi to the extended term of imprisonment at issue here. First, because Apprendi calls into question whether Almendarez-Torres was correctly decided, this court should apply the reasoning of Apprendi & Jones even when the enhancing facts in a statute are committing one or more of the aggravating factors pursuant to 5/5-5-3.2 or 5/5-8-4. Secondly, sections 5/5-5-3.2, 5/5-8-4, & 5/5-8-2 requires qualifying facts beyond the mere mention of the alleged fact that the defendant committed

29 of 51

2

the aggravation factor. Even if the state is not required to prove that a defendant committed one or more of the aggravating factors to a jury beyond a reasonable doubt, it should be required to prove to a jury beyond a reasonable doubt the aggravating factors even existed.

In Apprendi the Supreme Court held that:

> "(O)ther than a fact of a prior conviction, "any fact" that increases the penalty for a crime beyond the prescribed statory maximum must be submitted to a jury & proved beyond a reasonable doubt." 530 U.S. ___, 120 S.Ct. 2348, 147 L.Ed 2d 435.

35.)     Such facts must also be included in the charging instrument. Apprendi, 530 U.S. ___, 120 S.Ct. 2348, 147 L.Ed 2d at 466. The constitutional basis for this holding is of "surpassing importance" & two-fold; the Fourteenth Amendment protection against deprivation of liberty without due process of law & the 6th Amendment right to a jury trial. Apprendi, 530 U.S. ___, 120 S.Ct. 2348, 147 L.Ed 2d at 477; U.S Constitution Amendments VI & XIV.

36.)     The Apprendi court invalidated a New Jersey statute that provided range permitted a sentencing judge to enhance a defendant's sentence beyond the prescribed range "MAXIMUM" if the judge found by a preponderance of evidence, that the crime was committed with a racially biased purpose. Apprendi, 530 U.S ___, 120 S.Ct. 2348, 147 L.Ed 2d at 455. Historically, the court noted, no distinction between an "element" & a "sentencing factor" existed; the elements of any "offense" included every fact that would increase the range of punishment. Apprendi, 530 U.S. ___, 120 S.Ct. 2348, 147 L.Ed 2d at 482. Merely because the State legislature placed the additional factor within the sentencing provisions of the criminal code did not mean that it was not an essential element of the offense. Apprendi, 530 U.S ___, 120 S.Ct. 2348, 147 L.Ed 2d at 458. "(T)he relevant inquiry is one of form, but effect – does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict? Apprendi 530 U.S. ___, 120 S.Ct. 2348, 147 L.Ed 2d at 457.

37.)     The Illinois indeterminate term statute bears the same constitutional defects as the New Jersey statute invalidated in Apprendi. Like the New Jersey statute, the Illinois statute makes no provision for notice of the possibility of an the enhanced or consecutive term, nor concomitantly does it require it to be included in the charging instrument or indictment, Ill. Rev. Stat., 730 ILCS 5/5-5-3.2 & 5/5-8-4. They recognized the indictment's fundamental role in warning a defendant of facts that may enhance his punishment upon conviction. Jones v. United States, 526 U.S. 227, 119 S.Ct. ___, 143 L.Ed 2d 311 (1999). The Illinois statute does not mandate that a defendant be provided with the right to have a jury determination of

30 of 51

2

fact which would allow the imposition of an enhanced term. *

32)    The holding in Apprendi makes that such statutes are invalid because they violate a defendant's constitutional rights by permitting an increase in the penalty for an offense beyond that of the statutory maximum based on facts that were not placed before trial, submitted to a jury, or proved beyond a reasonable doubt. U.S. Const., Amends., V, VI, XIV; Apprendi, 530 U.S. ___, 120 S.Ct. 2348, 147 L.Ed 2d at 447. The Illinois' extended-term & consecutive term statutes, according to the decision in Apprendi, thus, is unconstitutional as it runs afoul of the 6th & 14th Amendments to the U.S. Constitution, & any sentence imposed pursuant to it is void.

39.)    Thus, the factual determination required by 5/5-5-3.2 & OR 5/5-8-4 increases the maximum penalty to which the defendant is exposed, it must be treated as an element of the offense that must be pled in the indictment as well as proved beyond a reasonable doubt.

40)    The state should be required to at least prove to a jury beyond a reasonable doubt that a defendant committed any of the "aggravating factors" pursuant to sections 5/5-5-3.2 & OR 5/5-8-4.

41)    Notably, the constitutional issues of lack of pre-trial notice was found unnecessary to address Clifton, because the right to have a jury determination allowing the imposition of a consecutive & a serious controlling constitutional error. See Clifton, slip op at 55, fn 7. In any event it is submitted that the Illinois' extended-term & consecutive-term statutes, according to the decisions in extended-term or the Apprendi, Clifton, & Carney is unconstitutional as it runs afoul of the 6th & 14th Amendments, to the U.S. Constitution & any sentence imposed pursuant to it must be vacated. See, Clifton, slip op. at 55; Beechem, slip op, at 34-35.

42)    Given that the statute is unconstitutional, it is (void ab inito) People v. Gersch, 135 Ill. 2d 384, 553 N.E. 2d 281, (1990). Thus it is: ...

...    "In legal contemplation, as though no such law had ever passed."

People v. Zeisler, to lawful requirements is VOID & may be attacked at any time. People v. Dean, 169 Ill. 2d 107, 658 N.E. 2d 445, 448 (1995).

43)    Mr. Gaddis was thus subjected to an "enhanced" consecutive term of 20 years, to 20 years, to 6 years, for a total of (46 years) for offenses that without the trial court's findings, only subjected him to a total of 30 years CONCURRENT TERM of imprisonment, in the Department of Corrections. The Apprendi court made it clear that the effect of a sentencing provision & not the label attached to it which is controlling, & thus new Rule of constitutional law is implicated whenever the defendant faces an increased loss of liberty as a result of the challenged statute. Apprendi 530 U.S. ___, 120 S.Ct. 2348, 147 L.Ed 2d at

2

447, 451.

44.) The extended-term & consecutive sentencing provisions are thus unconstitutional under Apprendi, & the sentence imposed thereto is void. See, People v. Zemke, 125 Ill. 2d 42, 531 N.E. 2d 34, 37-38 (1988). The extended-term sentencing scheme & statute under which defendant was sentenced are unconstitutional & the "enhancement" was therefore unauthorized. See Beachem, slip op. at 30 (though new sentencing may be required, sentences were not void.).

45.) The petitioner further argues that because he is foreclosed from challenging his convictions, he is not foreclosed from challenging his sentence. A negotiated plea; however, while foreclosing the argument on appeal that the sentence is excessively lengthy, does not preclude the defendant from appealing his sentence on the ground that it was unauthorized. People v. Williams, 179 Ill. 2d 331 (1997) People v. Doces, 312 Ill. App. 3d 790 (2000) (remand for re-sentencing because trial court mistakenly believed that the statute required consecutive sentences.) Defendant's guilty verdict did not amount to an admission that he was eligible for an extended term "enhanced" sentence, defendant waived the right to challenge his convictions by pleading guilty, he did not waive his right to challenge his sentence on the basis that it was unauthorized. E.g. Williams. Further, defendant did not waive his right to a jury determination beyond a reasonable doubt. He waived his rights only to a trial of the charges against him. He did not waive those rights as to the facts required for "enhanced" sentence, inasmuch at the sentencing statutes did not allow him those rights. Petitioner did not admit to the facts "aggravating factors" on which the consecutive sentences were based.

46.) The Apprendi decision states that the requirements of a jury findings beyond a reasonable doubt applies to "any fact" that increases the maximum penalty; "other than the fact of a prior conviction". 174 L.Ed. at 455. The Apprendi court noted that in Almendarez-Torres, 523 U.S. 224 (1998), the court concluded that the failure of an indictment to allege a prior conviction that subjected the defendant to an increased punishment did not violate due process Id at 453.

47.) The Apprendi court declined to reconsider Almendarez-Torres, because the New Jersey statute before the court did not involve prior convictions, & defendant Apprendi did not contest the validity of Almendarez-Torres. But, the court questioned whether Almendarez-Torres was correctly decided. Opining that arguably, "a logical application of our reasoning today should apply if the recidivist issue were contested," the court concluded that "we need not revisit [Almendarez-Torres] for purpose of our decision today to treat the case as a narrow exception ...." 147 L.Ed 2d at 454-55 & fn 6.

48.) Almendarez-Torres, should NOT bar application of Apprendi to the extended term & consecutive sentencing statutes at issue here.

49.) First, because Apprendi calls into question whether Almendarez-Torres was

correctly decided, this court should apply the reasoning of Apprendi & Jones even when enhancing facts in a statute are committing any "aggravating factors" pursuant to 5/5-5-3.2 & 5/5-8.4.

50.) While the Apprendi court does not overturn Almendarez-Torres it does indicate that the issue, if presented, might well be decided differently today. Certainly, Apprendi should not be read as "endorsing" the holding in Almendarez-Torres.

51.) The Apprendi court, while allowing the holding in Almendarez-Torres to stand, made it clear that any exemption for prior convictions is a very narrow one. Apprendi attributed the result in Almendarez-Torres to: the fact Recidivism is the most traditional basis for increasing a sentence, the certainty that procedural safeguards had attached to the prior conviction, & the fact that the defendant had admitted the prior conviction.

52.) The court emphasized the unique status of a prior conviction, in that the constitutional safeguards of due process & the right to a jury accompanied the proceedings resulting in the conviction, affording confidence in the convictions reliability. 147 L.Ed. at 454, 458. But the court did not exempt any other fact used to increase a maximum penalty.

53.) Sections 5/5-5-3.2 & 5/5-8-4 of the code, should require proof the defendant committed any of the "aggravating factors". While the reliability of the convictions themselves has been assured by the proceedings in which they were obtained, the reliability of these additional facts has not.

54.) The Apprendi court also referred to Almendarez-Torres as "representing at best an exceptional departure from the historic practice" of a jury finding of proof beyond a reasonable doubt", 147 L.Ed 2d at 454 n14, 454-55. "[T]here is a vast difference," the court stated, "between accepting the validity of a prior judgment of conviction entered in a proceeding in which the defendant had the right to a jury trial & the right to require the prosecutor to prove guilt beyond a reasonable doubt, & allowing the judge to find the required fact under a lesser standard of proof. Id. at 458-59.

55.) Both this concern, & the explicit language of the court established that Apprendi applies to "any fact" aside from a prior conviction. Thus, even if the state is not required to prove that the defendant committed any "AGGRAVATING FACTORS" to a jury, such proof should be required for the additional facts surrounding the guilt of this "AGGRAVATING FACTOR".

56.) The Lathon Analysis is also faulty in concluding that the facts required by section 5/5-8-4 cannot be treated as an "elements" of the offense because they relate to punishment rather than the underlying offense. Apprendi rejects this dichotomy.

57.) While Apprendi explains that the "hate crime" factor of the New Jersey statute is akin to an element of the offense, Id. at 458, the court did not

limit its holding to facts that relate to the commission of an offense. It is not so much the nature of the facts to be determined, as their ~~effect~~ effect on the maximum penalty, that determines whether those facts must be treated as elements "[T]he relevant inquiry is not one of form, but the effect — does the required finding expose the defendant to a greater punishment ...? Id. at 457, FURTHER,

> "the term 'sentencing factor' ... appropriately describes a circumstance, which may be aggravating or mitigating in character, that supports a specific sentence within the range authorized by the jury's finding that the defendant is guilty of a particular offense. On the other hand, when the term 'sentence enhancement' is used to describe an increase beyond the maximum authorized statutory sentence, it is the functional equivalent of an element of a greater offense than one covered by the jury's guilty verdict. ~ Id. at 455, n19 (emphasis in original).

59) While Lathan recognizes that the prior-conviction exception represented by Almendarez-Torres is a narrow one, slip op. at 16, the court fails to limit that exception to its appropriate confines. The statutes at issue here require only a judicial finding, by a preponderance of "facts" beyond the convictions themselves, facts that have not been previously determined, as have the prior convictions, in a proceeding involving constitutional safeguards.

60) Finally, even if Apprendi does not require a jury finding of proof beyond a reasonable doubt as to sections 5/5-5-3.2 & 5/5-8-4 the decision implies that due process requires at the very least a heightened standard of proof for facts that bear significantly on the severity of the sentence. The Lathan court rejected the argument on the basis that the Illinois Supreme Court rejected the same argument in People v. Williams, 149 Ill. 2d 467 (1993). Lathan, slip op. at 18. But the Williams court did not have the benefit of Apprendi. The Williams court decided section 5/5-5-3.2 requires no burden of proof beyond the existing in an ordinary sentencing proceedings, proof is sufficient if it is "generally reliable" Williams, 149 Ill. 2d at 490-92.

61) But, Apprendi casts doubt on the constitutionality of such a statute, Apprendi implies that a sentencing proceeding ceases to be ordinary when defendant's are subjected to an increased maximum punishment. Sections 5/5-5-3.2 & 5/5-8-4 mandatorily ~~are~~ increases the punishment & sentence of imprisonment, based upon a preponderance finding, therefore "enhancing" the term of imprisonment.

62) Even if Apprendi does not require that the facts of sections 5/5-5-3.2 & 5/5-8-4 be found by a jury beyond a reasonable doubt, it does suggest that the statute is not ordinary, & must require a higher standard than the "simple", "reliable" standard that Illinois applies to ordinary aggravating evidence.

63) Due process requires that the facts qualifying a defendant for an

increased term of imprisonment be proven by a standard greater than that required at the routine sentencing hearing.

64.) The statutes § extended their consecutive to sentences imposed on this petitioner violate the reasonable doubt standard guaranteed under the due process clause required § the 5th § 6th Amendments notice § jury guarantees. U.S. Const., Amends. V, VI, § XIV, § therefore prejudiced the petitioner at the time of his sentencing hearing.

65.) This petitioner also acknowledges that a sentencing court is not bound to follow existing case decisions, but understands that the final enter-pretor of the U.S. Constitution is the U.S. Supreme Court. Hence Mr. Gaddis continues to assert that his consecutive sentence of 30 years, consecutive to 30 years, consecutive to 6 years (46 years) based on sections 5/3-3-4 is unconstitutional as currently applied in the State of Illinois.

66.) In the instant case Mr. Gaddis received an "enhanced" consecutive sentence of 30 + 30 + 6 years (46 years) imprisonment above the statutory maximum of (30) years, without benefit of a jury, § without the state being held to proof beyond a reasonable doubt.

67.) Justice Scalia: PUTS IT BEST in his concurring opinion when he states;

"[T]he guarantee that 'in all criminal ~~prose~~ prosecutions shall enjoy the right to ... trial by an impartial jury' has no intelligible content unless it means that all the facts must exist in order to subject the defendant to a legally prescribed punishment must be found by a jury'

68.) WHEREFORE, MR. GADDIS' enhanced consecutive sentence of 30 years consecutive to, 30 years consecutive to 6 years (46 years) must be vacated § a new sentencing hearing should be held.

## THE SUPREME COURTS DECISION IN APPRENDI V. NEW JERSEY APPLIES RETROACTIVELY TO THE CASE AT BAR.

69.) Petitioner(s) direct appeal (as of right) was dismissed prior to the Apprendi Decision, the case this petitioner primarily relies upon. As argued in the 1st Argument of this Brief § the petition in itself. Had petitioner been Afforded Counsel AS OF RIGHT, this petitioner may of had a chance to an adequate defense in his sentence.

70.) Petitioner could not have raised this issue in a timely fashion because Apprendi

was not decided until June 2000, 3 years after his appeal was dismissed. Therefore, had counsel been appointed on the direct appeal, said petitioner would of been able to bring up sentencing issues of his own & with the appointment of counsel, he would of been able to attack the constitutionality of his sentence (prior) to Apprendi. Being the trial court neglected to appoint counsel, leaving petitioner abandoned by the court & with out counsel thus petitioner was prejudiced from attacking his sentence at all. Thus petitioner filed a post-conviction & has exhausted the Apprendi issue in the state courts. Therefore, this constitutional issue should not be deemed waived & should be addressed under the plain-error doctrine & or the Teague's second exception because sentencing issue are exempt from the doctrine waiver when they effect a defendants substantial rights. People V. Briels, 315 Ill App 3d 169, 170, 733 N.E. 2d 1109, 1116 (2000).

71.) In the landmark case of Teague V. Lane, 489 U.S. 288 1989, the Supreme Court announced the test to determine if a rule applied retroactively. The Supreme Court stated that a new constitutional rule of criminal procedure should be applied retroactively (1) if it places certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to prescribe or (2) if it requires the observance of those procedures that... are implict in the concept of ordered liberty. Teague V. Lane 489 U.S. 288, 307. The Supreme Court went on to state that the second exception should be limited in scope to those new procedures without which the likelihood of an accurate conviction is seriously diminished. Teague D. At. 313. The Supreme Court further explained that the second exception extends to new "watershed rules of criminal procedure implicating the fundamental fairness & Accuracy of the criminal proceedings." O'Dell V. Netherlands, 521 U.S. 151, 167 (1997).

72) More recently, the United States Supreme Court decided Apprendi V. New Jersey, 120 S. Ct. 2348 (2000), where the court announced a new constitutional rule of criminal procedure, "(O)ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum, must be submitted to a jury, & proved beyond a reasonable doubt." Apprendi 120 S. Ct. 2348, 2362-63. The Supreme Court went on to hold that "it is unconstitutional for a legislature to remove from the jury the assessment of facts that increases the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such ~~factors~~ facts must be established by proof beyond a reasonable doubt." Apprendi, at 2363.

73) The issue at hand is whether the rule announced in Apprendi should be applied retroactively to petitioners case.

74.) Petitioner asserts that Apprendi announced a new constitutional rule of criminal procedure, it is the petitioner's position that the Apprendi rule clearly falls under the second exception of Teague, because the Apprendi rule

affects the "fundamental fairness & accuracy of the criminal proceeding". After Apprendi, states are no longer able to sentence a person to a prison term beyond the statutory maximum, unless those facts used to extend the sentence are presented to the jury & proved beyond a reasonable doubt. This new rule directly affects a person's due process rights under the Fourteenth Amendment & right to trial under the Sixth Amendment. As Justice Stevens stated in Apprendi, "at stake in this case are constitutional protections of surpassing importance: the proscription of any deprivation of liberty without "due process of law", Amdt. 14 & the guarantee that "[i]n all criminal prosecutions, the Accused shall enjoy the right to a speedy trial & public trial, by an impartial jury. Amdt. 6 "Apprendi, 120 S.Ct. at 2355-56 It is difficult to imagine a new constitutional rule of criminal procedure better suited for retroactive application than the rule announced in Apprendi. The rights being protected in Apprendi, the rights being protected in Apprendi are no different than other fundamental rights, like the right to counsel, the right to confront your accusers & being "innocent until proven guilty."

75.)   Defendant did not forfeit his right to review of his consecutive sentences in light of Apprendi. People v. Lathon, 1-99-0361, slip op. at 5 (November 6th, 2000) ; Clifton, No. 1-98-2136, 1-98-2348, slip op. at 50-51; See, People v. Wooters, 188 Ill. 2d 500, 510, 722 N.E. 2d 1102 (1999) (*** although defendant neglected to raise this issue before the Circuit Court, the constitutional dimension of the question permits this court to address defendant's argument"). Originally, new constitutional rules of criminal procedure apply only to those cases pending on direct appeal at the time. Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed 2d 649, 661 (1971).

WHAT EVER HAPPENED TO THE DEFENDANT, WHO WAS
POOR, WHERE THE TRIAL COURT NEGELECTED TO APPOINT
COUNSEL? DOES HIS APPEAL AS OF RIGHT HAVE MERIT?
DOES HIS CONSTITUTIONAL (GROUNDS), RIGHTS APPLY?
IF SO WHY WAS HE ABANDONED BY THE COURTS?

76) Such new rule affects those procedures which alter the understanding of bedrock procedural elements essential to the fairness & Accuracy of criminal proceedings, without which likelihood of an accurate conviction is seriously diminished. Sawyer v. Smith, 497 U.S. 227, 241-42, 110 S.Ct. 2822, 111 L.Ed. 2d 193, 211 (1990) ; Bousley v. United States, 523 U.S. 614, 620, 118 S.Ct. 1604, 140 L.Ed 398, 838 (1998). Such full retroactivity is applicable in those cases where it is necessary "to assure that no man has been incarcerated under a procedure which creates an impermissibly large risk that the innocent will be convicted". See, Bousley 523 U.S. at 620, 118 S.Ct. 1604, 140 L.Ed. 2d at 838. See, People v.

2

_Beecher_, Ill. App. 3d ____, ____ N.E. 2d (2000) (No. 1-99-0859)(November 8, 2000)
Apprendi retroactive to first post-conviction petition at least to those timely
filed.).

AGAIN WHY SHOULD ONE BE BARRED, WHEN THE TRIAL
COURT NEGLECTED PETITIONER IN HIS APPEAL AS OF
RIGHT?

Notably, pending in the Illinois Supreme Court is a case on whether the Apprendi
rule applies retroactively to a 1989 conviction involving an extended term by
way of guilty plea. _Hill v. Cowan_, No. 90199 (Direct Appeal, St. Clair County);
_People v. Herring_, 394 Ill. App. 3d 458, 357 Ill. Dec. 737, 754 N.E. 2d 385 (2001);
_People v. Lee_, Cite as 260 Ill. Dec. 757, 762 N.E. 2d 13 (Ill. App. 3d Dist. 2001).

77)    Recently, in _People v. Clifton_, 2000 Ill. App. Lexis 804, *66 (September 29th, 2000),
the Appellate Court of Illinois, determined that under _Apprendi_, Illinois' statute,
730 ILCS 5/5-8-4, allowing a person to be sentenced to consecutive sentences if
a judge finds that the person inflicted serious bodily harm, to be uncon-
stitutional. _People v. Clifton_, *79. The court stated that it was difficult to
distinguish between a statute enhancing an individual sentence from a statute
requiring an extended an extended period of incarceration, albeit through
stacking of two non-enhanced sentences. _Clifton_ at. *67.

78)    Furthermore, the stigma & loss of liberty attached to a set of offenses
wherein the defendant inflicted serious bodily harm are questionably greater
than the stigma & loss of liberty attached to a set of offenses where no such
bodily harm occured _Clifton_ at *71.

79.)   Additionally, in _United States v. Murphy_, 109 F. Supp. 2d 1059 (D. Minn. 2000)
the court applied the _Teague_ test to _Apprendi_. & ruled that the _Apprendi_ decision
does not implicate the second exception, which applies to those "watershed" rules
of criminal procedure' which "alter our understanding of the bedrock
procedural elements essential to fairness of a proceeding" & "without which
the likelihood of an accurate conviction is seriously diminished." _Murphy_ 109
F. Supp. 2d 1059, 1063. The court went on to state that "there can be little doubt
that the sweeping new requirement announced by the Court in _Apprendi_ is so
grounded in fundamental fairness that it may be considered of watershed
importance." _Id._

80.)   The right to due process & the right to a speedy & public trial are protected in
our Constitution. _Apprendi_ directly affects these two rights. Every element of a
crime has to be presented to a jury & proved beyond a reasonable doubt. No
longer can a person be sentenced to an extended term without the evidence first
being presented to a jury & proved beyond a reasonable doubt. There can be
nothing more fundamental or affecting the accuracy of criminal proceedings
that ensuring that each element of a crime is proved beyond a reasonable doubt.

81.) The majority in Apprendi discusses at length the fundamental right to due process & a fair trial & the history of both rights in our legal system.

82.) The courts have split on the issue of retroactivity. Compare People v. Beechem, No. 99-0350 (1st Dist. 5th Div., November, 2000). Apprendi decision applies retroactively. People v. Rush, cite as 253 Ill. Dec. 703, 757 N.E. 3d 88 (Ill. App. 3d Dist., 2000); People v. Herring, 324 Ill. App 3d 458, 257 Ill. Dec. 727, 754 N.E. 2d 385 (2001); People v. Lee, cite as 760 Ill. Dec. 753, 763 N.E. 2d 18 (Ill. App. 3d Dist., (2001)). People v. Kizer, 99-0733 (1st Dist., December 26, 2000). & People v. Roberts, No. 98-3642 (1st Dist. 5th Div., December 29th, 2000) (dicta).

83.) Petitioner urges the court to follow Beechem, in which the court recognized that Apprendi falls under Teague's second exception, by establishing a "watershed rule" that "alters" our understanding of the bedrock procedural elements essential to the fairness of a proceeding. "Beechem", slip op. at 8-9 (quoting Sawyer v. Smith, 497 U.S. 227, 242 (1990).

84.) Further, the Illinois Supreme Court's decision in People v. Flowers, 138 Ill. 2d 218 (1990), addresses the retroactivity issue. The Beechem court considered the application of Flowers & determined that it was distinguishable. The court found that Flowers, "did not implicate the right to a jury verdict beyond a reasonable doubt, & consequently, the fundamental fairness & accuracy concerns inherent in the second Teague exception". Beechem, slip op. at 18-19. Relying instead upon the language of Apprendi itself, the Beechem court concluded:

> "We take Apprendi to mean that once the defendant serves the prescribed maximum sentence, he or she remains in prison on a charge never made or proved, we have impugned the integrity of our criminal justice system... We view the gravity of an Apprendi violation within the narrow window of retroactivity established by the courts.

slip op. at 13, 14.

85.) The new rule announced in Apprendi falls under the second exception of Teague v. Lane, 103 L.Ed. 2d 334 (1989), giving the rule retroactive effect upon collateral attack. People v. Flowers, 149 Ill. Dec. 304, 561 N.E. 2d 674.

86.) The Supreme Court of the United States has already held that one of the constitutional principles which formed the basis for the court's proof of every element of a crime beyond a reasonable doubt.

87.) Apprendi is just such a bedrock principle requiring full retroactive application. In Ivan v. City of New York, the Supreme Court recognized the reasonable doubt standard as a prime instrument for reducing the risk

of judicial error, "impress(ing) on the trier of fact necessity of reaching a substantive state of certitude of the facts in issue, "And providing" concrete substance for the presumption of innocence - that bedrock "axiomatic and elementary" principle whose enforcement lies at the foundation of the administration of criminal law". 407 U.S. 363, 364-65, 92 S.Ct. 1951, 32 L.Ed. 2d 654, 661 (1972), citing In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed. 2d 368 (1970). In Ivan V. the court held that Winship was fully retroactive because the primary purpose of the constitutional standard of proof beyond a reasonable doubt was to "overcome an aspect of a criminal trial that substantially impairs the truth-finding function". 407 U.S. at 364-65, 92 S.Ct. 1951, 32 L.Ed. 2d at 661; See Hankerson V. North Carolina, 432 U.S. 233, 243-44, 97 S.Ct. 2339, 53 L.Ed. 2d 306, 315-16 (1977) (holding Mullaney V. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed. 2d 508 (1975), fully retroactive for the same reasons).

88)  Finally, the filing of successive post-conviction petitions sets forth two opposing interests - the state's interest "in providing a forum for the vindication of the defendant's constitutional rights" & the state's "legitimate interest in the finality of criminal litigation & judgments". People V. Flores, 153 Ill. 2d 264, 274, 180 Ill. Dec. 1, 606 N.E. 2d 1072, 1023 (1990).

89)  When an error could not have been presented in an earlier proceeding, the procedural bars of waiver & res judicata "may be ineffectual in being about that finality which ordinarily follows direct appeal & the first post-conviction proceeding". Flores, 153 Ill. 2d at 275, 180 Ill. Dec. 1st, 606 N.E. 2d at 1083. In such cases, a successive post-conviction petition may be allowed pursuant to concepts of fundamental fairness. People V. Caballero, 179 Ill. 2d 205, 227 Ill. Dec. 965, 688 N.E. 2d 658 (1997).


FOOTNOTE:

People V. Beechem, 317 Ill. App. 3d 693, 251 Ill. Dec. 302, 740 N.E. 2d 389 (2000), the court noted that several federal courts have concluded that Apprendi does not apply to successive post-conviction petitions. The federal cases cited in Beechem & by the State in the instant appeal refused to apply Apprendi retroactively not because the habeas corpus petitions were successive but because the Supreme Court had not specifically authorized Apprendi's retroactive application. Under federal habeas corpus provisions, a new rule of constitutional justifies a second collateral attack only if the Supreme Court makes the new rule retroactive

to cases on collateral review. 28 U.S.C. §§ 2244 (b) (2) (a), 2255 (West 1994 & Supp. 2000). The Illinois Post-Conviction Hearing Act does not contain such a mandate.

90) It is clear that a new rule affecting any one of these fundamental rights would be applied retroactively under Teague whether the Supreme Court explicitly stated the rule was retroactive or not. It is equally clear that the rule in Apprendi affects the fundamental rights to due process & speedy & fair trial, falling under the second exception to the Teague rule. Therefore, Apprendi should be applied retroactively to this petition.

91) In short:

July 23, 2001 Michael H. Orenstein Assistant Appellate Defender speaks of preparing a motion for a supervisory order. (EX.13).

On August 7th after contacting the (4th Dist. App.) courts clerks office. He notifies me that the appeal pro se was filed & that no counsel was requested, as stated from the clerk. (EX.14)

92) Clearly this petitioner DID request counsel in & with his notice of Appeal (EX. 1-5). The trial court neglected to appoint counsel, this prejudicing this petitioners Appeal & by these actions again took away any chance of counsel that may have helped. (EX 13-14).

93) WHEREFORE, Mr. Gandis' consecutive sentence of 20 years consecutive to 20 years consecutive to 6 years should be vacated & a new sentencing hearing should be held.

_____

III. This petitioners plea should be vacated because defendant pled guilty in an open plea under false pre-tenses because the courts statements that defendants conviction(s) required mandatory consecutive sentences was in error & thus a violation of petitioners 14th Amendment right to due process.

1.) Petitioner, asserts that the Illinois consecutive sentence statute 730 ILCS

41 of 51

2

5/5 -3-4 (A), has been declared unconstitutional by the United States Supreme Courts decision in Apprendi v. New Jersey, 120 S.Ct. 2348 (2000). Apprendi held that the constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury & proven beyond a reasonable doubt. Apprendi, 120 S.Ct. 2348, 2362-2363. It is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is clear that such factors must be established by proof beyond a reasonable doubt. Apprendi at 2363.

2.) THE COURT: "And they would each would qualify for extended term because the court does find this behavior on this victim was exceptionally brutal & heinous. And the court does also find that the victim did suffer great bodily harm." (At sentencing pg. 76 L-1-5)

3) As argued in Argument II, thus petitioner contests the same.

IV. That petitioners 14th Amendment Right to due process was violated because the defendant was on psychotropic medication during his sentencing.

1.) If the defendants trial attorney had alleged & proven that there was a bona fide doubt of the defendant fitness to be sentenced because on the psychotropic medication, at the time of the defendant's sentencing hearing, in a motion to withdraw plea, the motion to withdraw plea should be granted. People v. Mitchell, 189 Ill. 2d 312, 727 N.E. 2d 254 (2000). Also since the defendants attorney only spent ten minutes with defendant, it seems certain that the end of justice would be served by holding a trial People v. Davis, 145 Ill. 2d 240, 244, 582 N.E. 2d 714 (1991). Therefore the failure to file the Appeal certainly fell below an objective standard of competence, & the result of the Appeal would have been different in that the appeal would not have been dismissed, & the motion to withdraw guilty plea would have been granted.

V. That petitioners 6th Amendment Right to effective assistance of counsel at trial level by failing to review with defendant matters pertaining to the charges, plea & sentencing; only

42 of 51

seeing the defendant twice for a total of 10 minutes; failed to review with defendant matters pertaining to the pre-sentence report made by Dr. Sutherland; failed to notify the court that the defendant was on psychotropic medication three days after the plea agreement & sentencing hearing; failed to notify the defendant that the state planned to use hearsay testimony of Michael Knutt, Michael Fickes, & Detective Ed Culp, only to cross-examine Mr. Knutt very little, & did not cross examine detective Ed Culp or Mr. Fickes at all; failed to cross examine the victim regarding the victim perjuring herself on the witness stand & counsel failed to preserve the defendants appeal rights;

1.)    In order to obtain a reversal of a conviction for ineffective assistance of counsel, a defendant must show that counsel's performance (1) fell below an objective standard of competence & (2) counsel's deficient performance resulted in prejudice to the defendant such that but for counsel's unprofessional error there is a reasonable possibility that the result of the proceeding would be different. Strickland V. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2054 (1984). In order to prevail, a defendant must overcome both the performance & prejudice prongs of the Strickland test, People V. Sanchez, 169 Ill. 2d 472, 487, 662 N.E. 2d 1199 (1996).

2.)    As stated above all well pleaded facts that are not positively rebutted by the original trial record are taken to be true. The defendant swore under oath that the above allegations were true.

3.)    Counsel cannot adequately represent a defendant on such serious charges by meeting with the defendant for a total of ten minutes. Ten minutes is not sufficient time to review with the defendant matters pertaining to the charges, plea & sentencing. In the present case, the defendant originally had six different charges & two co-defendants. The defendant was facing the possibility of both extended & consecutive sentences. In fact, the defendant recieved consecutive sentences. Because the defendant had co-defendants the issue of the accountability of the defendant for the acts of his co-defendants needed to be discussed by the defendants trial attorney with the defendant. The possibility of defenses & the ramifications for sentencing of pleading guilty to each one of the different counts needed to be discussed by the defendants trial attorney with the defendant. Ten minutes is not sufficient time for the defendants ~~trial attorney with the~~ to tell the trial Attorney his involvement or non-involvement in these charges. Ten minutes with the defendant

2

certainly falls below an objective standard of competence. There is also a reasonable possibility that the result of the proceeding would be different if the trial counsel would have spent more than ten minutes with the defendant. If the defendant had known the ramifications of pleading guilty, he may have decided to have a trial; the defendant may have had possible defenses to present at a trial. The defendant also alleges that his trial counsel failed to review with the defendant matters pertaining to his sentencing. A defense attorney is required to either investigate potential sources of mitigating evidence or make a reasonable decision not to undergo such investigation. People V. Orange, 168 Ill. 2d 138, 659 N.E. 2d 935 (1995). There is also a reasonable possibility that the result of the sentencing hearing would have been different. The defendant could have presented mitigation witnesses if he knew he could present mitigation witnesses. The defendant could have given his trial attorney insight into the aggravation witnesses such that the trial counsel could have cross examined the aggravation witnesses more effectively. In addition, the defendant's trial counsel did not preserve the defendants appeal rights. The defendant filed a pro se appeal, but it was eventually dismissed because the defendant did not file a docketing statement. If the defendants trial attorney had filed a notice of appeal I made sure the defendant was appointed counsel on appeal, the appeal would not have been dismissed for failure to file a docketing statement. The failure to file an appeal is objectively unreasonable if the defendant specifically directed counsel to file a notice of appeal. It would be unfair to require an indigent, perhaps, pro se, (who requested counsel to be appointed), demonstrate that his hypothetical appeal might have merit, before any advocate has ever reviewed the record in this case in search of potentially meritorious grounds for appeal. ROE V. Flores-Ortega, 536 U.S. 1069 S.ct. 1463, 145 L.Ed 2d 925 (2000).

4)    Petitioner argues that his trial counsel failure to perfect an appeal at the request of said defendant was harmful to him, that has caused him undue hardship with the courts, I has deprived this defendant of his 6th I 14th Amendments, rights to due process I appointment of counsel, should show the court the prejudice needed in Strickland V. Washington, 466 U.S. 668, 104 S.ct. 2052 (1984).

5)    Roe V. Flores Ortega, 120 S.ct. 1029, 145 L.Ed 2d 985 (2000), established a presumption of prejudice in case where counsels deficient performances oppresses to deprive the defendant of an appeal he would otherwise have taken.
~ Trial counsel failed to preserve (or) argue an appeal, leaving his client to file it pro se without prior review of the law I or even consulting with his client.

6.)    _U.S v. Phillips_, 210 F. 3d 345 (5ᵗʰ Cir 2000) held that, the court found that counsels failure to appeal the sentence enhancement of the obstruction of Justice, constituted ineffective assistance. ~ As argued in this petitioners "post-conviction, "after requesting to counsel that he would like he appeal the sentence, counsel abandoned his client. Leaving this petitioner to file a notice of Appeal pro se to meet the 30 day time line, as required by the Supreme Court.

7.)    In _US. V. Peak_, 992 F. 2d 39, (4ᵗʰ Cir. 1993) found that counsels failure to file for appellate review when requested by defendant deprives a defendant of his 6ᵗʰ Amendment right to assistance of counsel even if he would have likely lost on Appeal.

8.)    Had petitioners trial counsel file a Notice of Appeal (or) Had the TRIAL COURT not neglected petitioners "right to an Attorney" on his Appeal as of Right, on this petitioners own motions, (EX. 1-5). This defendant would be able to raise issues that concern _Apprendi_, & the unconstitutionality of his sentence as argued in (this) petition.

            If the state Allowed defendant to move in FORMA PAUPERIS,
            Why not allow this defendant the right to counsel? (As
            this petitioner IS NOT AN ATTORNEY & or DID,
            he have any PRIOR EDUCATION TO THE LAW.)
            Unless the State was bias & prejudiced towards
            said petitioner / defendant.

9.)    This petitioner claims that he was deprived of his Right to counsel by the negligence of the circuit court in which he was sentenced. In _Gideon v. Wainright_, 372 U.S. 335, 339-343, 83 S.Ct. 792-96, 9 LEd 2d 799, (1963) The court ruled on <u>DUE PROCESS</u> grounds," that the state NEEDED TO <u>APPOINT COUNSEL FOR POOR DEFENDANTS FACING CRIMINAL CHARGES."</u>

10.)    This petitioner asserts that ~~had~~ the claimed violation of ineffective assistance of counsel AND the deprivation of his right to counsel on Appeal, is <u>NOT</u> A new rule. And therefore asks this court apply well established law to a non-exceptional fact pattern.

11.)    This petitioner Argues that the violation of his 6ᵗʰ & 14ᵗʰ Amendment secured by the U.S. Constitution, "<u>DID HARM</u>" petitioner & has taken away his right to Due Process & a fair trial. The error that occurred was in fact <u>Not</u> "HARMLESS". Petitioners life & liberty is at stake here. Had counsel been appointed things may have been differed. At least to a fair & adequate trial as is protected by the 6ᵗʰ & 14ᵗʰ Amendments of the U.S. Constitution.

12.) Petitioner argues that his claim does show "cause" because, petitioner did have a constitutional RIGHT to counsel, on his Appeal as of right.

VI  That his Armed Robbery conviction violated his 14th Amendment right to due process & should be VACATED because it is a lessee included offense of Attempted (1st degree) MURDER;

– AND –

VII  Petitioners 14th Amendment right to Due Process were violated because he was convicted of more than one Attempted (1st degree) MURDER, when the convictions arose out of the same physical Act & the victim was the same for each conviction.

– Note –  * Petitioner prays to consolidate these arguments because of their close relation of eachother.

1.)  As argued in his post-conviction, this petitioner asserts that his conviction for Armed Robbery should be VACATED because it was a lessee-included offense of Attempted (First-Degree) Murder; if not lessee-included offense, petitioner argues that his convictions of two counts of Attempted (1st degree) Murder, & Armed Robbery were based on:

(A) Petitioner being armed with a deadly weapon;
(B) The same location and time of the offense;
(C) The time-interval between successive parts of petitioners conduct;
(D) The identity of the victim being the same;
(E) The similarity of the Acts performed;
(F) The prosecutorial (intent) as reflected in the language of the information;

2.)  Thus, based on the foregoing factors, both counts of attempted murder, & Armed Robbery, are based on the same physical acts.

3.)  Petitioners constitutional rights were violated because he was convicted of more than one attempted murder arising out of the same physical Act & there was only one victim. See, e.g. People v. Pitsonbarger (1990), 142 Ill. 2d 353, 508 N.E. 2d 783; People v. Mack, although there was evidence to support a conviction of all three charges of intentional, knowing & felony murder, there was only one man murdered & therefore, there could be but one conviction for murder because the intentional killing involved a more

46 of 51

culpable mental state, the court upheld the intentional murder & vacated the knowing & felony murder counts, 105 Ill. 2d 85, 473 N.E. 2d 230 (1987).

4.)   This petitioner argues that count two (Attempted First Degree Murder) is based on the alleged fact of a second attack of cutting the victims throat, with a knife after returning to the crime scene.

5.)   Petitioner argues that the intent of murder, the PREMEDITATION of first degree murder, to PRE-PLAN, could not be completed until murder was completed.

6.)   This is all based on the intent to commit murder. Even though there is reason to convict on both counts of Attempted (1st degree) Murder, it is still based on the same physical act. Thus count of two of Attempted (1st degree) murder should be vacated; count one & count two is both based on the same intent, the same culpable mental state, the same victim, the same weapon, the same location, & the same allegations contained in the charging instrument.

7.)   Here the petitioner was convicted of two counts of Attempted (1st degree) Murder And (1) count of armed robbery. Although the evidence may have been sufficient to establish guilt on all three counts, there was none-the-less only one victim, & only one act of Attempted (1st DEGREE) Murder.

8.)   In order to be classified as a lesser-included offense, all the elements must be included within the greater offense or there must be a lesser culpable mental state People V. Smith, 78 Ill. 2d 298, 306, 399 N.E. 2d 1289, (1980); People V. Brown, 218 Ill. App. 3d 890, 898, 578 N.E. 2d 1168 (1991).

9.)   In People V. Rodriguez, the defendant asserted that his conviction for home invasion should be vacated because it was a lesser-included offense of Aggravated criminal sexual Assault. If not a lesser-included offense, the defendant asserted that both convictions were based on defendant being armed with a deadly weapon, thus making the home invasion & aggravated criminal sexual assault based on the same act. physical Act. The court agreed. 267 Ill. App. 3d 942, 642, 641 N.E. 2d 939 (1st Dist. 1994).

10.)   In Rodriguez, the court delineated factors to determine whether the defendant's conduct consisted of a single act or multiple acts as follows:

(A) the existence of an intervening act or event;
(B) the time interval between successive parts of the defendant's conduct;
(C) the identity of the victim;
(D) the similarity of the acts performed;
(E) whether the conduct occurred at the same location; &
(F) the prosecutorial intent as reflected in the language of the criminal information.

See Also, People V. Williams, 143 Ill. App. 3d 658, 665, 493 N.E. 2d 362 1986

(upholding same six-part factor evaluation).

11.)    In support of this argument, petitioner argues that as far as truth & proof of petitioner's guilt of one-crime/one-act:

(A) It must first be proven that all action from beginning to end was an effect to reach a specific goal, without any independent action which in fact separates those involved, or provides a separate act which brings a diversion between those in combined effort of this goal.

(B) If there is any action through this criminal process which separates in any fashion & can be proven by one single fact supporting diversion to bring about a separate action in event then, whatever the event diversion entailed providing additional counts to be applied as their own crime in classification, & sentencing potential.

(C) In the premeditation to commit first degree murder on the victim in this case, the prosecution by its own proof presented before the court, qualifies all defendants as those who work as one in the effort of this crime to reach this goal.

(D) And in their own failure to its success, they were left with the crime of attempted FIRST DEGREE murder.

## END of ARGUMENT(S)

## CONCLUSION:

    Petitioner asserts that his sentence & conviction should be vacated, do to the direct violation(s) of his United States Constitutional right to Due Process & Appointment of Counsel. As argued in this brief.

## RELIEF SOUGHT

WHEREFORE, this petitioner JASON M. GADDIS, prays this Honorable Court grant the following relief:

A) Accept jurisdiction over this case pursuant to 28 U.S.C. § 2254;

B) Require the respondent to answer the allegations in the Petition & this Brief in support.

C) Hold such evidentiary hearing as this court may deem necessary or appropriate;

D) Issue an order that this Court will grant a writ of Habeas Corpus unless the state holds a new trial within a specified time; &

E) Issue a writ of Habeas Corpus freeing petitioners ~~free~~ from his unconstitutional confinement.

Date: _June 6th, 2007_

Respectfully submitted
JASON M. GADDIS  PRO-SE

/s/ _Jason M. Gaddis_
Reg No: B44293

---

Pursuant to 28 U.S.C. 1746, 12 USC 1691 (c) 735 ILCS 5/1-109, I declare under penalty of perjury, that everything contained herein is true & accurate to the best of my knowledge.

Signed this _6th_ day of June, 2007;

/s/ _Jason M. Gaddis_
Petitioner Pro se

ADDRESS: JASON M. GADDIS
Reg. No. B-44293

. 49 of 51

APPENDIX & EXHIBITS

EXHIBIT(S):
NOTICE OF FILING, (10-30-1996), (EX.1) .................... A-1
NOTICE OF APPEAL, (10-30-1996), (EX.2) .................... A-2
MOTION TO PROCEED INFORMA PAUPERIS AND APPOINTMENT OF COUNSEL,(10-30-96),(EX.3) A-3
VERIFICATION OF CERTIFICATION, (10-30-1996), (EX.4) ........ A-4
PROOF OF SERVICE, (10-30-1996), (EX.5) .................... A-5
REPORT OF PROCEEDINGS, (COVER-SHEET) AT PLEA (9-13-1996), (EX.6) .. A-6
APPELLATE COURT ORDER, (12-31-1996), (EX.7) .............. A-7
APPELLATE COURT NOTIFICATION, (12-4-1996), (EX.8) ......... A-8
DISCIPLINARY RECORD, (1-6-1998), (EX.9) .................. A-9

CORRESPONDENCE(S):

FROM KALMAN MINKUS, (Attorney) (1-22-2001), (EX.10) ....... A-10-11
FROM KALMAN MINKUS, (Attorney) (4-5-2001), (EX.11) ........ A-12
FROM MICHAEL ORENSTEIN, (Asst-Appellate defender) 1st dist (5-31-2001), (EX.12) .. A-13
FROM MICHAEL ORENSTEIN, (Asst-Appellate defender) 1st dist. (7-23-2001), (EX.13) . A-14
FROM MICHAEL ORENSTEIN, (Asst- Appellate defender) 1st dist. (8-7-2001), (EX.14) .. A-15
TO CLERK OF MACON COUNTY, (6-25-2002), (EX.15) ........... A-16
FROM KAREN MUNOZ (Asst. Appellate defender), 4th dist. (7-17-2002), (EX.16) ....... A-17-18
FROM KAREN MUNOZ (Asst. Appellate defender), 4th dist. (8-5-2002), (EX.17) ........ A-19
FROM MICHAEL ORENSTEIN (Asst. Appellate defender), 1st dist. (6-4-2003), (EX.18) .. A-20
GRIEVANCE, (MAIL HANDLING), (8-31-2005), (EX.19) ......... A-21
TO ARDEN LANG, (Asst. Deputy Defender), 4th dist., (10-21-2005), (EX.20-23) ...... A-22-25

PROCEEDING(S):

INFORMATION (COUNT I - III), FILED, (4-26-1996) .......... A-26-31
POST-TRIAL MOTION ATTACKING A VOID JUDGEMENT, (FILED (7-8-2002) .. A-32-33
PETITION FOR POST-CONVICTION RELIEF, FILED, (11-17-2002) .. A-34-44
MOTION TO DISMISS PETITION FOR POST-CONVICTION RELIEF 9-2 FILED,(9-22-2004),A45-5
NOTICE OF APPEAL FILED, (4-22-2005) ..................... A-52-53
BRIEF AND ARGUMENT FOR DEFENDANT-APPELLANT MAILED, (4-26-2006) .. A-54-71
RULE 23 ORDER FILED, (8-1-2006) ........................ A-72-76
DENIAL FOR PETITION FOR REHEARING, (8-22-2006) .......... A-77
MOTION TO FILE A LATE APPEAL GRANTED, (3-23-2007) ....... A-78
PETITION FOR LEAVE TO APPEAL signed, (1-16-2007) ........ A-79-91
DENIAL FOR PETITION FOR LEAVE TO APPEAL, (5-31-2007) ..... A-92
(SECOND) PETITION FOR POST-CONVICTION RELIEF MAILED, (6-4-2007) .. A-93-99
BRIEF IN SUPPORT OF PETITION FOR POST CONVICTION RELIEF MAILED, (6-4-2007)...
                                                         A-100-117

MOTIONS AND AFFIDAVIT(S) IN SUPPORT
      OF FEDERAL HABEAS CORPUS:

MOTION FOR APPOINTMENT OF COUNSEL;............................A-118 - 119
CERTIFICATE OF ACCOUNT BALANCE;..............................A-120
PETITION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS;..A-121 - 122
AFFIDAVIT IN SUPPORT OF MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS;....A-123 - 124
6 MONTH INMATE TRANSACTION STATEMENT;........................A-125 - 126
PETITION FOR WRIT OF HABEAS CORPUS AB TESTIFICADUM;..........A-127 - 129
ORDER ~ (FOR WRIT OF HABEAS CORPUS AD TESTIFICADUM);.........A-130
AFFIDAVIT IN SUPPORT OF WRIT OF HABEAS CORPUS;..............A-131

    * ALL SAID DOCUMENTS ARE TO BE E-FILED (ELECTRONICLY FILED)
     IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL
     DISTRICT OF ILLINOIS AT;

        Pontiac Correctional Center, Pontiac Illinois, 61764

E-FILED
Thursday, 14 June, 2007  02:32:28 PM
Clerk, U.S. District Court, ILCD

IN THE  SIXTH  JUDICIAL CIRCUIT OF  ILLINOIS
MACON      COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS          )
        Respondent,                      )
                                         )  Case No.  96-CF-433
            v.                           )
                                         )
                                         )
JASON GADDIS                             )
Defendant/Appellant

STATE OF ILLINOIS                   )
                                    )  Docket Number: _____
COUNTY OF   MONTGOMERY              )

### NOTICE OF FILING

TO:  LAWRENCE FICHTER           TO:   JIM RYAN

Macon County State's Attorney         Attorney General of Illino

101 S. Main St.                       500 S. Second St.

Decatur, Il  62523                    Springfield, Il  62706


PLEASE TAKE NOTICE that on _October 30th_____, 199 6 , I have

filed with the  Macon County Circuit Clerk, Kathy A. Hott,

141 S. Main St.,  Decatur, Il  62523                        ,

( 3 ) copies  one  of which are hereby served upon you.

                        /s/ _Jason M. Gaddis_____

A-1

Exibits  1

IN THE CIRCUIT COURT OF _____MACON_____ COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS )
                                )
                Plaintiff, )
                                )
          vs.                 )     Case No. 96-CF-433
                                )
JASON GADDIS         Defendant. )
                                )

NOTICE OF APPEAL

An appeal is taken from the Order or Judgment described below:

(1)    Court to which appeal is taken:

      Fourth District Appellate Court

(2)    Name of appellant and address to which notices shall be
      sent:
      Name _____ No. _____
      Address: Graham C.C., P.O. Box 500, Hillsboro, Il 62049

(3)    If appellant is indigent and has no attorney on appeal,
      does he want one appointed by the court? __Yes__

(4)    Date of Judgment or Order: __October 1, 1996__

(5)    Offense of which convicted: __Armed Robbery__

      __Attempt First Degree Murder 2 Counts__

(6)    Sentence: __6 years, 20 years and 20 years consecutive__

(7)    Type of proceeding:  Bench Trial_____

      Jury Trial_____ Plea Agreement __Yes__

                            *Jason M. Gaddis*
                            Appellant

A-2

Exibit 2

In the Circuit Court of

The ___SIXTH___ Judicial Circuit

___MACON___ County, Illinois

PEOPLE OF THE STATE OF ILLINOIS, )

Plaintiff-Respondent, )

·VS· )

___JASON GADDIS___ )

Defendant-Petitioner. )

No. ___96-CF-433___

Honorable

___JERRY L. PATTON___

Judge Presiding.

# *Motion to Proceed in Forma Pauperis And Appointment of Counsel*

**COMES NOW** your petitioner, ___JASON GADDIS___, respectfully presents to the Court his Motion and in support thereof states as follows:

1. That he is presently incarcerated in the **John A. Graham Correctional Center; P.O. Box 499; Hillsboro, Illinois, 62049-0499**, and he is the defendant in the above entitled cause.

2. That he is without sufficient funds, real or personal estate, income, or other assets with which to pay the cost of these proceedings, or to employ an attorney to represent him in this matter.

3. That defendant is not an attorney and as such does not possess sufficient knowledge or legal skills to represent himself, and ask that this Court appoint legal counsel to assist him in this cause.

4. That he has attached an affidavit to support his request for this motion.

**WHEREFORE**, defendant prays that this Court grant his motion to proceed in forma pauperis and to appoint legal counsel in the above entitled cause.

Respectfully submitted,

*Jason M. Gaddis*

Pro. se,

A-3

Exibit 3

## VERIFICATION OF CERTIFICATION

I, _____JASON GADDIS_____, the undersigned, certify
and state:

  1.  I am the defendant-appellant in the above-captioned
      matter;

  2.  I have read the foregoing application and have
      knowledge of its contents;

  3.  Under penalties as provided by law pursuant to Chapter
      735 section 5/1-109 of the Code of Civil Procedure, I
      certify that the statements set forth in the foregoing
      document is true and correct except as to matters
      therein stated to be on information and belief, and as
      to such matters I certify that I believe the same to be
      true.

                              _____
                              Appellant


Signed before me this 30 day of October, 19 96.

                              _____
                              Notary Public


                         ✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦
                         ✦    "OFFICIAL SEAL"    ✦
                         ✦      JULIE HOWARD     ✦
                         ✦ NOTARY PUBLIC, STATE OF ILLINOIS ✦
                         ✦ MY COMMISSION EXPIRES 11-13-99 ✦
                         ✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦


A-4

Exibit 4

# Proof Of Service

STATE OF ILLINOIS )
) SS.
COUNTY OF MONTGOMERY )

I, JASON GADDIS , being first duly sworn on oath deposes and says that ___I___ served the

within: ___Notice of Appeal___ upon the below named:

TO:
KATHY A. HOTT
Circuit Clerk of Macon County
141 S. Main St.
Decatur, Il  62523

LAWRENCE FICHTER
Macon County State's Attorney

JIM RYAN
Attorney General of Illinois

by placing a true and correct copy of said: ___Notice of Appeal___

IN AN ENVELOPE, ADDRESSED AS IS SHOWN ABOVE.

That ___I___ sealed said envelope and the State placed sufficient U.S. Postage on same, and deposited said

envelope so sealed and stamped in the United States Mail at the John A. Graham Correctional Center, Hillsboro,

Illinois, 62049, on the day ___30th___ of ___October___, 19 _76_.

_____

## NOTARY PUBLIC

Subscribe and sworn to before me this the __30__ day of

__October__, 19 _96_

(Seal)

_____
Notary Public

My Commission Expires:___11-13-99___

"OFFICIAL SEAL"
JULIE HOWARD
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11-13-99

A-5

Exibit 5

<pre>
 1                        IN THE CIRCUIT COURT
              FOR THE SIXTH JUDICIAL CIRCUIT OF ILLINOIS
 2                       MACON COUNTY, ILLINOIS

 3
    THE PEOPLE OF THE STATE      )
 4  OF ILLINOIS,                 )
                                 )
 5       -vs-                    )   No. 96-CF-433
                                 )
 6  JASON GADDIS,               )
                                 )
 7            Defendant.         )

 8
                       REPORT OF PROCEEDINGS AT
 9                        PLEA OF GUILTY

10
                        BE IT REMEMBERED that the above-entitled
11  cause came on for hearing on the 13th day of September,
    1996 before the Hon. Jerry L. Patton, Circuit Judge.
12

13  APPEARANCES:    MR. RICHARD CURRENT
                    Macon County Asst. State's Attorney
14                  Macon County Building
                    Decatur, IL  62523
15

16                        On behalf of the People;

17       *     MR. MARK MORTHLAND - (Jason Gaddis)
                    Macon County Asst. Pubic Defender
18                  Macon County Building
                    Decatur, IL  62526
19
                          On behalf of the Defendant.
20

21                        WHEREUPON the following proceedings were
    had and entered of record in said cause:
22

23                        Gina K. Jones
                    Certified Shorthand Reporter
24                  CSR License No. 084-003651
</pre>

A-6

Exibit 1

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT


In re: People V. Gaddis, Jason
       General No. 4-96-0898
       County of Macon
              96CF433


O R D E R

This matter is heard upon a Rule, entered upon this
Court's own motion, against appellant to show cause why the
appeal should not be dismissed for failure to file a docketing
statement as required by Supreme Court Rule 312.

The Court, being fully advised of the premises, hereby
enforces the Rule and dismisses the appeal for failure to comply
with this Court's Rule.

Appeal dismissed.


ENTERED:  12/31/96



```
FILED

DEC 3 1 1996

Clerk of the
Appellate Court, 4th Dist.
```

BY ORDER OF THE COURT
CONSISTING OF THE PANEL OF:

Honorable Frederick S. Green
Honorable James A. Knecht
Honorable Robert J. Steigmann


A-7

Exhibit B

STATE OF ILLINOIS
APPELLATE COURT
Fourth District
SUPREME COURT BUILDING
SPRINGFIELD   62701-1792

CLERK OF THE APPELLATE COURT
(217) 782-2586

RESEARCH DIRECTOR
(217) 782-3528

DATE:    12/04/96

RE:      People V. Gaddis, Jason
         General No.: 4-96-0898
         County: Macon
         Trial Court No.: 96CF433

TO COUNSEL:

I have today entered the following order of the Court in the above entitled cause:

'Appellant ruled to show cause, on or before 12/11/96, why appeal should not be dismissed for failure to file docketing statement as required by Rule 312. Failure to comply with this Rule will result in dismissal of appeal.'

Darryl Pratscher, Clerk
Appellate Court
Fourth District, Illinois

TO: Jason Gaddis
    B44293
    Graham Correctional Center
    R.R. #1, Highway 185, P.O. Box 499
    Hillsboro, IL  62049

    Kathy A. Hott
    Circuit Clerk, Macon County

A-8

Exhibit 8

Illinois Department of Corrections
## DISCIPLINARY RECORD

NAME: _Jason M. Goddis_ (1)    REG. NO.: B44293

| DATE | OFFENSE | DISCIPLINARY ACTION |
|------|---------|---------------------|
| 2-7-97 | 307. Unauth, 403., DDO. | B/mo, N/C/mo |
| 2-2-97 | 405- Fail to report | Rep. |
| 2-13-97 | 403- DDO, 402 Health Saf. | GT/mo, C/mo. |
| | | Seg 1 mo. |
| 5-13-97 | 202 Dam of Prop, 401 Abus of Priv. | $50.00 Rest. |
| 7-21-97 | 206 Intimidation | 3mo No Phne |
| | | Gt 6mos, C 6mos |
| | | N/ yard 3mo. |
| | | Seg 6mo. |
| 7-18-97 | 202 Dam of Property | $40.00 Rest, no phne 3mo |
| 12-4-97 | 403 DDO, 202 Dm of Property | C 2mo, Seg 2mo |
| 12-19-97 | 202 damg prop, 402 health viol | $45.50 rest mcc |
| 12-20-97 | 402 Health Saf. Viol. | C/mo, Seg. 15 dys |
| | | Rest. $70.00 mcc |
| 1-6-98 | 202 Dm of Property | C 1 mo. |
| (1) | 101 Arson  402 Health Saf. | Rest $77.15 mcc |
| | 403 DDO. 304 Insolnc. 403 DDO. | — |
| 3-23-98 | 202 Dm of Property, | N/ Yard 3mo |
| | 310 Abus of Priv | Rest $27.00 mcc |
| 4-3-98 | 202 Damg. Prop | LO Yd 1mo Restit $15.00 mcc |
| 7/1/98 | Men to Jol. C.C. | |
| 8/30/98 | 202 damage/misuse prop. | Rep |
| 10/13/98 | 308 unauth property. | 2mo C Gr |
| 10/26/98 | 403 dis ord, 404 viol rules 1, 18 | Rep |
| 10/31/98 | 203 drugs/drug paraph. | 3mo C, 3mo Seg |
| 12/20/98 | 102 asslt, 402 health viol, 403 dis ord. | 6mo C, 6mo Seg |

DCA 560 (Rev. 4/86)
IL 426-0197

A-9    Exibit 9

**"KALMAN" CARL MINKUS**
Attorney at Law
P.O. Box 59575   Chicago, Illinois   60659
Tel. 773-465-2385

January 28, 2001

Dear Mr. Gattis,

In reply to your letter, postmarked January 16, 2001, in order for me to try and help you, please provide me with the following information:

1. Birthday, married, single divorced.
2. Family members and their addresses.
3. At the time of the alleged crimes,
   a) were you under the influence of any drug(s) or alchohol.
   b) were you then or now psychiatrically ill.
4. Provide a detailed description of the alleged crime; including <u>the date</u> (very important), was anybody injured and were you on bond, pending another charged crime?
5. Date you were charged with the alleged crimes.
6. What do you mean by "open plea?"
7. Were you given psychotropic drugs on the date of your plea, or prior to that date?
8. What psychotropic drugs were administered to you and in what amounts?
9. Date of your conviction.
10. What "transcripts" were given to you or withheld?
11. How are the "transcripts relevant to your conviction or sentence?"
12. Date you were sentenced.
13. Was an "appeal" taken from your conviction and sentence?
14. If so, what happened in your appeal?

Page ①      A-10      Exibit 10

(15)  SEND ME A COPY OF ANY COURT PAPERS
      YOU HAVE, CONCERNING YOUR CASE.

(16)  SPECIFICALLY, WHY DO YOU THINK YOUR
      CONVICTION AND/OR SENTENCE SHOULD BE
      CHANGED?

(17)  PROVIDE ME WITH ANY OTHER INFORMATION,
      THAT YOU THINK I SHOULD KNOW.

                        SINCERELY
                        KALMAN MINKUS

A-11

Exibit 10 con

**"KALMAN" CARL MINKUS**
Attorney at Law
P.O. Box 59575   Chicago, Illinois   60659
Tel. 773-465-2385

APRIL 5, 2001

RE: PEOPLE V. GADDIS

DEAR MR. GADDIS,
   IN REPLY TO YOUR LETTER OF MARCH 25, 2001,
IT IS MY OPINION, AS FOLLOWS:

① THE STATEMENTS ALLEGEDLY MADE BY YOU REGARDING "THREATS", ARE AN EXCEPTION TO THE HERESAY RULE AND WERE THEREFORE ADMISSABLE.

② STATEMENTS BY JODY R., ARE ALSO AN EXCEPTION TO THE HERESAY RULE AND WERE THEREFORE ADMISSABLE.

③ THE HUGE PRESUMPTION THAT AN ATTORNEY HAS ACTED COMPETENTLY, HAS NOT BEEN OVERCOME IN YOUR CASE, AS REFLECTED BY THE TRANSCRIPT.

④ YOUR CONSECUTIVE SENTENCES DID VIOLATE THE ILLINOIS STATUTES AND THE SUPREME COURT CASE OF APPREND. V. NEW JERSEY.

ACCORDINGLY, IF YOU APPROVE, I SHALL PREPARE THE FOLLOWING TYPEWRITTEN DOCUMENTS:

Ⓐ AFFIDAVIT OF PAUPERACY. (YOU CANNOT AFFORD TO PAY THE FILING FEES.)

Ⓑ A "PRO SE" - BY YOURSELF, "POST CONVICTION PETITION," ASKING FOR THE FOLLOWING RELIEF.
   ① AN ATTORNEY OR PUBLIC DEFENDER BE APPOINTED TO PROSECUTE THE "POST CONVICTION PETITION.

   ② VACATE YOUR SENTENCE

   ③ CONDUCT A RESENTENCING HEARING, WHEREIN YOUR SENTENCES WILL RUN CONCURRENTLY.

(OVER)   A-12

Exibit II
(1 of 2)



## OFFICE OF THE STATE APPELLATE DEFENDER
## FIRST JUDICIAL DISTRICT

JAMES R. THOMPSON CENTER
100 WEST RANDOLPH STREET -- SUITE 5-500
CHICAGO, ILLINOIS 60601
TELEPHONE: 312/814-5472
FAX: 312/814-1447

MICHAEL J. PELLETIER
DEPUTY DEFENDER

May 21, 2001

KENNETH L. JONES
GORDON H. BERRY
ALAN D. GOLDBERG
PATRICIA UNSINN
MANUEL S. SERRITOS
BARBARA C. KAMM
JAMES E. CHADD
LORI L. MOSBY
DEBRA R. SALINGER
ANN C. MCCALLISTER
PATRICIA MYSZA
LINDA EIGNER
MARIA A. HARRIGAN
PAMELA Z. O'SHEA
YASEMIN EKEN
TOMAS G. GONZALEZ
TRACY A. McGONIGLE
RONALD S. PACKOWITZ
AMY KRAUS
MICHAEL C. BENNETT
CHRISTOPHER W. BUCKLEY
DEBORAH ISRAEL
MICHAEL H. ORENSTEIN
LINDA M. OLTHOFF
BONNIE KIM
NICOLE HOSLER
ERIN STONE
JENNIFER BONJEAN
SARAH M. JACOBY
ASSISTANT DEFENDERS

Jason Gaddis
Register No. B44293
Shawnee Correctional Center
P.O. Box 400
Vienna, IL 62995

Dear Mr. Gaddis:

Kalman Minkus asked me to get in touch with you.  He said you apparently were denied you appeal.  I want to see what I can do to get it started again, if anything.  Please give me a collect call, or, if you can't call collect, write me and let me know how it was that you were denied your appeal.

Sincerely,

Michael Orenstein

Michael H. Orenstein
Assistant Appellate Defender

A-13

Exibit 12



# OFFICE OF THE STATE APPELLATE DEFENDER
# FIRST JUDICIAL DISTRICT

JAMES R. THOMPSON CENTER
100 WEST RANDOLPH STREET -- SUITE 5-500
CHICAGO, ILLINOIS 60601
TELEPHONE: 312/814-5472
FAX: 312/814-1447

**MICHAEL J. PELLETIER**
DEPUTY DEFENDER

July 23, 2001

KENNETH L. JONES
GORDON H. BERRY
ALAN D. GOLDBERG
PATRICIA UNSINN
MANUEL S. SERRITOS
BARBARA C. KAMM
JAMES E. CHADD
LORI L. MOSBY
DEBRA R. SALINGER
ANN C. MCCALLISTER
PATRICIA MYSZA
LINDA EIGNER
MARIA A. HARRIGAN
PAMELA Z. O'SHEA
YASEMIN EKEN
TOMAS G. GONZALEZ
TRACY A. McGONIGLE
RONALD S. PACKOWITZ
AMY KRAUS
MICHAEL C. BENNETT
CHRISTOPHER W. BUCKLEY
DEBORAH ISRAEL
MICHAEL H. ORENSTEIN
LINDA M. OLTHOFF
BONNIE KIM
NICOLE HOSLER
ERIN STONE
JENNIFER BONJEAN
SARAH M. JACOBY
ASSISTANT DEFENDERS

Jason Gaddis
Register No. B44293
Shawnee Correctional Center
P.O. Box 400
Vienna, IL 62995

Dear Mr. Gaddis:

Thank you for your letter and I have not forgotten you.  I really can only work on your case as time permits as we are not appointed, so I will do the best I can but I can't promise anything in terms of when exactly I might draft the motion for a supervisory order.

Sincerely,

Michael H. Orenstein
Assistant Appellate Defender

A-14

Exibit 13



## OFFICE OF THE STATE APPELLATE DEFENDER
### FIRST JUDICIAL DISTRICT

JAMES R. THOMPSON CENTER
100 WEST RANDOLPH STREET -- SUITE 5-500
CHICAGO, ILLINOIS 60601
TELEPHONE: 312/814-5472
FAX: 312/814-1447

MICHAEL J. PELLETIER
DEPUTY DEFENDER

August 7, 2001

KENNETH L. JONES
GORDON H. BERRY
ALAN D. GOLDBERG
PATRICIA UNSINN
MANUEL S. SERRITOS
BARBARA C. KAMM
JAMES E. CHADD
LORI L. MOSBY
DEBRA R. SALINGER
ANN C. MCCALLISTER
PATRICIA MYSZA
LINDA EIGNER
MARIA A. HARRIGAN
PAMELA Z. O'SHEA
YASEMIN EKEN
TOMAS G. GONZALEZ
TRACY A. McGONIGLE
RONALD S. PACKOWITZ
AMY KRAUS
MICHAEL C. BENNETT
CHRISTOPHER W. BUCKLEY
DEBORAH ISRAEL
MICHAEL H. ORENSTEIN
LINDA M. OLTHOFF
BONNIE KIM
NICOLE HOSLER
ERIN STONE
JENNIFER BONJEAN
SARAH M. JACOBY
ASSISTANT DEFENDERS

Jason Gaddis
Register No. B44293
Shawnee Correctional Center
P.O. Box 400
Vienna, IL 62995

Dear Mr. Gaddis:

I am sorry but I will not be able to prepare you a pro se motion for a supervisory order. I had hoped to argue that you were deprived of your right to counsel because your trial counsel had not filed your notice of appeal properly. But I called the Fourth District Appellate Court Clerk's office and they said that you filed your appeal pro se and did not request appointment of counsel. I am not saying this is fair but it removes the legal tool I would have used to argue that your appeal should be reinstated.

Also, I do not see any grounds for relief for you at the present time. It is virtually impossible to appeal from a guilty plea without first filing a post-plea motion with the trial court. I had hoped that there would be an Apprendi exception (that is, you would not need to have filed a post-plea motion to make an Apprendi argument on appeal) but the Illinois Supreme Court has found that consecutive sentences do not violate Apprendi. Unless the United States Supreme Court disagrees, there is no Apprendi relief available.

So I am sorry I cannot be of more help. Take care. Enclosed please find your original documents I received from Kalman Minkus: your trial transcripts and trial discovery materials.

Sincerely,

Michael H. Orenstein
Assistant Appellate Defender

A-15

Exibit 14

Jason Gaddis
B 44293-IRCC
FILED
JUL 0 1 2002
Kathy A. Hott
Circuit Clerk

To: Kathy A. Hott
Circuit Clerk of Macon County

I'm writing in regards to a lost copy of my Notice of Appeal filed Pro Se concerning case No. 96-CF-4_

The proof of Service date would be dated Oct. 30, 96.

I'm aware of the time element regarding my need. However, in my frustration of knowing 46 yrs of my life is to be spent here unless I get some judicial review.

This awareness has brought me to the understand_ of what efforts I have to make so the errors in my defense may be corrected regarding the amount of time I'm dealing with now.

Its my hope and prayers that your office may send me all copies of recieved and filed papers concerning my case, as well as any responses of filings or findings of court orders. This would be greatly appreciated.

Thank You for your time and patience, May our Heavenly Creators Grace and Peace be with You.

With deepest Respect

Sincerly;
Jason M. Gaddis

A-16

Exhibit 15



# OFFICE OF THE STATE APPELLATE DEFENDER
# FOURTH JUDICIAL DISTRICT

### 400 SOUTH NINTH STREET • SUITE 102 • P.O. BOX 5750
### SPRINGFIELD, IL 62705-5750
### TELEPHONE: 217/782-3654 • FAX: 217/524-2472
### WWW SITE: http://www.state.il.us/defender/

**DANIEL D. YUHAS**
DEPUTY DEFENDER

———————————

KAREN MUNOZ
JEFFREY D. FOUST
GARY R. PETERSON
LAWRENCE J. ESSIG
JUDITH L. LIBBY
ARDEN J. LANG
MARTIN J. RYAN
JOHN M. McCARTHY
DUANE E. SCHUSTER
JENIFER L. JOHNSON
JACQUELINE L. BULLARD
ROBERT N. MARKFIELD
KELEIGH L. BIGGINS
SUSAN M. WILHAM
JOSHUA D. CARTER
ASSISTANT APPELLATE DEFENDERS

July 17, 2002

Jason Gaddis
Register No. B-44293
Box 1000
Canton, IL 61520

Dear Mr. Gaddis:

Your recent letter to our First District Office was transferred here because your conviction occurred in Macon County, and any appeals would be filed in the Appellate Court, Fourth Judicial District, which is in Springfield.

I have reviewed your letter but I am not sure exactly what has transpired with your post-conviction appeal. Once your notice of appeal is filed in the Circuit Court, a copy is sent to the Appellate Court. The Appellate Court assigns it a case number and the appellant must prepare a docketing statement, which the Court then uses to prepare a docketing order which indicates when certain things are due to be filed. You indicate that you filed *pro se* and that you did not have an attorney appointed to represent you on appeal. That means that you were responsible for preparing the docketing statement. If it is not prepared within a certain amount of time, the appeal is dismissed. I am not sure if that is what happened in your case, but it is a possibility.

As to your attempt to obtain appellate counsel, you could have requested the trial court to appoint you counsel or you could have made that request of the Appellate Court. I do not know if you had private counsel in the trial court or whether you had the public defender. Our office cannot handle cases unless we are appointed by a court.

A-17

Exhibit 16

Mr. Jason Gaddis
July 17, 2002
Page Two


Again, if you could be clearer as to dates of conviction, when you filed your post-conviction petition, what disposition occurred in the trial court, and what exactly happened in the Appellate Court, I might be able to give you a clearer answer to what you can now try.


Sincerely,

KAREN MUNOZ
Assistant Defender


KM/lk

A-18

Exibit 16 con
2 of 2



## OFFICE OF THE STATE APPELLATE DEFENDER
## FOURTH JUDICIAL DISTRICT

400 SOUTH NINTH STREET • SUITE 102 • P.O. BOX 5750
SPRINGFIELD, IL 62705-5750
TELEPHONE: 217/782-3654 • FAX: 217/524-2472
WWW SITE: http://www.state.il.us/defender/

DANIEL D. YUHAS
DEPUTY DEFENDER

KAREN MUNOZ
JEFFREY D. FOUST
GARY R. PETERSON
LAWRENCE J. ESSIG
JUDITH L. LIBBY
ARDEN J. LANG
MARTIN J. RYAN
JOHN M. McCARTHY
DUANE E. SCHUSTER
JENIFER L. JOHNSON
JACQUELINE L. BULLARD
ROBERT N. MARKFIELD
KELEIGH L. BIGGINS
SUSAN M. WILHAM
JOSHUA D. CARTER
ASSISTANT APPELLATE DEFENDERS

August 5, 2002

Jason Gaddis
Register No. B-44293
Box 1900
Canton, IL 61520

Dear Mr. Gaddis:

Unfortunately, if you decided to handle your appeal *pro se* back in 1996, you were responsible for all aspects of that appeal, including preparing the docketing statement. You indicated that you had a public defender at your trial proceedings. I am not sure if you went to trial or pled guilty. If you pled guilty, there would first have to be a motion to withdraw the plea or a motion to reconsider sentence, whichever was the appropriate motion, filed in the trial court. The trial court's ruling on the motion would precede an appeal. As I mentioned in the earlier letter, you could have requested the appointment of counsel on appeal from either the trial court or the Appellate Court. You would have had to show that financially, you could not afford to hire counsel. Because you had a public defender, that would not have been a problem.

I sympathize with your plight, but unfortunately, the time for filing a direct appeal and a post-conviction petition has run. The Post-Conviction Hearing Act requires that petitions be filed within 3 years of judgment, if no direct appeal is taken. That would have placed your filing deadline as somewhere in October, 1999.

I am enclosing some information on collateral remedies, that may or may not be helpful. Our office cannot assist you at this time. We only handle appeals to which we have been appointed by the trial or appellate courts. If you have any questions after reading the material, I would be glad to try to answer them for you.

Sincerely,

KAREN MUNOZ
Assistant Defender

KM/lk

ENCLOSURE

A-19

Exibit 17



## OFFICE OF THE STATE APPELLATE DEFENDER
## FIRST JUDICIAL DISTRICT

**203 NORTH LASALLE STREET**
**24TH FLOOR**
**CHICAGO, ILLINOIS 60601**
**TELEPHONE: 312/814-5472**
**FAX: 312/814-1447**

**MICHAEL J. PELLETIER**
DEPUTY DEFENDER

June 9, 2003

**MICHAEL H. ORENSTEIN**
ASSISTANT APPELLATE DEFENDER

Jason Gaddis
B44293
Lawrence Correctional Center
Sumner, IL  62466

Dear Mr. Gaddis:

I received your letter of June 3, 2003.  Unfortunately, at this point, my case load is very heavy and I cannot assist with *pro se* petitions for clients whose cases have been closed.  I am sorry I cannot be of more help right now.

MICHAEL H. ORENSTEIN
Assistant Appellate Defender

A-20

Exibit 18

ILLINOIS DEPARTMENT OF CORRECTIONS

**COMMITTED PERSON'S GRIEVANCE**

| Date: 8-21-2005 | Committed Person: (Please Print) GADDIS, JASON M. | ID#: B44293 |
|---|---|---|
| Present Facility: LAWRENCE C.C. | Facility where grievance issue occurred: LAWRENCE C.C. | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [✓] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [ ] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] Other (specify): _____
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator

- [ ] Disciplinary Report: ____ / ____ / ____
  Date of Report _____ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  **Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  **Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  **Chief Administrative Officer**, only if EMERGENCY grievance.
  **Administrative Review Board**, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On the 19th of August, 2005, I recieved a package of trial transcripts, that were thrown in a brown paper sack. I wasn't asked to sign a mail reciept. Several times the legal mail has come to me pre-opened. LEGAL MAIL IS SUPPOSED TO BE PRIVATE. The contents were scrambled together & some appear to be damaged & missing.

END of Report.

**Relief Requested:** For the mail room be notified of this problem & Actions taken to secure our legal privaliges.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Jason M. Gaddis | B44293 | 8.21.05 |
|---|---|---|
| Committed Person's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

| Date Received: ____ / ____ / ____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

**EMERGENCY REVIEW**

| Date Received: ____ / ____ / ____ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner. |
|---|---|---|

| Chief Administrative Officer's Signature | | Date |
|---|---|---|

Distribution: Master File; Committed Person          Page 1          DOC 0046 (Eff.10/2001)
                                    Printed on Recycled Paper          (Replaces DC 5657)

A-21

EX. 19

October 21st, 2005

Office of the States Appellate Defender
            4th Judicial Dist.
℅ Mrs. Arden J. Lang / Assistant Deputy Defender
400 West Monroe st. • Suite 303 • P.O. Box 5240
Springfield, Illinois   62705-5240


RE: Problems w/ Correspondence to the courts $,
     issues concerning, "newly found evidence,"
     to support my appell.


Dear Mrs. Lang

I did recieve your letter (9-1-05), $ I thank you for keeping
me informed about my case.

1) August 21st, 2005  I filed a grievance concerning a package
(Court transcripts),... being a brown paper bag that was given
to me on the 19th. In this paper sack was a pile of court
transcripts. I have no idea as to why anyone would do
this. I have no way to know what exactly was sent $, or
from who. The contents are scrambled together, some were
torn, $ what appears to be missing (by page number)?, If
mail from "your office," or the court is suspose to be private
why is I.D.O.C. (Illinois department of Corrections) going into
my mail? When you send letters or whatever, I.D.O.C. is
suspose to have me sign a certified mail slip. Several times
the mail has been (pre) opened before I recieve it.

I filed a grievance on the 21st of August. Its been 60 days
$ NO one has responded to me. I've put in several request
slips to the grievance officer asking for a reply. Should I
file a grievance directly to Springfield? All I'm trying to
do is stop D.O.C. officers from tampering w/ my private mail.

1 of 4        A-22              Ex. 20

I've been trying to be patience w/ everyone. But, I feel as if I'm being backed into a corner. What else can I do to secure my rights to private council $, correspondence to the courts?

Please, if it's at all possible please help me or lead me towards the correct actions that I must take to insure my rights.

2) My second issue concerns: Newly found evidence,

A) On October 1st (1996), I was sentenced to 20+20 w/ b yes = 46 yes

B) On October 30th, 1996 I filed a Notice of Appeal, $ Motion to proceed in Forma Pauperis as well as a Notice of filing in which was notorised, stamped $ signed by Julie Howard on the Verification of Certification. This package was sent to Macon Co. (6th Circuit) in Illinois. And it was received $ stamped by them On the 1st of November.

C) I was sent to Menard November 20th, 1996 we were on lock down due to the "Richard Speck tapes", $ I was asked by the Fourth District Appellate Court to file a docketing statement. To this day I still don't know what that is. No counsel was ever appointed $ now I have proof that I did ask for council to be appointed. Its on the motion to proceed in forma Pauperis $, appointment of council.

D) Several letters were filed by the 4th Dist. Appellate Court, for me to file a "docketing statement", $ because I didn't file something I didn't know how to file or do I have money to pay someone to file it on my behalf. ...On the 31st of December, 1996 my appeal was dismissed.

E) While corresponding, w/ an Attorney Mr. Kalman Carl Minkus
                                    P.O. Box 59575 Chicago, Illinois
                                    ph.# 773-465-2385                          60659

He referred my case to the first Judicial district, % AN

2 of 4        A-23              Ex. 21

Assistant Appellate Defender, Mr. Michael H. Orenstein. His first letter was May 21st, 2001, in his second letter July 23, 2001 he spoke of drafting a motion for a supervisory order.

F.) On August 7th, 2001 Mr. Orenstein wrote & said,...

> "I will not be able to prepare you a pro se motion for a supervisory order. — cont. → ... But, I called the 4th District Appellate Court Clerk's office &, they said that I did not request appointment of counsel."

e) On July 17th, 2002 I recieved a letter from the (4th Judicial Dist.) by Mrs. Karen Munoz,... she contends that the courts & ~~the~~ assigns it a case number, ... appellant must prepare a docketing statement,... because I didn't have an attorney appointed to represent me on appeal, that it is my responsibility.

> I agree; however, I did request the appointment of council (as shown in record). I was refused council by the Circuit Court.

4.) I would like this to be placed in my file for review, when I'm appointed council as you have said.

(I) I would like to argue that, had I been appointed council as I had requested in 1996. I could have been done w/ all this appeal process years ago &, could have probably found relief. Its a direct violation of my Due Process. Someone, somewhere, has made a mistake &, I have to suffer. I want this argument to be brought before the court... And to possibly reinstate my direct appeal due to the courts own neglect. If not,... is it possible for me to file a State heabe? If so,... please lead me to the right direction.

(J) At the time that I filed my post-conviction I didn't have record of the "Motion to proceede in Forma Pauperis &, Appointment of Council."

3 of 4        A-24            Ex. 22

Now that the courts have send a copy of (their own) I now have proof that I did file aa request for appointment of council.

K.) Please request that the court send me a full copy of the proceeding in the case file 96-CF-433 $, explain to them that the copies that I did recieve are scrambled, $ missing thanks to D.O.C. officers. That I would appreciate a copy of the certified recipt for the postage in which I did not sign,... $ I would like someone to investiged investigate this matter.

L.) Please send me notice that you've recieved this. I too have mar copies of this.


I thank you for your time $ understanding.

Respectfully,

J.M. GADDIS

Jason M. Gaddis

* This package is pre-sealed by me. Please notify me if its been tampered w/.
            Thank You!


This letter is four (4) pages

I have copies of Notice of Filing
            Motion to Proceed in Forma Pauperis $,
                Appointment of Council
            Verification of Certification
            Notice of appeal,...
                        ...if you need them

                4 of 4          A-25            Ex. 23

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT OF ILLINOIS
MACON COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,

-vs-                                      NO. 96-CF-433

JASON M. GADDIS
JODY M. RINDERER



Statutes violated: Ch. 720
Section: 5/8-4(a)
Ill. Compiled Stat.
a Class X crime.

**INFORMATION**
(Count I)

NOW COME the People of the State of Illinois by the State's Attorney
of Macon County and inform this court that on or about April 23, 1996 in
the County of Macon, Illinois, the above-named defendant(s) did commit the
offense of ATTEMPT (FIRST DEGREE MURDER), In that the said defendants,
with the intent to commit the offense of First Degree Murder, in violation
of Illinois Compiled Statutes, Chapter 720, Section 5/9-1(a)(1), performed
a substantial step toward the commission of that offense, in that they,
without lawful justification and with the intent to kill Victoria
Bridgeman, stabbed and cut Victoria Bridgeman about the body with a knife,
struck her with a bottle, and choked her with a telephone cord.

---

STATE'S ATTORNEY OF MACON COUNTY, ILLINOIS

By, _____
first being duly sworn, who states on oath
the above matters to be true.

SEAL                    Subscribed and sworn to before me on 4-26-96

---

                        NOTARY PUBLIC

I hereby waive the right to a preliminary hearing in this cause.

_____Defendant   _____Defendant

I hereby waive the right to trial by jury in this cause.

*Jason M. Gaddis*_____Defendant   _____Defendant

Date:_____   Bond fixed at $_____

---

                        JUDGE

RAC/arw                        A-26

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT OF ILLINOIS
MACON COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,

-vs-                                    NO. 96-CF-

JASON M. GADDIS
JODY M. RINDERER

Statutes violated: Ch. 720
Section: 5/8-4(a)
Ill. Compiled Stat.
a Class X crime.

**INFORMATION**
(Count II)

NOW COME the People of the State of Illinois by the State's Attorney of Macon County and inform this court that on or about April 23, 1996 in the County of Macon, Illinois, the above-named defendant(s) did commit the offense of ATTEMPT (FIRST DEGREE MURDER), In that the said defendants, with the intent to commit the offense of First Degree Murder, in violation of Illinois Compiled Statutes, Chapter 720, Section 5/9-1(a)(1), performed a substantial step toward the commission of that offense, in that they, without lawful justification and with the intent to kill Victoria Bridgeman, returned to the crime scene for a second attack and cut the throat of Victoria Bridgeman with a knife.

_____
STATE'S ATTORNEY OF MACON COUNTY, ILLINOIS

By, _____
first being duly sworn, who states on oath
the above matters to be true.

Subscribed and sworn to before me on 4-26-96

SEAL

_____
            NOTARY PUBLIC

I hereby waive the right to a preliminary hearing in this cause.

_____Defendant   _____Defendant

I hereby waive the right to trial by jury in this cause.

_____Defendant   _____Defendant

Date:_____   Bond fixed at $_____

                          _____
                                    JUDGE

RAC/arw

A-27

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT OF ILLINOIS
MACON COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,

-vs-                                  NO.  96-CF-

JASON M. GADDIS
JODY M. RINDERER

                      Statutes violated:  Ch. 720
                      Section:  5/18-2(a) ILCS
                      FORMERLY:  Ch. 38, Sec.  18-2(a)
                      Ill. Rev. Stat.
                      a Class X crime.

                            INFORMATION
                             (Count V)

      NOW COME the People of the State of Illinois by the State's Attorney
of Macon County and inform this court that on or about April 23, 1996 in
the County of Macon, Illinois, the above-named defendant(s) did commit the
offense of ARMED ROBBERY, In that the said defendants, while armed with a
dangerous weapon, a knife, a liquor bottle and a telephone cord, took
property, being a white 1993 Geo Storm automobile, a purse, a wallet,
credit cards and United States Currency, from the presence of Victoria
Bridgeman, by the use of force.


                      _____
                      STATE'S ATTORNEY OF MACON COUNTY, ILLINOIS

                      By,_____
                      first being duly sworn, who states on oath
                      the above matters to be true.

SEAL                  Subscribed and sworn to before me on 4-26-96

                      _____
                               NOTARY PUBLIC

I hereby waive the right to a preliminary hearing in this cause.

_____Defendant    _____Defendant

I hereby waive the right to trial by jury in this cause.

_____Defendant    _____Defendant

Date:_____    Bond fixed at $_____


                      _____
                               JUDGE

RAC/arw

                            A-28

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT OF ILLINOIS
MACON COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,

-vs-                                    NO.  96-CF-

JASON M. GADDIS
JODY M. RINDERER

                    Statutes violated:  Ch. 720
                    Section:  5/33A-2
                    Ill. Compiled Stat.
                    a Class X crime.
                    (10-30 years)

                         INFORMATION
                         (Count III)

     NOW COME the People of the State of Illinois by the State's Attorney
of Macon County and inform this court that on or about April 23, 1996 in
the County of Macon, Illinois, the above-named defendant(s) did commit the
offense of ARMED VIOLENCE, In that the said defendants, while armed with
a dangerous weapon, a knife with a blade of at least 3 inches in length,
performed acts prohibited by Illinois Compiled Statutes, Chapter 720,
Section 5/12-4(a), in that they knowingly and without legal justification,
stabbed and cut Victoria Bridgeman about the body with the knife and
struck her with a bottle, thereby causing great bodily harm to Victoria
Bridgeman.

                    _____
                    STATE'S ATTORNEY OF MACON COUNTY, ILLINOIS

                    By,_____
                    first being duly sworn, who states on oath
                    the above matters to be true.

                    Subscribed and sworn to before me on 4-26-96
SEAL
                    _____
                              NOTARY PUBLIC

I hereby waive the right to a preliminary hearing in this cause.

_____Defendant    _____Defendant

I hereby waive the right to trial by jury in this cause.

_____Defendant    _____Defendant


Date:_____    Bond fixed at $_____


                              _____
                                          JUDGE
RAC/arw
                         A-29

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT OF ILLINOIS
MACON COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,

-vs-                                   NO.  96-CF-

JASON M. GADDIS
JODY M. RINDERER

                        Statutes violated:  Ch. 720
                        Section:  5/33A-2
                        Ill. Compiled Stat.
                        a Class X crime.
                        (10-30 years)

                        INFORMATION
                        (Count IV)

     NOW COME the People of the State of Illinois by the State's Attorney
of Macon County and inform this court that on or about April 23, 1996 in
the County of Macon, Illinois, the above-named defendant(s) did commit the
offense of ARMED VIOLENCE, In that the said defendants, while armed with
a dangerous weapon, a knife with a blade of at least 3 inches in length,
performed acts prohibited by Illinois Compiled Statutes, Chapter 720,
Section 5/12-4(a), in that they knowingly and without legal justification,
returned to the crime scene for a second attack and cut the throat of
Victoria Bridgeman with the knife, thereby causing great bodily harm to
Victoria Bridgeman.

                        _____
                        STATE'S ATTORNEY OF MACON COUNTY, ILLINOIS

                        By,_____
                        first being duly sworn, who states on oath
                        the above matters to be true.

                        Subscribed and sworn to before me on 4-26-96

SEAL
                        _____
                                NOTARY PUBLIC

I hereby waive the right to a preliminary hearing in this cause.

_____Defendant    _____Defendant

I hereby waive the right to trial by jury in this cause.

_____Defendant    _____Defendant

Date:_____    Bond fixed at $_____

                        _____
                                                JUDGE

RAC/arw                          A-30

\* STATE
\* DISMISSED

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT OF ILLINOIS
MACON COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,

-vs-                                          NO. 96-CF-

JASON M. GADDIS
JODY M. RINDERER

Statutes violated: Ch. 720
Section: 5/18-4(a)(3)
Illinois Compiled Statutes
a Class X crime.
(7-30 years)

**INFORMATION**
(Count VI)

NOW COME the People of the State of Illinois by the State's Attorney of Macon County and inform this court that on or about April 23, 1996 in the County of Macon, Illinois, the above-named defendant(s) did commit the offense of AGGRAVATED VEHICULAR HIJACKING, In that the said defendants, knowingly took a motor vehicle, a white 1993 Geo Storm, with Illinois registration LADYV 93, from the person or immediate presence of Victoria Bridgeman, by the use of force, while armed with a dangerous weapon, a knife, a liquor bottle and a telephone cord.

/s/ Lawrence R. Fichter
STATE'S ATTORNEY OF MACON COUNTY, ILLINOIS

By, /s/ Richard A. Current
first being duly sworn, who states on oath the above matters to be true.

Subscribed and sworn to before me on 4-26-96

SEAL

/s/ Alison R. Welch
NOTARY PUBLIC

I hereby waive the right to a preliminary hearing in this cause.

_____Defendant    _____Defendant

I hereby waive the right to trial by jury in this cause.

_____Defendant    _____Defendant

Date:_____    Bond fixed at $_____

RAC/arw

_____
JUDGE

A-31

IN THE

CIRCUIT COURT OF MACON COUNTY

PEOPLE OF THE STATE OF ILLINOIS,

PLAINTIFF,

FILED

JUL 0 8 2003

KATHY A. HOTT
CIRCUIT CLERK

VS.                              NO. 96 CF 433

JASON M. GADDIS,

DEFENDANT.

## POST TRIAL MOTION ATTACKING A VOID JUDGMENT

NOW COMES, Jason Gaddis, defendant, pro-se, who moves this court to vacate his sentence as void.  In support of this motion, defendant avers as follows:

1.  Defendant was convicted of two counts of attempt murder and one count of armed robbery, after pleading guilty to an open plea before the Honorable Judge Jerry L. Patton.  Defendant was sentenced to 46 years on October 1, 1996.

2.  A notice of appeal was filed, pro-se, on October 30, 1996, and was dismissed by the Fourth District Appellate Court because a docketing statement was not filed.

3.  There is no time limit for filing of this motion.  **People v. Reynor Clinic Pharmacy, Inc.**, 617 N.E.2d 35 (1st. Dist. 1993).

4.  Defendant's constitutional rights were violated because defendant was convicted of two counts of attempt murder for one victim.  Defendant cannot be convicted of more than one attempt murder arising out of the same physical act, and that there was only one victim. **People v. Pitsonbarger**, 142 Ill.2s 353, 508 N.E.2d 783 (Ill.1990).

5.  In **People v. Mack**, 105 Ill.2d 85, 473 N.E.2d 880, the defendant was

1    A-32

charged with and convicted of intentional, knowing, and felony murder. This court stated that although there was evidence to support a conviction of all three charges, there was only one man murdered and therefore, there could be but one conviction for murder because the intentional killing involved the more culpable mental state, the court upheld the intentional murder and vacated the knowing and felony murder counts.

6. Consequently, one of the two attempt murder convictions of defendant's must be vacated.

7. Defendant's constitutional rights were violated because his conviction for armed robbery is a lesser included offense of attempt murder. **People v. Smith**, 701 N.E.2d 1097 (Ill. 1998). Therefore, defendant's armed robbery conviction must be vacated.

**WHEREFORE,** defendant prays that this court will grant the following:

a)  Vacate one of the two convictions of attempt murder;

b)  Vacate his armed robbery conviction as it is a lesser included offense of attempt murder;

c)  appoint counsel to represent defendant because he is indigent; and,

d)  any further relief that this court deems just and proper.

Respectfully submitted,

*Jason M. Gaddis*

Jason Gaddis
Defendant, pro-se
P.O. Box 900-B44293
Sumner, IL 62466

"OFFICIAL SEAL"
JANIS KAY JOKISCH
Notary Public, State of Illinois
My Commission Expires: 9/10/2005

*Janis Kay Jokisch*

*July 3, 2003*

2    A-33

IN THE CIRCUIT COURT
OF THE SIXTH JUDICIAL CIRCUIT
MACON COUNTY, ILLINOIS

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) |
| | ) |
| Plaintiff-Respondent, | ) |
| | ) |
| | ) No. **96-CF-433** |
| vs. | ) |
| | ) The Honorable |
| | ) Theodore E. Paine |
| JASON M. GADDIS, | ) Judge Presiding. |
| | ) |
| Defendant-Petitioner. | ) |

FILED
NOV 17 2007
MARY A. HUIT
CIRCUIT CLERK

### PETITION FOR POST-CONVICTION RELIEF

**COMES NOW,** Jason M. Gaddis, petitioner, Pro-se, and moves this Honorable Court pursuant to the Illinois Post-Conviction Hearing Act (725 ILCS 5/122-1 et seq.) to vacate the judgment and sentence entered in the above-captioned cause.

**IN SUPPORT** thereof, the petitioner states as follows:

1.) That the petitioner is presently incarcerated at the Lawrence Correctional Center in Sumner, Illinois. He is serving a combined sentence of 46 years for consecutive judgments for the offenses of Armed Robbery and two counts Attempted First Degree Murder.

2.) That on October 30th, 1996, petitioner filed a pro-se notice of appeal while at the Graham Correctional Center; however, the appeal was dismissed because petitioner failed to file a Docketing Statement; counsel had not been appointed and petitioner was not familiar with the law or appeal process.

3.) On July 3rd, 2003, a motion for attacking a void judgment was filed to this court, and on July 17th, 2003 the said motion was then denied by the Honorable Theodore Paine.

4.) The Illinois Supreme Court case of People v. Boclair held that a

circuit court may not summarily dismiss a first-stage [Post-conviction] based on untimeliness. 202 Ill.2d 89, N.E.2d (2002).

5.) Following the reasoning elicited in Boclair, the court in Blair held that a circuit court's summary dismissal of a defendant's post-conviction petition could not be affirmed on the grounds that the claims raised in the petition have been waived or are barred by the doctrine of **res judicata** or waiver. People v. Blair, 2003 Ill.App. LEXIS 376 (March 31st, 2003).

6.) Petitioner argues that the Illinois Code of Corrections which permits the imposition of consecutive sentences based on the trial court's findings of fact, rather than requiring the determination by a jury upon proof beyond a reasonable doubt, is in violation of the Due Process clause of the Fifth and Fourteenth Amendments, and the Notice of Jury Trial guarantees of the Sixth Amendment to the United States Constitution:    (730 ILCS 5/5-8-4(a) Concurrent and Consecutive Terms of Imprisonment):

(a)  When multiple sentences of imprisonment are imposed on a defendant at the same time.... The sentences shall run cuncurrently or consec-utively as determined by the court (Jury).... The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless one of the offenses which defendant was convicted was a Class X or Class 1 fel-ony and the defendant inflicted severe bodily injury, .... In which the court shall enter sentences to run consecutively. Sentences shall run concurrently unless otherwise specified by the court.

(b)  The court shall not impose a consecutive sentence except as provided for in subsection (a) unless, having regard to the nature and circu-mstances of the offense and the history and character of the defend-ant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record.

7.) Petitioner argues that the "court" and not the jury found that there was great bodily harm and that this crime was exceptionally brutal and heinous;

"[A]nd they would each qualify for extended terms because the court does find this behavior on this victim was exceptionally brutal and heinous. And the court also finds that the victim did suffer great bodily harm." Sentencing Proceedings at 76.

8.) In **Apprendi v. New Jersey,** the court struck down the New Jersey law

-2-   A-35

because it allowed the judge, not the jury to decide whether a crime arose from racial bias. Citing the defendant's rights to due process of law and his right to a jury trial, this court said Apprendi should not have gotten a stiffer punishment based on the factor the jury did not consider.

9.) Petitioner argues that his rights to due process of law and his rights to a jury trial were violated because:

(a) Great bodily harm and or henious and brutal wasn't charged in the information presented by the State;

(b) It was not presented to a jury;

(c) It was not proven beyond a reasonable doubt.

As set forth in **Apprendi v. New Jersey.**

10.) Petitioner argues that he was not given a fair sentence because he was led to believe by the court under false pretenses, that the charges he was entering a guilty plea to, required mandatory consecutive sentences.

11.) Petitioner argues that under the Illinois Code of Corrections in which he was charged with as set forth by the record, it states:

"[W]hen a sentence is imposed by any district court of the United States, the sentences shall run concurrently ("or") consecutively as determined by the court." (730 ILCS 5/5-8-4(a)).

12.) Petitioner argues that his plea and sentence should be voided because defendant took an open-plea under false pretenses, where during the plea agreement the court stated:

"[A]nd if I recall correctly, I think these are mandatory consecutive sentences." Plea Agreement Proceedings at 4.

13.) Petitioner was unable to obtain a fair trial where he was placed on psychotropic medication (3) days after his plea agreement was taken, and was on this medication during his sentencing hearing as prescribed by Dr. Sunderland of the Macon County Jail.

14.) Petitioner argues that his trial consel was ineffective in that:

(a) Counsel failed to review with his defendant matters pertaining to charges, his plea and sentencing. Under blind faith the trial counsel led defendant through the proceedings, only seeing his defendant twice for a total of about 10 minutes, and showing up at his court dates.

(b) Counsel failed to review with defendant any part of the pre-sentence report made by Dr. Sunderland, therefore defendant was totally blind to the court's proceedings. And in no way could the defendant have a proper sentencing hearing.

(c) Counsel tells defendant that it would be best if he would not question what he (counsel) says in court.

(d) Counsel failed to notify the court that his defendant has been placed on psychotropic medication (3) days after the plea and was currently on medication during the sentencing hearing.

(e) Counsel failed to notify with his client that the State plans to bring forth hearsay testimony by Michael Knutt, Michael Fickes (even though Mr. Fickes was also his client) and the hearsay testimony of Detective Ed Culp. Nothing about their testimony was ever presented in the discovery order.

(f) Counsel gives very little cross-examination to the allegations stipulated by Mr. Knutt. This leading the court to believe what was said was true. <u>Sentencing Proceedings</u> at 8.

(g) Counsel failed to cross-examine at all the testimony of Detective Ed Culp, and that of Mr. Fickes. (Id. at 15).

(h) During the cross-examination of the said victim, this counsel failed to cross-examine the victim based on him knowing the facts and that she several times perjured (impeached) herself while on the stand.

(i) At the end of the sentencing proceedings, defendant asked his trial counsel to help him file his appeal, and the counsel had walked out of the courtroom and never made any other contact with defendant.

15.) Petitioner argues that his Sixth Amendment rights were violated due to ineffective assistance of counsel, due to his blunt failure to preserve his appeal rights as requested by defendant.

16.) Petitioner argues that his counsel's failure to preserve his appeal lead defendant to file a notice of appeal pro-se with the assistance of an inmate law clerk at the Graham Correctional Center, and not knowing that he also had to request the appointment of counsel at that time, and doing what he could to secure his appeal.

17.) Petitioner was transferred to Menard Correctional Center, at which time it was on lockdown due to the release of the Richard Speck tapes in 1996. And soon after without having access to the prison law library, defendant was asked by the 4th District Appellate Court for a Docketing Statement and in his failure to send it and not knowing what to do, the appeal was dismissed.

18.)  Petitioner argues that had his counsel secured his appeal, instead of abandoning his client, petitioner would of then had a proper chance at attacking his conviction and sentence.

19.)  Although the Post-Conviction Hearing Act is not an alternative means for reviewing non-constitutional issues, a hearing under the Act is warranted if the petition makes a substantial showing that the petitioner's rights have been violated. People v. Rose, 43 Ill.2d 273,279, 253 N.E.2d 456 (1969).

20.)  The Sixth Amendment right to counsel encompasses the right to effective assistance of counsel. The determination of whether or not a defendant has received effective assistance of counsel may involve consideration of whether counsel for the defendant has adequately presented certain non-constitutional issues. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,2063 (1984).

21.)  In People v. Wilk, it has been held that a defendant in filing a Pro-se petition for post-conviction relief under the Act does not have to construct legal arguments or cite legal authority. Once the petitioner has shown that the petition is not frivolous, counsel will be appointed. 124 Ill.Dec. 398, 529 N.E.2d 218 (1988).

22.)  In United States v. Gardiner, the court said that no showing of prejudice required where counsel failed to perfect the appeal. Where defendant communicates a desire to appeal, counsel's failure to take the necessary action to file and perfect the appeal constitutes ineffective assistance, irrespective of whether the appeal would actually have succeeded. 666 F.Supp. 267 (D.Me. 1987).

23.)  Petitioner asks this court to grant him a change of venue; in support thereof petitioner states as follows:

(a) There is reason to believe that this case (96-CF-433) has caused this circuit court to become prejudiced and biased towards this petitioner;

(b) This case was widely publicized through the media: via newspapers and television;

(c) This court has heard hearsay testimony of Michael Knutt saying in reference

-5-

A-38

to the exact:
    Q. What did you hear him [the defendant] say in the jail?
    A. He said something about stabbing the Judge or officer or an
       inmate if he got a bunch of time.
    Q. Who were the different people that he said he would stab?
    A. The Judge, inmate, officer or a State's Attorney.
                (Sentencing Proceedings at 7-8)

(d) Petitioner argues that his counsel, the prosecution, and the judge was working in concert to obtain his conviction;

(e) The victim's impact statement was heard by this court, even though she had clearly perjured herself under oath.

(f) Petitioner was told by the State's Attorney, Larry Fitcher, that "if he [the defendant] ever comes back to Macon County, that he will personally see to it that he leaves in a bag." Petitioner believes that the statement "bag" referred to a body-bag.

(g) Furthermore, petitioner asserts that without a change of venue, he can not obtain a fair review of his petition for post-conviction relief, or eventual trial.

24.) Petitioner argues that his conviction for armed robbery should be vacated because it was a lesser-included offense of Attempted First Degree Murder; if not lesser-included offense, petitioner argues that his convictions of two counts of attempted murder, and armed robbery were based on:

(a) Petitioner being armed with a deadly weapon;

(b) The same location and time of the offense;

(c) The time-interval between successive parts of petitioner's conduct;

(d) The identity of the victim being the same;

(e) The similarity of the acts performed;

(f) The prosecutorial intent as reflected in the language of the information;

thus, based on the foregoing factors, both counts of attempted murder, and armed robbery, are based on the same physical acts.

25.) Petitioner's constitutional rights were violated because he was convicted of more than one attempted murder arising out of the same physical act and there was only one victim. (See, e.g. People v. Pitsonbarger (1990), 142 Ill.2d 353, 508 N.E.2d 783).

26.) In **People v. Mack**, the defendant in that case was charged with and convicted of intentional, knowing, and felony murder. The court stated that

although there was evidence to support a conviction of all three charges, there was only one man murdered and therefore, there could be but one conviction for murder because the intentional killing involved a more culpable mental state, the court upheld the intentional murder and vacated the knowing and felony murder counts. 105 Ill.2d 85, 473 N.E.2d 880 (1987).

27.) Also in Mack, the court stated that when multiple convictions are had for offenses arising out of a single act, the rule is that the sentence is imposed on the most serious offense. And, because the intentional killing involved the more culpable mental state, the court upheld the intentional murder conviction and vacated the knowing murder and felony-murder convictions.

28.) In People v. Guest, the defendant was charged with and convicted of intentional, knowing and felony-murder; the conviction for the most serious murder charge was upheld while the convictions on the less serious murder charges were vacated. 115 Ill.2d 72,103, 503 N.E.2d 255 (1986).

29.) In People v. Lego, where judgment was entered on four murder counts, the court held that because, it involves a more culpable mental state, intentional murder is a more serious crime than felony-murder, and therefore, the court affirmed the defendant's conviction for intentional murder and vacated the other convictions for knowing and felony-murder. 116 Ill.2d 323,344, 507 N.E.2d 800 (1987).

30.) This petitioner argues that count two (Attempted First Degree Murder) is based on the alleged fact of a second attack of cutting the victims throat with a knife after returning to the crime scene. Petitioner argues that the intent of murder, the premeditation of first degree murder, to pre-plan, could not be completed until murder was completed. This is based on intent to commit murder. Even though there is reason to convict on both counts of attempted first degree murder, it is still based on the same physical act. Thus, count two of attempted first degree murder should be vacated; count one and count two

is both based on the same intent, the same culpable mental state, the same victim, the same weapon, the same location, and the same allegations contained in the charging instrument.

31.)  Here the petitioner was convicted of two counts of attempted first degree murder and one count of armed robbery. Although the evidence may have been sufficient to establish guilt on all three counts, there was nonetheless, only one victim, and only one act of attempted first degree murder.

32.)  In order to be classified as a lesser-included offense, all the elements must be included within the greater offense, or there must be a less culpable mental state. (See, People v. Smith (1980), 78 Ill.2d 298,306, 399 N.E.2d 1289; and People v. Brown (1991), 218 Ill.App.3d 890,898, 578 N.E.2d 1168).

33.)  In **People v. Rodriguez**, the defendant asserted that his conviction for home invasion should be vacated because it was a lesser-included offense of aggravated criminal sexual assault. If not a lesser-included offense, the defendant asserted that both convictions were based on defendant being armed with a deadly weapon, thus making the home invasion and the aggravated criminal sexual assault based on the same physical act. The court agreed. 267 Ill.App.3d 942, 641 N.E.2d 939 (1st Dist.1994).

34.)  Furthermore, in Rodriguez, the court reasoned that if the conviction was based on the defendant displaying or threatening to use a dangerous weapon and not home invasion, the home invasion would not be a lesser-included offense. The issue would then be whether the home invasion and the aggravated criminal sexual assault were based on separate acts. The court deleineated factors to determine whether the defendant's conduct consisted of a single act or multiple acts, as follows:

        (a) the existence of an intervening act or event;
        (b) the time interval between successive parts of the defendant's conduct;
        (c) the identity of the victim;
        (d) the similarity of the acts performed;
        (e) whether the conduct occurred at the same location; and

A-41

(f) the prosecutorial intent as reflected in the language of the criminal information.

See also, People v. Williams (1986), 143 Ill.App.3d 658,665, 493 N.E.2d 362 (upholding same six-part factor evaluation).

35.) The court in Rodriguez concluded that the home invasion and aggravated criminal sexual assault were part of the same physical act. (Id., citing People v. Zarate (1994) 264 Ill.App.3d 667, 637 N.E.2d 1044; and People v. Govednik (1986), 150 Ill.App.3d 717, 502 N.E.2d 276).

36.) The court in Rodriguez reasoned that both the home invasion and aggravated criminal sexual assault occurred when the defendant threatened the victim with the gun. The two offenses were so interrelated that the court was compelled to vacate the conviction and sentence for the home invasion, because it was based on the same physical act as the aggravated criminal sexual assault. Id.

37.) Petitioner states that in the information set forth by the prosecution, it states:

"Mr. Gaddis, count one charges you with attempted first first degree murder on April 23rd, 1996. It alleges that you, with the intent to commit the offense of first degree murder, performed a substantial step towards the commission of that offense in that you, without lawful justification and with the intent to kill Victoria Bridgeman stabbed and cut Victoria Bridgeman about the body with a knife, struck her with a bottle, and choked her with a telephone cord. Count two charges you with attempted first degree murder on April 23rd, 1996. It alleges that you, with the intent to commit the offense of first degree murder, performed a substantial step towards the commission of that offense, in that you, without lawful justification and with the intent to kill Victoria Bridgeman, returned to the scene for a second attack and cut the throat of Victoria Bridgeman with a knife." Report of Proceedings at Guilty Plea at 2-3.

38.) In support of this argument, petitioner argues that as far as truth and proof of petitioner's guilt of one-crime/one-act:

(a) It must first be proven that all action from beginning to end was an effort to reach a specific goal, without any independent action which in fact separates those involved, or provides a separate act which brings a diversion between those in combined effort of this goal.

(b) If there is any action through this criminal process which separates

-9-

A-42

in any fashion and can be proven by one single fact supporting diversion to bring about a separate action in event then, whatever the event diversion entailed providing additional counts to be applied as their own crime in classification, and sentencing potential.

(c) In the premeditation to commit first degree murder on the victim in this case, the prosecution by its own proof presented before the court, qualifies all defendants as those who work as one in the effort of this crime to reach this goal.

(d) And in their own failure to its success, they were left with the crime of attempted first degree murder.

39.) In **People v. Williams**, the court held that multiple convictions based on a single act cannot stand where a defendant is convicted of more than one offense if some are lesser-included offenses. 143 Ill.App.3d 658,665, 493 N.E. 2d 362 (1986).

40.) In Illinois, a constitutional challenge to a statute can be raised at any time.

41.) The prosecution conceded that if defendants' felony-murder convictions are affirmed, then their convictions and sentences for armed robbery must be vacated because the armed robbery was the predicate felony upon which the felony murder charge was based. Petitioner's conviction and sentence for armed robbery must be vacated. (<u>See</u>, People v. Smith (    ), 183 Ill.2d 425,430-32, 701 N.E. 2d _____; and People v. Carney (1st Dist.2000), 2000 Ill.App. LEXIS 877, 19-20).

42.) That the petitioner's right to the Due Process Clause of the Fifth and Fourteenth Amendments, and the Notice and Jury Trial guarantees of the Sixth Amendment to the United States Constitution has been violated, as alleged in the foregoing.

43.) Petitioner requests the appointment of counsel to represent him in this action, and with leave to amend, or supplement, his petition for post-conviction relief, and states that he is without funds with which to procure

A-43

counsel to represent him, and states that he is still indigent as at the time of the original proceedings had in this cause, in which he was permitted to proceed as a poor person.

WHEREFORE, petitioner prays this Honorable Court vacate the judgment entered in this cause on October 1st, 1996 and grant him a new trial, and any other relief this Court deems just based on the foregoing allegations.

Date: ___11-13-03___, 2003.

Respectfully submitted,

*Jason M. Gaddis*

Jason M. Gaddis
Inst. # B-44293
Lawrence Correctional Center
R.R. 2 Box 31
Sumner, Illinois 62466

PETITIONER, PRO-SE

STATE OF ILLINOIS  )
                   ) SS.
COUNTY OF LAWRENCE )

### AFFIDAVIT OF VERIFICATION

I, Jason M. Gaddis, upon being duly sworn, states that he has read the foregoing, and that the matters set out therein are both true and correct in substance and fact based upon his personal knowledge, and as to matters stated to be upon information and belief, he believes those to be true and correct also, and if called upon as a witness he is competent to testify thereto. AFFIANT SAYETH NOTHING FURTHER.

*Jason M. Gaddis*

AFFIANT;

SUBSCRIBED AND SWORN to before me this 13th day of November, 2003.

*Sharon L. McCorkle*

N O T A R Y

"OFFICIAL SEAL"
Sharon L. McCorkle
Notary Public, State of Illinois
My Commission Exp. 07/03/2005

-11-

A-44

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT OF ILLINOIS

MACON COUNTY, ILLINOIS

**FILED**

2009 SEP 28 P 1: 55

KATHY A. HOTT
CIRCUIT CLERK

THE PEOPLE OF THE STATE OF ILLINOIS,      )
                                          )
    Plaintiff-Respondent,                 )
                                          )
-vs-                                      )    NO.    96-CF-433
                                          )
JASON M. GADDIS,                          )
                                          )
    Defendant-Petitioner.                 )


## MOTION TO DISMISS PETITION FOR POST-CONVICTION RELIEF

Now Come the People of the State of Illinois, by Scott A. Rueter, State's Attorney of Macon County, Illinois and move this Court to dismiss the Petition for Post-Conviction Relief, and, in support of said motion, state as follows:

1.    That the defendant was charged by Information, in Count I, with Attempt (First Degree Murder), in Count II, with Attempt (First Degree Murder), in Count III, with Armed Violence, in Count IV, with Armed Violence, in Count V, with Armed Robbery, and in Count VI, with Aggravated Vehicular Hijacking.  (Appendix A1-A6)

2.    That Count I, Attempt (First Degree Murder) alleged in the Information ". . . in that they, without lawful justification and with the intent to kill Victoria Bridgeman, stabbed and cut Victoria Bridgeman about the body with a knife, struck her with a bottle, and choked her with a telephone cord."  (Appendix at A1)

3.    That Count II, Attempt (First Degree Murder) alleged in the information ". . . in that they, without lawful justification and with the intent to kill Victoria Bridgeman, returned to the crime scene for a second attack (emphasis added) and cut the throat of Victoria Bridgeman with a knife." (Appendix at A2)

A-45

4.     That on September 13, 1996, the defendant entered an open plea of guilty to Count I, Attempt (First Degree Murder), Count II, Attempt (First Degree Murder), and Count V, Armed Robbery.  Counts III, IV and VI were dismissed.  (Appendix B1-B10)

5.     That on October 1, 1996, after hearing evidence in aggravation and mitigation and after hearing the defendant's statement in allocution, the Court sentenced the defendant to the Department of Corrections to a term of 20 years for Attempt (First Degree Murder), Count I; to a consecutive term of 20 years for Attempt (First Degree Murder), Count II; and to a term of 5 (sic) years for Armed Robbery, Count V, to be served consecutively to Counts I and II.  (Appendix C1-C83)

6.     That on October 2, 1996, the Court modified the sentence for Armed Robbery, Count V, to a term of 6 years in the Department of Corrections, to comply with the statutory minimum sentence for a Class X felony.

7.     That bearing a July 8, 2003 file-stamp by the Circuit Clerk, the defendant, pro se, filed a Post-Trial Motion Attacking a Void Judgment. (Appendix D1-D2)

8.     That on July 16, 2003, the Court dismissed the Post- Trial Motion Attacking a Void Judgment in a half sheet order.  (Appendix E)

9.     That bearing a November 17, 2003 file-stamp by the Circuit Clerk, the defendant, pro se, filed a Petition for Post-Conviction Relief.

10.     That the Petition for Post-Conviction Relief fails to make a substantial showing that defendant-petitioner's constitutional rights have been violated.

11.     That the Petition for Post-Conviction Relief was not timely-filed, in violation of 725 ILCS 5/122-1(c).

12.     That the defendant's failure to either attach the <u>necessary</u> (emphasis added) "affidavits, records or other evidence" to support each and every claim, or explain their absence is "fatal" to a post-conviction petition.  <u>People v. Collins</u>, 202 Ill. 2d 59, 782 N.E. 2d 195 (2002).

13.    That the defendant attached no "affidavits, records or other evidence" to support each and every claim.

14.    That the defendant verified the Petition by affidavit, as required by 725 ILCS 5/122-1(b), but he failed to attach any supporting affidavit per 725 ILCS 5/122-2 alleging facts to show that the verified allegations are capable of objective or independent corroboration. Collins, 782 N.E. 2d at 199.

15.    That when making an allegation of ineffective assistance of trial counsel by failure to file an appeal, the petitioner must present adequate proof that he communicated such wishes to his attorney in the form of affidavits, records, or other evidence containing specific facts. People v. Fernandez, 222 Ill. App. 3d 80, 583 N.E. 2d 627 (2nd Dist. 1991);

16.    That although a claim of ineffective assistance of trial counsel based upon trial counsel's failure to file an appeal upon request of a defendant after a guilty plea constitutes the gist of a constitutional claim not subject to a summary dismissal, a substantial showing of a constitutional violation at the second stage necessarily entails some explanation of the grounds that could have been presented in the motion to withdraw guilty plea or motion to reconsider sentence. People v. Edwards, 197 Ill. 2d 239, 258, 757 N.E. 2d 442, 453 (2001).

17.    That Apprendi does not apply retroactively to cases on collateral review. People v. De La Paz, 204 Ill. 2d 426, 791 N.E. 2d 489 (2003).

18.    That by entering a plea of guilty, a defendant waives Apprendi-based sentencing objections on appeal. People v. Jackson, 199 Ill. 2d 286, 769 N.E. 2d 21 (2002).

19.    That statutes do not confer constitutional rights and the allegation of a deprivation of a statutory right is not a proper claim under the Post-Conviction Hearing Act. People v. Orndoff, 39 ILL. 2d 96, 233 N.E. 2d 378 (1968).

20.    That the failure of a defendant to receive a hearing to determine his fitness for trial or sentencing while under psychotropic medication, as directed by then-existing 725 ILCS 5/104-21(a) (West 1994), was not a due process constitutional deprivation and it is not cognizable in a petition for post-

conviction relief, because the provisions of Section 104-21(a) entitling a defendant taking psychotropic medication to a fitness hearing was merely a statutory right granted by the legislature, not a constitutional right. People v. Mitchell, 189 ILL. 2d 312, 727 N.E. 2d 254 (2000).

21.   That the mere ingestion of psychotropic medication does not give rise to a bona fide doubt of defendant's fitness requiring the trial court to order a fitness hearing.  Mitchell, 727 N.E. 2d at 266-7.

22.   That it is well settled that a defendant is entitled to competent, not perfect representation. People v. Odle, 151 Ill. 2d 168, 601 N.E. 2d 732 (1992).

23.   That the supreme court, in People v. Albanese, 104 Ill. 2d 504, 473 N.E. 2d 1246 (1984), adopted the two-prong test of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.E.d 2d 674 (1984), for determining ineffective assistance of counsel.

24.   That first, the defendant must prove that counsel made errors so serious, and that counsel's performance was so deficient, that counsel was not functioning as the "counsel" guaranteed by the sixth amendment.  A court measures counsel's performance by an objective standard of competence under prevailing professional norms.  To establish the deficiency, the defendant must overcome the strong presumption that the challenged action or inaction might have been the product of sound trial strategy. People v. Richardson, 189 Ill. 2d 401, 727 N.E. 2d 362 (2000).

25.   That second, the defendant must establish prejudice.  The defendant must prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  The prejudice prong of Strickland entails more than an "outcome-determinative" test.  The defendant must show that counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair.  Richardson, 727 N.E. 2d at 369.  That a reasonable probability of a different result is not merely a possibility of a different result.  People v. Towns, 157 Ill. 2d 90, 623 N.E. 2d 269 (1993).

4. A-48

26.    That if the underlying claim of ineffective assistance of counsel has no merit, no prejudice has resulted. People v. Pitsonbarger, 205 Ill. 2d 444, 739 N.E. 2d 609 (2002).

27.    That a defendant must satisfy both prongs of the Strickland test. Therefore, failure to establish either prong will be fatal to the claim. People v. Sanchez, 169 Ill. 2d 472, 662 N.E. 2d 1199 (1996).

28.    That since failure to satisfy either of the two prongs of the Strickland test precludes a finding of ineffective assistance of counsel, the court need not determine whether counsel's performance was deficient in cases where it is easier to dispose of the claim on the ground of lack of sufficient prejudice. Albanese, 473 N.E. 2d at 1256.

29.    That as to the defendant's allegation of ineffective assistance of trial counsel for failing to invoke his right to a mandatory fitness hearing pursuant to 725 ILCS 5/104-21(a) (West 1994), based solely (emphasis added) on the ingestion of psychotropic medication, the correct test for evaluating the prejudice prong of Strickland is whether a reasonable probability exists that if defendant would have received the fitness hearing to which he was entitled, the result of the proceeding would have been that he was found unfit to stand trial. Mitchell, 727 N.E. 2d at 268. If a defendant would have been found fit to stand trial, he suffered no prejudice by not having a fitness hearing. Mitchell, 727 N.E. 2d at 268.

30.    That to establish the prejudice prong of Strickland when the claim is failure of trial counsel, under the totality of the circumstances, to request a fitness hearing, the defendant must show that facts existed at the time of his trial that would have raised a bona fide doubt of his ability to understand the nature and purpose of the proceedings and to assist in his defense. People v. Burt, 205 Ill. 2d 28, 792 N.E. 2d 1250 (2001). A defendant is entitled to relief on a post-conviction claim only if he shows that the trial court would have found a bona fide doubt of his fitness and ordered a fitness hearing if it had been apprised of the evidence now offered. Burt, 792 N.E. 2d at 1258. In determining whether a bona fide doubt exists as to a defendant's fitness, relevant factors for a court to consider include the defendant's irrational behavior, the defendant's demeanor at trial, and any prior medical opinion on the defendant's competence to stand trial. Burt, 792 N.E. 2d at 1259.

31.    That post-conviction challenges to guilty pleas which allege ineffective assistance of trial counsel are still subject to the standard set forth in Strickland v. Washington.  People v. Rissley, 206 Ill. 2d 403, 795 N.E. 2d 174 (2003).

32.    That to establish prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Rissley, 795 N.E. 2d at 204, citing Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L.E.d. 2d 203, 210.; People v. Fuller, 205 Ill. 2d 308, 793 N.E.2d 526 (2002).

33.    That to establish that the error in counsel's performance prejudiced the defendant in causing him to plead guilty rather than go to trial, the defendant must demonstrate that it was likely he would have succeeded had he gone to trial.  People v. Church, 334 Ill. App. 3d 607, 778 N.E. 2d 251 (3rd. Dist. 2002).

34.    As the U.S. Supreme Court in Hill observed, the question of prejudice depends in large part on a prediction of whether the defendant likely would have succeeded at trial.  People v. Fuller,793 N.E. 2d at 542.

35.    That the defendant has not alleged by affidavit any allegations detailing the reasons why he would have insisted on going to trial, instead of pleading guilty, but for trial counsel's incompetence.

36.    That the defendant has failed to satisfy the Strickland test as to all of his claims of ineffective assistance of trial counsel.

37.    That when the allegations in a post-conviction petition are contradicted by the trial record, the dismissal of the petition is proper.  People v. Hayden, 338 ILL. App. 3d 298, 788 N.E. 2d 106 (5th Dist. 2003).

38.    That the Court correctly admonished the defendant at the time of his plea, on September 13, 1996, that the three Class X felonies were subject to mandatory consecutive sentences, because 730 ILCS 5/5-8-4 (a)(i) mandated the imposition of mandatory consecutive sentences in this case when "the defendant inflicted severe bodily injury."

39.    That the testimony of Victoria Bridgeman at the October 1, 1996 sentencing hearing established that "severe bodily injury" was inflicted upon her. (Appendix at C15-C32)

40.    That the allegation that Armed Robbery is a lesser included offense of Attempt (First Degree Murder) was raised in the Post-Trial Motion Attacking a Void Judgment. (Appendix D1-D2)

A-50

41.    That the allegation that the two counts of Attempt (First Degree Murder) were based on the same physical act was raised in the Post-Trial Motion Attacking a Void Judgment.  (Appendix D1-D2)

42.    That the defendant received an adverse ruling from the Court on these issues when the Court denied the Post-Trial Motion Attacking a Void Judgment on July 16, 2003.  (Appendix E)

43.    That the procedural bars of law of the case and res judicata prevent the defendant from raising these same issues in the Petition for Post-Conviction Relief.

44.    That there is no legal basis for the allegations that Armed Robbery is a lesser included offense of Attempt (First Degree Murder) and that the Armed Robbery and the two separate counts of Attempt (First Degree Murder) are based on the same physical act.

45.    That the allegation that the two counts of Attempt (First Degree Murder) were based on the same physical act are rebutted by (1) the designation by the State, in Counts I and II of the Information, of the offenses to be two separate attacks, separated by the defendants' departure from the crime scene and the defendants' return after a passage of time, coupled with an apportionment by the State of the separate injuries into distinct offenses (see People v. Crespo, 203 Ill. 2d 335, 788 N.E. 2d 117 (2003)); and (2) the testimony of Victoria Bridgeman at the October 1, 1996 sentencing hearing of Jason Gaddis, Jody Rinderer and Ian Pitts.  (Appendix at C15-C42)  See People v. Pitts, 295 Ill. App. 3d 182, 691 N.E. 2d 1174 (4th Dist. 1998), for a summary of Victoria Bridgeman's testimony appearing in "I. Background." (Appendix F1-F7)

Wherefore, the People pray that this Court dismiss the Petition for Post-Conviction Relief.

Respectfully submitted,

THE PEOPLE OF THE STATE OF ILLINOIS

By: _Richard Current_
Richard Current, Assistant
State's Attorney of Macon
County, Illinois

7

A - 51

In the Circuit Court of the Sixth Judicial Circuit
Macon County, Illinois

The People of the state
of
Illinois

v.

JASON M. GADDIS
Defendant / Appellant

FILED
APR 22 2005
Kathy A. Holt
Circuit Clerk

CASE NO: 96-CF-433

## NOTICE OF APPEAL

Comes Now, JASON M. GADDIS, defendant, Pro-se, and moves this Honorable court pursuant to the Sup. Ct. Rule 606(b), to acknowledge defendants notice of appeal.

In SUPPORT thereof, the defendant states as follows:

1) That the defendant is presently incarcerated at the Lawrence Correctional Center in Sumner, Illinois. He is serving a consecutive sentence of 46 years from judgement arising from (9) 1st degree Attempted Murder counts ($) (1) count of Armed Robbery.

2) That on the 13th day of November, 2003 defendant filed a Petition for Post-Conviction Relief pursuant to the Illinois Post-Conviction Hearing Act (725 ILCS 5/122-1 et. seq.) to vacate the judgement ($) Sentence.

3) On the 8th day of April in the year, 2005 this defendant had

1 of 3      A-52

recieved Certified Mail (# 7000 0570 0018 1038 7075) from this court stating that I have (30) days to file this notice.

4) Defendant at this time requests that Counsel is appointed... for appeal

5.) Defendant at this time requests that he is sent the transcripts pertaining to his guilty plea, sentencing, Post-Conviction proceedings.

6) Defendant asserts that he is without funds to procure counsel to represent him, and states that he is still indigent as at the time of the original proceedings had in this cause, in which he was permitted to proceed as a poor-person.

7) Defendant wished secure his rights to appeal. And at this time moves this court to vacate his Open Plea & Reconsider Sentence.

8) Defendant at this time asks this court to send all Macon County records from the case 96-CF-433. Including all Medical reports & records from Dr. Sunderland. This defendant has asked his appointed council for (Post-Conviction) to obtain them for appelete attack & support. Council failed to do so.

WHEREFORE, petitioner pray this Honorable Court vacate the judgement entered in this cause on October 1st, 1996 (&) grant him new trial, and or any relief this court deems just based on the foregoing allegations.

Respectfully, Submitted,
Jason M. Gaddis
Jason M. Gaddis
Inst. # B44093
Lawrence Correctional Center
R.R. 2 Box 31
Sumner, Illinois 62466
Petitioner, Pro-se

2 of 3                    A-53

NO. 4-05-0345

IN THE

APPELLATE COURT OF ILLINOIS

FOURTH JUDICIAL CIRCUIT

---

PEOPLE OF THE STATE OF ILLINOIS

    Plaintiff-Appellee

    vs.

JASON M. GADDIS

    Defendant-Appellant

)  Appeal from the
)  Circuit Court of the
)  Sixth Judicial Circuit
)  Macon County, Illinois
)
)  96-CF-433
)
)  Honorable Theodore E.
)  Paine, Judge Presiding

---

## NOTICE AND PROOF OF SERVICE

TO: Robert Biderman
    State's Attorney Appellate Prosecutor
    725 South Second Street
    Springfield, IL.  62704

    Jack Ahola
    State's Attorney
    Macon County Courts Facility
    253 East Wood
    Decatur, IL.  62523

Daniel Yuhas
State Appellate Defender
400 W. Monroe, Suite 303
P. O. Box 5240
Springfield, IL.  62705-5240

Jason M. Gaddis
Register No. K44293
Box 1700
Galesburg, IL. 61401

    Please take notice that six copies of the foregoing Brief and Argument for Defendant-Appellant are being delivered to the Clerk of the Appellate Court and that I am serving two copies on Robert Biderman and one copy on each of the above by depositing the copies in the mail in Springfield, IL. with sufficient postage prepaid and addressed as indicated on this 26th day of April, 2006.

                                             Attorney at Law

A-54

NO. 4-05-0345

IN THE

APPELLATE COURT OF ILLINOIS

FOURTH JUDICIAL CIRCUIT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | Appeal from the |
| | ) | Circuit Court of the |
| Plaintiff-Appellee | ) | Sixth Judicial Circuit |
| | ) | Macon County, Illinois |
| vs. | ) | |
| | ) | 96-CF-433 |
| JASON M. GADDIS | ) | |
| | ) | Honorable Theodore E. |
| Defendant-Appellant | ) | Paine, Judge Presiding |

## BRIEF OF AND ARGUMENT FOR DEFENDANT-APPELLANT

DANIEL D. YUHAS
Deputy Defender
Office of the State Appellate Defender
Fourth Judicial Circuit
400 W. Monroe, Suite 303
P. O. Box 5240
Springfield, IL 62705-5240
(217) 782-3654
MICHAEL H. VONNAHMEN
#2910802
Panel Attorney
105 West Allen
Springfield, IL. 62704
217/ 753-5452

Counsel for Defendant-Appellant

A-55

## POINTS AND AUTHORITIES

WHETHER THE COURT ERRED WHEN IT GRANTED THE

STATE'S MOTION TO DISMISS PETITION FOR POST-CONVICTION

RELIEF.

People v. Whitfield, 217 Ill.2d 177 (2005)....................................................9

People v. Coleman, 183 Ill.2d 366, 701 N.E.2d 1963 (1998).........................9

People v. Patton, 315 Ill.App.3d 968, 735 N.E.2d 185 (4th Dist. 2000).........9

People v. Porter, 122 Ill.2d 64 (1988)............................................................9

Strickland v. Washington, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052
(1984)...............................................................................................................10

People v. Sanchez, 169 Ill.2d 472, 662 N.E.2d 1199 (1996).........................10

People v. Orange, 168 Ill.2d 138, 659 N.E.2d 935 1999)............................12

Roe v. Flores-Ortega, 526 U.S. 1069, 119 S.Ct. 1463, 145 N.E.2d 985
(2000)................................................................................................................13

People v. Hughes, 329 Ill.App.3d 322, 767 N.E.2d 958 (4th Dist. 2002).....13

People v. Mitchell, 189 Ill.2d 312, 727 N.E.2d 254 (2000).........................14

People v. Davis, 145 Ill.2d 240, 582 N.E.2d 714 (1991).............................14

i

A·56

## NATURE OF THE CASE

The defendant pled guilty to the offenses of attempt (first degree murder), attempt (first degree murder) and armed robbery. The defendant was sentenced to 20 years in the department of corrections on attempt (first degree murder) conviction, 20 years in the department of corrections on attempt (first degree murder) conviction, and 6 years on armed robbery conviction, the sentences to run consecutive to each other. The defendant appealed and the appeal was dismissed by the Fourth District Appellate Court. The defendant filed a petition for post-conviction relief. The state filed a motion to dismiss the petition for post-conviction relief which was granted by the trial court. The defendant appeals the court's granting of the state's motion to dismiss petition for post-conviction relief.

1

A-57

## ISSUE PRESENTED FOR REVIEW

Whether the court erred when it granted the state's motion to dismiss petition for post-conviction relief.

2

A-58

## JURISDICTION

The defendant's appeal is from a final judgment of conviction entered on a plea of guilty pursuant to Article VI, Section 6 of the Illinois Constitution and Illinois Supreme Court Rules 603, 606, and 651.

On September 13, 1996, the defendant pled guilty to the offenses of attempt (first degree murder), attempt (first degree murder) and armed robbery. (Vol. I, C. 130) On October 11, 1996, the defendant was sentenced to 20 years in the department of corrections on attempt (first degree murder), twenty years in the department of corrections on attempt (first degree murder) and six years in the department of corrections on armed robbery, the sentences to run consecutive to each other. (Vol. I, C. 74) On November 1, 1996, the defendant filed a Notice of Appeal. (Vol. I, C. 83, 84) On December 11, 1996, the Fourth District Appellate Court dismissed the defendant's appeal. (Vol. I, C. 89) On November 17, 2003, the defendant filed a petition for post-conviction relief. (Vol. I, C. 101-111) On September 28, 2004, the state filed a motion to dismiss petition for post-conviction relief. (Vol. I, C. 113-229) The state's motion to dismiss petition for post-conviction relief was granted by the court on April 6, 2005. (Vol. I, C. 249) The defendant filed a timely Notice of Appeal on April 25, 2005. (Vol. I, C.

A-59

234-236)

4

A-60

## STATEMENT OF FACTS

On April 26, 1996, the defendant was charged, by Information with two counts of attempt (first degree murder), two counts of armed violence, armed robbery, and aggravated vehicular hijacking, that occurred on or about April 23, 1996. (Vol. I, C. 1-6) On September 13, 1996, the defendant pled guilty to two counts of attempt (first degree murder), and armed robbery. (Vol. I, C. 130) Also on September 13, 1996, the defendant was sentenced to 20 years in the department of corrections on the attempt (first degree murder conviction, 20 years on the attempt (first degree murder) conviction, and 6 years on the armed robbery conviction, the sentences to run consecutive to each other. (Vol. I, C. 74) On October 30, 1996, the defendant filed a Notice of Appeal. (Vol. I, C. 84)  On December 31, 1996, the appeal was dismissed by the Fourth District Appellate Court for failure to file a docketing statement. (Vol. I, C. 91) On November 17, 2003, the defendant filed a petition for post-conviction relief. (Vol. I, C. 101-111)

In the petition for post-conviction relief, the defendant alleged the following: (1) The imposition of his consecutive sentence based on the trial court's finding of fact, that his conduct was heinous and brutal, instead of a jury finding of fact beyond a reasonable doubt was unconstitutional; (2) the

5

A-61

defendant's plea should be vacated because the defendant pled guilty in an open plea under false pretenses because the court's statement that the defendant's convictions required mandatory consecutive sentences was in error; (3) that the defendant was on psychotropic medication during his sentencing hearing; (4) that the defendant's trial counsel rendered ineffective assistance of counsel at the trial level by failing to review with the defendant matters pertaining to the charges, plea and sentencing; only seeing the defendant twice for a total of ten minutes; failed to review with the defendant any part of the pre-sentence report made by Dr. Sutherland, failed to notify the court that the defendant was on psychotropic medication three days after the plea hearing and during the sentencing hearing; failed to notify the defendant that the state planned to use hearsay testimony of Michael Knut, Michael Fickes, and Detective Ed Culp, only cross-examined Mr. Nutt very little, and did not cross-examine Detective Ed Culp and Mr. Fickes at all; failed to cross-examine the victim regarding the victim perjuring herself on the witness stand, and failed to preserve the defendant's appeal rights; (5) that his armed robbery conviction should be vacated because it is a lesser included offense of attempt (first degree murder) (6) and that the defendant's constitutional rights were violated because he was convicted of more than

6

A-62

one attempt (first degree murder), when the convictions arose out of the same physical act and the victim was the same for each conviction. (Vol. I, C. 101-111)

On September 28, 2004, the state filed a motion to dismiss petition for post-conviction relief. (Vol. I, C. 113-229) The state, in its motion to dismiss petition for post-conviction relief argued the following; (1) The petition for post-conviction relief was not timely filed. (2) The defendant failed to attached necessary affidavits. (3) The defendant did not explain the grounds that could have been presented in a motion to withdraw guilty plea or motion to reconsider sentence which is necessary to show a substantial showing of a constitutional violation. (4) Apprendi does not apply retroactively and by pleading guilty the defendant has waived any Apprendi violation (5) A deprivation of a statutory right is not a proper claim under the Post-Conviction Hearing Act. (6) The defendant's failure to receive a hearing to determine his fitness to stand trial or sentencing while under psychotropic medication was not a constitutional violation and is not cognizable in a petition for post conviction relief. (7) The mere ingestion of psychotropic medication does not give rise to a bona fide doubt of the defendant's fitness requiring a fitness hearing. (8) That counsel's errors, if any, did not meet the

7

A-63

two part test of <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80

L.Ed.2d 674 (1984) to determine ineffective assistance of counsel. (9) The

court correctly admonished the defendant at the time of his plea. (10) The

testimony of Victoria Bridgeman, at the defendant's sentencing hearing

established that severe bodily injury was inflicted on her. (11) The issues

that armed robbery was a lesser include offense of attempt (first degree

murder and that two counts of attempt (first degree murder) were based on

the same physical act were both raised in the defendant's post-trial motion

attacking a void judgment and were denied; therefore, the issues are *res

judicata*, and if not *res judicata*, then the defendant's arguments on these

issues are wrong.

On April 6, 2005, the state's motion to dismiss petition for post-

conviction relief was granted. (Vol. I, 249) The defendant filed a timely

Notice of Appeal on April 25, 2005. (Vol. I, C. 234-236)

8

A-64

ARGUMENT

WHETHER THE COURT ERRED WHEN IT GRANTED THE
STATE'S MOTION TO DISMISS PETITION FOR POST-CONVICTION
RELIEF.

The standard of review for a dismissal of a post-conviction petition at
the second stage, after counsel has been appointed and given an opportunity
to amend the pro se petition is reviewed *de novo*. People v. Whitfield, 217
Ill.2d 177, 182 (2005).

At the dismissal stage of a post-conviction petition all well pleaded
facts that are not positively rebuffed by the original trial record are taken as
true. People v. Coleman, 183 Ill.2d 366, 385, 701 N.E.2d 1963 (1998). The
reviewing court may affirm the dismissal of the post-conviction petition on
any basis supported by the record. People v. Patton, 315 Ill.App.3d 968, 972,
735 N.E.2d 185, 189 (4th Dist. 2000). Although it is advisable for a trial
court to state its reasons for dismissing a post-conviction petition, it is not
mandatory. People v. Porter, 122 Ill.2d 64, 82 (1988).

In order to obtain a reversal of a conviction for ineffective assistance
of counsel, a defendant must show that counsel's performance (1) fell below
an objective standard of competence and (2) counsel's deficient performance

9

A-65

resulted in prejudice to the defendant such that but for counsel's unprofessional errors, there is a reasonable possibility that the result of the proceeding would be different. Strickland v. Washington, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984) In order to prevail, a defendant must overcome both the performance and prejudice prongs of the Strickland test. People v. Sanchez, 169 Ill.2d 472, 487, 662 N.E.2d 1199 (1996)

The defendant alleged, in his post-conviction petition, that his trial counsel rendered ineffective assistance of counsel by failing to review with the defendant matters pertaining to the charges, plea and sentencing; only seeing the defendant twice for a total of ten minutes, failed to review with the defendant any part of the pre-sentence report made by Dr. Sunderland, failed to notify the court that the defendant was on psychotropic medication three days after the plea hearing and during the sentencing hearing; failed to notify the defendant that the state planned to use hearsay testimony of Michael Knut, Michael Fickes, and Detective Culp, only cross-examined Mr. Knutt very little and did not cross-examine Detective Ed Culp and Mr. Fickes at all, failed to cross-examine the victim perjuring herself on the witness stand and refused the defendant's request that trial counsel help the defendant file an appeal. (Vol. I, C. 103-104) As stated above, all well pleaded facts that

10

A-bb

are not positively rebuffed by the original trial record are taken to be true.

The defendant swore, under oath, that the above allegations were true. (Vol. I, C. 111) Therefore, the issue is whether any of these defendant's allegations of incompetent counsel passed the Strickland test for a showing of incompetent counsel such that the court erred when it dismissed the petition for post-conviction relief.

Counsel cannot adequately represent a defendant on such serious charges by meeting with the defendant for a total of ten minutes. Ten minutes is not sufficient time to review with the defendant matters pertaining to the charges, plea and sentencing. In the present case, the defendant originally had six different charges and two co-defendants. (Vol. I, C. 1-6, 137) The defendant was facing the possibility of both extended and consecutive sentences. In fact, the defendant received consecutive sentences. Because the defendant had co-defendants the issue of the accountability of the defendant for the acts of his co-defendants needed to be discussed by the defendant's trial attorney with the defendant. The possibility of defenses and the ramifications for sentencing of pleading guilty to each one of the different counts needed to be discussed by the defendant's trial attorney with the defendant. Ten minutes is not even sufficient time for the defendant to tell the

11

A-67

trial attorney his involvement or non-involvement in these charges. Ten

minutes with the defendant certainly falls below an objective standard of

competence. There is also a reasonable possibility that the result of the

proceeding would be different if the trial counsel had spent more than ten

minutes with the defendant. If the defendant had known the ramifications of

pleading guilty, he may have decided to have a trial; the defendant may have

had possible defenses to present at a trial. The defendant also alleged that his

trial counsel failed to review with the defendant matters pertaining to his

sentencing. A defense attorney is required to either investigate potential

sources of mitigating evidence or make a reasonable decision not to undergo

such an investigation. People v. Orange, 168 Ill.2d 138, 659, N.E.2d 935

(1999). There is also a reasonable possibility that the result of the sentencing

hearing would have been different. The defendant could have presented

mitigation witnesses if he knew he could present mitigation witnesses. The

defendant could have given his trial attorney insight into the aggravation

witnesses such that the trial counsel could have cross-examined the

aggravation witnesses more effectively. In addition, the defendant's trial

counsel did not preserve the defendant's appeal rights. The defendant filed a

pro-se appeal, but it was eventually dismissed because the defendant did not

12

A - 68

file a docketing statement. (Vol. I, C. 83-93) If the defendant's trial attorney had filed the Notice of Appeal and made sure the defendant was appointed counsel on appeal, the appeal would not have been dismissed for failure to file a docketing statement. The failure to file an appeal is objectively unreasonable if the defendant specifically directed counsel to file a notice of appeal. It would be unfair to require an indigent, perhaps, pro se, defendant to demonstrate that his hypothetical appeal might have merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal. Roe v. Flores-Ortega, 526 U.S. 1069, 119 S.Ct. 1463, 145 L.Ed.2d 985 (2000) It is true that the defendant's petition for post-conviction relief was dismissed at the second stage. Therefore, under People v. Hughes, 329 Ill.App.3d 322, 767 N.E.2d 958, 961 (4th Dist. 2002), the defendant may be required to show that a motion to withdraw plea may have been granted. Hughes' post-conviction petition was dismissed after an evidentiary hearing which the defendant, in the present case, never received. Hughes, 329 Ill.App.3d at 325. However, all the reasons, stated above, that the defendant has stated for the grounds that his attorney rendered ineffective assistance of counsel are also grounds that the court may have granted his motion to withdraw guilty plea. In addition, the defendant stated, in his

13

A-69

petition for post-conviction relief, that was taking psychotropic medication at the time of his sentencing. (Vol. I, C. 104) If the defendant's trial attorney had alleged and proven that there was a bona fide doubt of the defendant fitness to be sentenced because of the psychotropic medication, at the time of the defendant's sentencing hearing, in a motion to withdraw plea, the motion to withdraw plea should have been granted. People v. Mitchell, 189 Ill.2d 312, 727 N.E.2d 254 (2000) Also, since the defendant's attorney only spent ten minutes with the defendant, it seems certain that the ends of justice would be served by holding a trial. People v. Davis, 145 Ill.2d 240, 244, 582 N.E.2d 714 (1991) Therefore, the failure to file the appeal certainly fell below an objective standard of competence, and the result of the appeal certainly would have been different in that the appeal would not have been dismissed, and the motion to withdraw guilty plea would have been granted.

Therefore, for the above stated reasons, the defendant requests this court to reverse the trial court's order dismissing the defendant's petition for post-conviction relief, reinstate the petition for post-conviction relief, and remand the case for further proceedings.

14

A-70

## CONCLUSION

For the foregoing reasons, the defendant, Jason M. Gaddis, requests this court to reverse the court's order granting the state's motion to dismiss petition for post-conviction relief, reinstate the petition for post-conviction relief, and remand the case for further proceedings.

Respectfully submitted,

DANIEL YUHAS
Deputy Defender
Office of the State Appellate Defender
Fourth Judicial Circuit
400 W. Monroe, Suite 303
P. O. Box 5240
Springfield, IL. 62705-5240
(217) 782-3654

MICHAEL H. VONNAHMEN
#2910802
Panel Attorney
105 West Allen
Springfield, IL. 62704
(217) 753-5452

Counsel for Defendant/Appellant

15

A-71

NO. 4-05-0345

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT



| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| JASON M. GADDIS, | ) | No. 96CF433 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Theodore E. Paine, |
| | ) | Judge Presiding. |

_____

ORDER

In September 1996, pursuant to a plea agreement,
defendant, Jason M. Gaddis, pleaded guilty to two counts of
attempt (first degree murder) (720 ILCS 5/8-4(a) (West 1996); 720
ILCS 5/9-1(a)(1) (West Supp. 1995)) and one count of armed
robbery (720 ILCS 5/18-2(a) (West 1996)), and the State dismissed
two counts of armed violence (720 ILCS 5/33A-2 (West 1996)) and
one count of aggravated vehicular hijacking (720 ILCS 5/18-
4(a)(3) (West 1996)).  All of the counts related to defendant's
actions on April 23, 1996.  After an October 1996 sentencing
hearing, the trial court sentenced defendant to 6 years' impris-
onment for armed robbery to run consecutive to two 20-year prison
terms on the attempt counts, which were to run consecutive to
each other.  Defendant appealed, and this court dismissed defen-
dant's appeal for failure to comply with Supreme Court Rule 312
(155 Ill. 2d R. 312).  People v. Gaddis, No. 4-96-0898 (December
31, 1996) (unpublished order under Supreme Court Rule 23).

A-72

On November 17, 2003, defendant filed a _pro se_ postconviction petition.  In September 2004, the State filed a motion to dismiss defendant's petition arguing, _inter alia_, defendant's petition was untimely.  In February 2005, defense counsel filed a certificate under Supreme Court Rule 651 (134 Ill. 2d R. 651), and the next month, the trial court held a hearing on the motion.  In April 2005, the court entered a docket entry, granting the State's motion for the reasons stated in the motion.

Defendant appeals, arguing the trial court erred by granting the State's motion to dismiss because he received ineffective assistance of trial counsel.  The State again asserts defendant's postconviction petition was untimely.  We affirm.

Pursuant to section 122-1(c) of the Post-Conviction Hearing Act (725 ILCS 5/122-1(c) (West 2002)), an inmate cannot file a postconviction petition "more than [six] months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed *** or [three] years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence."  Thus, defendant's petition filed close to seven years after the dismissal of his direct appeal is clearly untimely unless he alleged facts that demonstrated the filing delay was not due to his culpable negligence.

"The phrase 'culpable negligence' contemplates some-thing greater than ordinary negligence and is akin to reckless-

- 2 -

A-73

ness." <u>People v. Ramirez</u>, 361 Ill. App. 3d 450, 452, 837 N.E.2d 111, 115 (2005). The postconviction petitioner bears the burden of establishing the delay in filing the petition was not due to his culpable negligence (<u>Ramirez</u>, 361 Ill. App. 3d at 453, 837 N.E.2d at 116), which is very difficult to establish (<u>People v. Gunartt</u>, 327 Ill. App. 3d 550, 552, 763 N.E.2d 862, 864 (2002)). The petitioner must clearly demonstrate through factual allegations he previously made diligent attempts to uncover matters he now contends entitle him to judicial relief or otherwise, in significant detail, show how he could not have obtained such information before the limitations period expired. <u>Gunartt</u>, 327 Ill. App. 3d at 552, 763 N.E.2d at 864. Where the trial court makes no findings of fact regarding the timeliness issue, our review is <u>de novo</u>. <u>Ramirez</u>, 361 Ill. App. 3d at 452, 837 N.E.2d at 115.

Defendant has not alleged any facts in either his brief or the trial court indicating he diligently tried to uncover the issues he raised in his petition or could not have obtained the necessary information before the expiration of the limitations period. The ineffective-assistance-of-counsel claims that defendant addresses on appeal relate to his trial counsel's performance and could have been raised right after the dismissal of his direct appeal. Accordingly, we find defendant has failed to show the delay in filing the petition was not due to his culpable negligence, and thus the trial court properly granted the State's motion to dismiss because defendant's postconviction

- 3 -

A-74

petition was untimely.

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

TURNER, P.J., with APPLETON and COOK, JJ., concurring.

A-75

Rule 23 Order Filed:   08/01/06

Oral Argument Held:

Justices:                   Honorable John W. Turner, J.

                            Honorable Thomas R. Appleton, J. - CONCUR

                            Honorable Robert W. Cook, J. - CONCUR



Chief Judge _____

Other           _____



STATE OF ILLINOIS

# APPELLATE COURT

**FOURTH DISTRICT**

201 W. MONROE STREET

P.O. BOX 19206

SPRINGFIELD, IL 62794-9206

CLERK OF THE COURT

(217) 782-2586

RESEARCH DIRECTOR

(217) 782-3528

DATE: 08/22/2006

RE:   People v. Gaddis, Jason M.
      General No.: 4-05-0345
      Macon              96CF433


TO COUNSEL:

     The court today denied the petition for rehearing filed in
the above entitled cause.

     The mandate of this court will issue 35 days from
today unless a petition for leave to appeal is filed in the
Illinois Supreme court.


                         DARRYL PRATSCHER, Clerk
                         Appellate Court
                         Fourth District


TO: Jason M. Gaddis
    B-44293
    Hill Corr. Center
    P.O. Box 1700
    Galesburg, IL  61401


A-77

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

March 23, 2007

Mr. Jason M. Gaddis
Reg. No. B-44293
Pontiac Correctional Center
P. O. Box 99
Pontiac, IL 61764

THE COURT HAS TODAY ENTERED THE FOLLOWING ORDER IN THE CASE OF:

No.104351 - People State of Illinois, respondent, v. Jason M.
    11789      Gaddis, petitioner.  Leave to appeal, Appellate
              Court, Fourth District.

              The motion by petitioner for leave to file
              a late petition for leave to appeal is
              <u>allowed</u> and is treated as a petition for
              leave to appeal.

cc: Hon. Lisa Madigan
    State's Attorney Macon County
    State's Attorneys App. Pros. Springfield

A-78

# ILLINOIS SUPREME COURT

People of the state of Illinois )
               Respondent )
)
)
)
      V. )         Supreme Court No.# _____
)
)
)
Jason M. Gaddis )
             Petitioner )

PETITION FOR LEAVE TO APPEAL FROM THE ILLINOIS
APPELLATE COURT, FOURTH DISTRICT NO.# 4-05-0345,
THERE HEARD ON APPEAL FROM THE CIRCUIT COURT of
MACON COUNTY, Illinois NO.# 96-CF-433
HONORABLE THEODORE E. PAINE

PETITION FOR LEAVE TO APPEAL

JASON M. GADDIS #B44293
PONTIAC CORRECTIONAL CENTER
P.O. BOX 99
PONTIAC, ILLINOIS.
              61764

The states own motion to dismiss (post-conviction) was based upon this petitioners (Post) was filed untimely. And the Appellate court agreed. I cannot argue to this fact. I can argue to the fact that I was denied counsel on my direct appeal. And by the neglect of the circuit court to appoint counsel, hindered this petitioner in his Appeal process that is guaranteed by his 6th & 14th Adrendments & Protected by the U.S. Consitution.

This petitioner prays that this Honorable Court reviews the facts in the record. And, reverse the decission of the Appellate court to dismiss the states Judgement to deny the Post-Conviction. If not, that this court allows this petitioner to be granted his direct appeal from 96 CF-433.

## IV STATEMENT OF FACTS

On April 26th, 1996, the defendant was charged, by information with (2) counts of Attempted (1st degree Murder), two counts of Armed Violence, armed robbery, & aggravated vehicular hijacking, that occured on or about April 23rd, 1996. On September 13th, 1996, the defendant pled guilty to (2) counts of attempted 1st degree murder, & armed robbery. And on October 1st, 1996; the defendant was sentenced 20 years on both counts of Attempted 1st degree Murder & 6 years on Armed Robbery. For a consecutive sentence of 46 years (20+20+6) On October 30, 1996; the defendant filed a timely Notice of Appeal, Motion to Proceed in Forma Pauper & for Appointment of Counsel. Defendant was allowed to proceed in Forma Pauperis, but no counsel was appointed. On October 30th, 1996 defendant was in I.D.O.C. at Graham C.C.,. On December 31st, 1996 the Appeal was dismissed by the (4th) district Appellate Court for failure to file a docketing statement. On November 17, 2003, defendant filed a petition for post-conviction relief.

In the petition for post-conviction relief, the defendant alleged the following. (1) The imposition of his consecutive sentence based on the trial courts finding of fact, that his conduct was heinous & brutal, instead of a jury finding of fact, that beyond a reasonable doubt was unconstitutional; (2) the defendants plea should be vacated because the defendant pled guilty in an open plea under false pretenses because the court's statements that the defendants convictions required mandatory consecutive sentences was in error; (3) that the defendants was on psychotropic medication during his sentencing hearing; (4) that the defendant's trial counsel rendered ineffective assistance of counsel at the trial level by failing to review with the defendant matters pertaining to the charges, plea & sentencing; only seeing the defendant twice for a total of ten minutes; failed to review with the defendant matters pertaining to the charges, plea & sentencing; only seeing the defendant any part of the pre-sentence report made by Dr. Sutherland, failed to notify the court

3 of 11      A-8.1

that the defendant was on psychotropic medication three days after the plea hearing & during the sentencing hearing; failed to notify the defendant that the state planned to use hearsay testimony of Michael Knutt, Michael Fickes, & Detective Ed Culp, only cross-examined Mr. Knutt very little, & did not cross-examine Detective Ed. Culp & Mr. Fickes at all; failed to cross-examine the victim reguarding the victim perjuring herself on the witness stand, & failed to preserve the defendants appeal rights: (5) that his Armed Robbery conviction should be vacated because it is a lesser included offense of Attempted 1st degree murder; (6) And that the defendant's constitutional rights were violated because he was convicted of more than one attempted 1st degree murder, when the convictions arose out of the same physical act & the victim was the same for each conviction.

On September 28, 2004, the state filed a motion to dismiss petition for post-conviction relief. The state, in it's motion to dismiss petition for post-conviction relief the argued the following; (1) The petition for post-conviction relief was not timely filed. (2) The defendant failed to attached necessary affidavits. (3) The defendant did not explain the grounds that could be have been presented in a motion to withdraw guilty plea or motion to reconsider sentence which is necessary to show a substantial showing of a constitutional violation. (4) Apprendi does not apply retroactively & by pleading guilty the defendant has waived any Apprendi violation. (5) A deprivation of a statutory right is not a proper claim under the Post-Conviction Hearing Act (6) The defendant's failure to recieve a hearing to determine his fitness to stand trial or sentencing while under psychotropic medication was not a constitutional violation & is not cognizable in a petition for post-conviction relief. (7) The mere ingestion of psychotropic medication does not give rise to a bona fide doubt of the defendant's fitness requiring a fitness hearing. (8) That counsel's errors, if any, did not meet the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed 2d 674 (198 to determine ineffective assistance of counsel. (9) The court correctly admonished the defendant at the time of his plea. (10) The testimony of Victoria Bridgeman, at the defendant's sentencing hearing established that severe bodily injury was inflicted on her. (11) The issues that armed robbery was a lesser included offense of Attempt 1st degree murder & that two counts of attempted 1st degree murder were based on the same physical act were both raised in the defendant's post-trial motion attacking a Void Judgement were denied; therefore, the issues are resjudicata, & if not resjudicata, then the defendant's arguments on these issues are wrong.

On April 6th, 2005 the state's motion to dismiss petition for post-conviction relief was granted. The defendant filed a timely Notice of Appeal on April 25th, 2005.

## I. PRAYER FOR LEAVE TO APPEAL

This petitioner, Jason M. Gaddis, Pro se, Respectfully Petitions this Honorable Court for leave to Appeal pursuant to Supreme Court Rule 315 From the Judgement of the Appellate Court of Illinois, 4th District, which affirmed the judgement entered by the Circuit Court of Macon County, Illinois, upon the open plea for (2) counts of Attempted 1st degree Murder & (1) count of Armed Robbery from consecutive sentences of 46 years.

## II. ORINION AND PROCEEDINGS BELOW

On April 26th, 1996; this petioner was charged by information with (2) counts of Armed Violence, (2) counts of Attempted 1st degree Murder, (1) count of Armed Robbery, & (1) count of Aggravated Vehicular hijacking. That occured on April 23rd, 1996.

On September 13th, 1996; this petitioner plead Guilty on an (open plea) to (2) counts of Attempted 1st degree Murder, & on (1) count of Armed Robbery

On October 1st, 1996; this petitioner was sentenced to a combined/consecutive sentence of 46 years. 20 years on both counts of Attempted 1st degree Murder, & 6 years on the (1) count of Armed Robbery.

On October 30th, 1996; this petitioner filed pro-se a Notice of Appeal, & a Motion to Proceed in forma Papuris & Appointment of Counsel. ~ Petitioner was allowed to proceed in forma Papuris, but no counsel was appointed.

On December 31st, 1996; the Appellate Court (4th district) dismissed Appeal for failure to file a docketing statement No.# 4-96-0898 From Macon County of Illinois No. 96·CF·433

On November 17th, 2003; this petitioner filed a post·conviction pro-se & on April 6th, 2005; the states motion to dismiss (filed september 28th, 2004) was granted.

On April 25th, 2005; this petitioner filed a timely Notice of Appeal.

On August 1st, 2006; the Appellate Court (4th district) dismissed Appeal of the post·conviction. (A-1)

On or around the 10th of August, this petitioner filed a timely Motion for re·hearing, in which was denied on the 22nd of August, 2006. (A-2)

## III. POINTS RELIED UPON FOR REVERSAL

On October 30th, 1996; this petitioner files pro-se (with the help of a law clerk) at Graham C.C. a Notice of Appeal, & A Motion to Proceed in Forma Papuris & Appointment of Counsel. I was allowed to proceed as a poor person, but no counsel was appointed.

## VI ARGUMENT

WHETHER THE COURT ERRED WHEN IT GRANTED THE STATES MOTION TO DISMISS PETITION FOR POST-CONVICTION RELIEF.

The standard of review for a dismissal of a post-conviction petition at the second stage, after counsel has been appointed & given an opportunity to amend the pro se petition is reviewed de novo. People v. Whitfield, 217 Ill. 2d 177, 182 (2005)

At the dismissal stage of a post-conviction petition all well pleaded facts that are not positively rebuffed by the original trial record are taken as true. People v. Coleman, 183 Ill. 2d 366, 385, 701 N.E. 2d 1963 (1998). The reviewing court may affirm the dismissal of the post-conviction petition on any basis supported by the record. People v. Patton, 315 Ill. App. 3d 963, 972, 735 N.E. 2d 185, 189 (4th Dist. 2000). Although it is advisable for a trial court to state its reasons for dismissing a post-conviction petition, it is not mandatory. People v. Porter, 122 Ill. 2d 64, 82 (1988).

In order to obtain a reversal of a conviction for ineffective assistance of counsel, a defendant must show that counsel's performance (1) fell below an objective standard of competence & (2) counsels deficient performance resulted in prejudice to the defendant such that but for counsel's unprofessional error there is a reasonable possibility that the result of the proceeding would be different. Strickland v. Washington, 466 U.S. 668, 80 L.Ed. 2d 674, 104 S.Ct. 2052 (1984) In order to prevail, a defendant must overcome both the performance & prejudice prongs of the Strickland test. People v. Sanchez, 169 Ill. 2d 472, 487, 662 N.E. 2d 1199 (1996)

The defendant alleged, in his post-conviction petition, that his trial counsel rendered ineffective assistance of counsel, by failing to review with the defendants matters pertaining to the charges, plea & sentencing: only seeing the defendant twice for a total of ten minutes, failed to review with the defendant any part of the pre-sentence report made by Dr. Sunderland failed to notify the court that the defendant was on psychotropic medication (3) days after the plea hearing & during the sentencing hearing failed to notify the defendant that the state planned to use hearsay testimony of Michael Knutt, Michael Fickes & Detective Ed Culp, only cross-examined Mr. Knut very little & did not cross-examine the victim Detective Ed Culp & Mr. Fickes at all, failed to cross-examine the victim perjuring herself on the witness stand & refused the defendants request that trial counsel help the defendant file an appeal. As stated above, all well pleaded facts that are not positively rebuffed by the original trial record are taken to be true. The defendant swore, under oath, that the above allegations were true. Therefore, the issue is whether any of theses defendants allegations of incompetent counsel passed Strickland's test

1069, 119 S.Ct. 1463, 145 L.Ed.2d 985 (2000) It is true that the defendant's petition for post-conviction relief was dismissed at the second stage. Therefore, under People v. Hughes, 329 Ill. App. 3d 322, 767 N.E. 2d. 958, 961 (4th Dist. 2002), the defendant may be required to show that a motion to withdraw plea may have been granted. Hughes, post-conviction petition was dismissed after an evidentiary hearing which the defendant, in the present case, never received. Hughes, 329 Ill App. 3d at 325. However, all the reasons, stated above, that the defendant has stated for the grounds that his attorney rendered ineffective assistance of counsel are also grounds that the court may have granted his motion to withdraw guilty plea. In addition, the defendant stated, in his petition for post-conviction relief, that he was taking psychotropic medication at the time of his sentencing. If the defendant's trial attorney had alleged & proven that there was a bona fide doubt of the defendant fitness to be ~~sentencing trial~~ sentenced because of the psychotropic medication, at the time of the defendant's sentencing hearing, in a motion to withdraw plea, the motion to withdraw plea should have been granted. People v. Mitchell, 189 Ill. 2d 312, 727 N.E. 2d 254 (2000) Also, since the defendant's attorney only spent ten minutes with the defendant, it seems certain that the ends of justice would be served by holding a trial. People v. Davis, 145 Ill. 2d 240, 244, 582 N.E. 2d 714 (1991). Therefore, the failure to file the appeal certainly fell below an objective standard of competence, & the result of the appeal certainly would have been different in the that the appeal would not have been dismissed, & the motion to withdraw guilty plea would have been granted.


   ARGUMENT WHETHER THE COURT ERRED WHEN IT GRANTED THE STATES MOTION TO DIMISS , ... BASED ON UNTIMELYNESS Filing of the POST-CONVICTION.


   PETITIONER ARGUES HERE THAT HIS RIGHTS TO APPEAL WERE VIOLATED DUE TO THE NEGELECT OF THE CIRCUIT COURT by NOT ALLOWING HIM AN ATTORNEY ON DIRECT APPEAL to be APPOINTED.


   PETITIONER ARGUES IN CRONOLOGICAL ORDER OF EVENTS TO SUPPORT CLAIM:


   On october 30th, 1996; I asked the help of a para-legal to help me file a Notice of Appeal, at Graham C.C., On that day the 30th of Oct-ober 1996, I placed in the mail a Notice of Filing (Ex. 1), Notice of Appeal, (Ex. 2) Motion to Proceed in Forma Pauperis And Appointment of Counsel. (Ex. 3)

- Verification of Certification (EX.4) $, Proof of Service (EX.5) All documents were sent to the circuit clerk of Macon County Kathy A. Hott $ To the Macon County States Attorney Lawrence Fichter $ also Jim Ryan Attorney General of Illinois. ∩ The state allowed defendant to proceed informa Pauperis, but neglected to appoint counsel to defendant. Douglas V. California, 372 U.S. 353, 83 Sct. 814 9 L.Ed. 2d 811 (1963) establish that an indigent criminal defendant has a right to appointed counsel in his 1st Appeal as of right in state court. ∩ Said defendant was indigent at the time of his trial - thus - he was appointed counsel at the time of his trial. ∪ Note cover sheet to Report of Proceedings at Plea of Guilty (EX.6) ∩ MR. MARK MORTHLAND / Public Defender was representing this petitioner (JASON M. GADDIS). In Evitts V. Lucey held that this RIGHT encompasses a right to effective assistance of counsel for all criminals defendant in their 1st Appeal Right.

This petitioner argues that had the trial court not neglect to grant him counsel to be appointed he wouldn't have had his appeal dismissed, for not filing of a docketing statement. (EX.7)

On November 20th, 1996 I was transferred to Menard C.C. in which was on lock down due to the fall out of the Richard Speck tapes that surface earlier that year. When the Appellate court first contacted me the letter had to be forwarded from Graham C.C. to Menard C.C. Note date $ Address on (EX.8) at this time I was at Menard C.C.,. When I had recieved notice some of the time had already passed. I'm not a lawyer or do I have any prior legal knowledge at the time. (I'm learning as we go.) I wrote several request slips to the law library to try to find out what this "rule 312" Docketing Statement was. No response was ever given. No para-legals were out because of the institional lock down. My hands were tied $ my education limited. Soon after on December 31st, the appeal was dismissed...(ev. 7)

While I was in seg there was I problem $ in to my own ignorance caused a fire to which several court documents were destroyed. (EX.9) At... JAN. 6th 1998. On the 1st of May, I filed a motion for Trial transcripts $ Common Law records. ∩ Soon after I began writing several letters to private attorneys, requesting them to help me get my appeal reinstated.

On January 23th, 2001; Mr. Kalman Carl Minkus (Attorney At Law) contact me by letter requesting info about my case. (EX.10) $ Again on on the 5th of April, 2001; explaining to me that he was going to prepare a post-conviction Pro-se with direction if I agreed. (EX.11). I agreed, $ this was the 1st time I've ever heard of a Post-conviction. When I asked the law clerk about it he said I couldn't file a (post) becouse my appeal was dismissed.

On the 21st of May a Mr. Orenstein wrote saying that he had spoken to Mr. Minkus $ he was asked to contact me. (EX.12) Mr. Orenstein is

for a showing of incompetent counsel such that the court erred when it dismissed the petition for post-conviction relief.

Counsel cannot adequately represent a defendant on such serious charges by meeting w/ the defendant for a total of ten minutes. Ten minutes is not sufficient time to review w/ the defendant matters pertaining to the charges, plea & sentencing. In the present case, the defendant originally had six different charges & two co-defendants. The defendant was facing the possibility of both extended & consecutive sentences. In fact, the defendants received consecutive sentences. Because the defendant had co-defendants the issue of the accountability of the defendant for the acts of his co-defendants needed to be discussed by the defendants trial attorney w/ the defendant. The possibility of defenses & the ramifications for sentencing of pleading guilty to each one of the different counts needed to be discussed by the defendant's trial attorney with the defendant. Ten minutes is not even sufficient time for the defendant to tell the trial attorney his in involvement or non-involvement in these charges. Ten minutes w/ the defendant certainly falls below an objective standard of competence. There is also a reasonable possibility that the result of the proceeding would be different if the trial counsel had spent more than ten minutes with the defendant. If the defendant had known the ramification of pleading guilty, he may have decided to have a trial; the defendant may have had possible defenses to present at a trial. The defendant also alleged that his trial counsel failed to review with the defendant matters pertaining to his sentencing. A defense attorney is required to either investigate potential sources of mitigating evidence or make a reasonable decision not to undergo such an investigation. People v. Orange, 168 Ill. 2d 138, 659, N.E. 2d 935 (1999) There is also a reasonable possibility that the results of the sentencing hearing would have been different. The defendant could of have presented mitigation witnesses if he knew he could present mitigation witnesses. The defendant could have given his trial attorney insight into the aggravation witnesses such that the trial counsel could have cross-examined the aggravation witnesses more effectively. In addition, the defendant's trial counsel did not preserve the defendants appeal rights. The defendant filed a pro-se appeal, but it was eventually dismissed because the defendant did not file a docketing statement. If the defendant's trial attorney had filed a notice of appeal & made sure the defendant was appointed counsel on appeal, the appeal would not have been dismissed for failure to file a docketing statement. The failure to file an appeal is objectively unreasonable if the defendant specifically directed counsel to file a notice of appeal, It would be unfair to require an indigent, perhaps, pro-se, defendant to demonstrate that his hypothetical appeal might have merit before any advocate has ever reviewed the record in this case in search of potentially meritorious grounds for appeal. ROE V. FLORES-ORTEGA, 526 U.S

an Assistant Appellate Defender from the 1st Judicial District.

On July 23th, 2001, Mr. Orenstein contacts me to let me know that he hasn't forgotten about me & that he was planing to draft a Motion for a Supervisory Order but, didn't know when. (Ex. 13)

On August 7th, 200; Mr. Orenstein wrote saying that he had contacted the (4th district of Appels) Clerk Office & that they told him "I HAD NOT REQUESTED COUNSEL." (Ex. 14) ~ This shows that the tried court was at error! ~ The state argues that this petitioners post-conviction was filed untimely. And this petitioner agrees that the post was untimely. At the same time this petitioner argues that his intent to secure his right to an adequat appeal has been saught with due dilligence. And that the fact of Proceedural default has hindered this petitioner of his U.S. Constitutional 6th & 13th Admendment rights to Due Process & Appointment of Counsel. As well as his rights to a direct appeal.

After finding out that the (4th district of Appells) had never had the record that I filed a Motion asking for counsel on direct appeal. I wrote them. (Ex. 15) on 6-25-02, The Clerk never responded.

Around the middle of July, 2002 I wrote to the (4th Judicial District) Appellate Defenders Office. On the 17th of July, 2002; Karen Munoz Assistant Defender responded. She said, that I could have requested the appointment of counsel & because I had a public defender at trial (Ex. 6) I wouldn't of had a problem obtaining counsel. (Ex. 16) That it was my responsibility.

On August. 5th, 2002; I recieved a letter again from the Appellate Defender Office saying I could have requested the appointment of counsel & that because I had a public defender I wouldn't of had problems obtaining counsel. (Ex. 17)

On June 9th, 2003 Mr. Orenstein Assistant Appellate Defender wrote that he cannot help because my case was closed. (Ex. 18)

This petitioner then goes back to scratch & attempted to file a Post trial Motion Attacking a void Judgement & the a Post-Conviction.

This petitioner argues that had trial counsel attempted to perfect the appeal (or) if the court would of appointed counsel on defendents own motion then, petitioner would be able to raise issues that are now barred either by proceedural default or by New Rule cases that was up held by Teague V. Lang. See People V. De La Paz, 204 Ill. 2d 426, 791 N.E. 2d 489 (2003). Held that Apprendi issues didn't apply retroactive to those persons whose direct appeal had become final, & who were on collateral attack. ~ Had petitioners counsel filed a direct appeal or had the court not Neglected petitioners the right to an attorney on this defendants own motion. This defendant would be able to raise issues that concern the Apprendi. If the state allowed defendant to move in Forma Pauperis, why not allow the defendant the right to

counsel. Enless the state was bias towards this defendant.

This petitioner claims that he was deprived of his Right to counsel by the neglience of the circuit court in which he was sentenced. In Gideon v. Wainright, 372 U.S. 335, 339-343, 83 S.Ct. 792-96, 9 LEd 2d 799, (1963) The court ruled on due process grounds, that the state needed to appoint counsel for poor defendants facing criminal charges.

This petitioner asserts that the claimed violation of ineffective assistance of counsel & the deprivation of his right to counsel is not a new rule. And therefore asks that this court apply well established law to a non-exceptional fact pattern. ~ This petitioner argues that the violation of his 6th & 14th adrendments secured by the U.S. Consitution. Did harm petitioner & has taken away his right to a faie trial. The error that occurred was in fact not "HARMLESS". Petitioners life/freedom is at stake here. Had counsel been appointed thing may have been different. At least to a chance for a faie trial as is protected by the 6th & 14th Adrendments of the U.S. Consitution.

Petitioner argues that his claim does show "cause" becouse, petitioner did have a consitutional right to counsel on his direct Appeal.

Petitioner argues that his trial counsel failure to perfect an appeal at the request of said defendant was harmfel to him, that has caused him undue handship with the courts, & has deprived defendant of his 6th & 14th rights to due process, should show the court the prejudice needed in Strickland v. Washington, 466 U.S. 668, 104 S.ct. 2052 (1984)

Roe v. Flores Ortega, 120 S.ct. 1029, 1034, 145 LEd. 2d 985 (2000) established a presumption of prejudice in case where counsels deficient performance operates to deprive the defendant of an appeal he (or) she would otherwise have taken. ~ Trial counsel failed to present (or) argue an appeal, leaving his client to file it pro se w/ out prior review of the law or even consulting w/ his client.

U.S. v. Phillies, 210 F.3d (5th Cir. 2000) held that, the court found that counsels failure to appeal the sentence enhancement of the obstruction of Justice, consituted ineffective assistance.

In Castellanos v. U.S., 26 F.3d 717 (7th Cir 1994) there was a finding that attorney rendered ineffective assistance of counsel, in failing to appeal conviction following guilty plea.

In U.S. v. Peak, 992 F.2d 39, 41 (4th Cir 1993) found that counsels failure to file for appellate review when requested by defendant deprives defendant of his (or) her 6th Adrendment right to assistance of counsel even if he would have likely lost on Appeal.

Therefore, for the reasons stated above, this petitioner requests this court reverse the trial court's order dismissing the defendants petition for Post-Conviction, reinstate the petition for post-Conviction relief, & remand the case for further proceedings.

10 of 11      A-88

## VII CONCLUSSION

For the foregoing reasons this petitioner, JASON M. GADDIS requests that this Honorable Court Reverses the courts order granting the states motion to dismiss petition for Post-Conviction relief & remand for further proceedings.

Petitioner request that this Honorable Court vacate the judgement entered October 1st, 1996 at sentencing & or allow petitioner to have a direct Appeal w/ Counsel Appointed. And Any other relief that this court deems just, based on the foregoing allegations.

If Motion for leave to Appeal is granted that counsel is appointed to help petitioner with the proceedings.

Respectfully submitted.

/s/ Jason M. Gaddis
Petitioner
PRO-SE

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare under penalty of perjury, that everything contained herein is true & accurate to the best of my knowledge.

Signed this 16th day of JANUARY, 2007

/s/ Jason M. Gaddis
Petitioner
PRO-SE

JASON M. GADDIS #B4439
Pontiac Correctional Center
P.O. Box 99
Pontiac, Illinois
61764

11 of 11    A-39

APPENDIX

POINTS AND AUTHORITIES

WHETHER THE COURT ERRED WHEN IT GRANTED THE STATES
MOTION TO DISMISS PETITION FOR POST-CONVICTION

People V. Whitfield, 217 Ill. 2d 177 (2005) ............................. 5
People V. Coleman, 183 Ill. 2d 366, 701 N.E. 2d 1963 (1998) ......... 5
People V. Patton, 315 Ill. App. 3d 968, 735 N.E. 2d 185 (4th Dist. 2000) .. 5
People V. Porter, 122 Ill. 2d 64 (1988) ............................... 5
Strickland V. Washington, 466 U.S. 668, 80 L.Ed. 2d 674, 104 Sct 2052 (1984) ... 5, 10
People V. Sanchez, 169 Ill. 2d 472, 662 N.E. 2d 1199 (1996) ......... 5
People V. Orange, 168 Ill. 2d 138, 659 N.E. 2d 935 (1999) ........... 6
ROE V. Flores-Ortega, 120 S.Ct. 1029, 1034, 145 L.Ed. 2d 985 (2000) ... 6, 10
People V. Hughes, 329 Ill. App. 3d 322, 767 N.E. 2d 958 (4th Dist. 2002) .. 7
People V. Mitchell, 189 Ill. 2d 312, 727 N.E. 2d 254 (2000) ........ 7
People V. Davis, 145 Ill. 2d 240, 582 N.E. 2d 714 (1991) ........... 7
Douglas V. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d 811 (1963) .. 8
Evitt V. Lucey, 469 U.S. 387, 105 Sct. 830, 83 L.Ed. 2d 391 (1985) .. 8
Teague V. Lane, 489 U.S. 288, 109 Sct. 1060 (1989) ................. 9
People V. De La Paz, 204 Ill. 2d 426, 791 N.E. 2d 433 (2003) ........ 9
Apprendi V. New Jersey, 530 U.S. 466, 120 S.d. 2348 (2000) ......... 9
Gideon V. Wainwright, 372 U.S. 335, 83 Sct. 792, (1963) ........... 10
ROE V. Flores-Ortega,
U.S. V. Phillips, 210. F 3d. (5th Cir. 2000) ...................... 10
Castellanos V. U.S., 26 F. 3d 717 (7th Cir 1994) ................. 10
U.S. V. Peaks, 992 F. 2d 39, 41 (4th Cir. 1993) ................. 10

EXIBITS

10-30-1996  Notice of filing, Ex. 1 ............................... 7
10-30-1996  Notice of Appeal, Ex. 2 ............................. 7
10-30-1996  Motion to proceed in Forma Pauperis,
            And Appointment of counsel, Ex. 3 ................ 7
10-30-1996  Verification of certification, Ex. 4 ................ 8
10-30-1996  Proof of Service, Ex. 5 ............................. 8
9-13-1996   Report of proceedings cover sheet. Ex. 6 .......... 8
12-31-1996  Appellate court Order Ex. 7 ........................ 8
12-4-1996   Appellate Court notification Ex. 8 ................ 8
1-6-1998    Disciplinary Record Ex. 9 .......................... 8
1-23-2001   Correspondence from Minkus Ex. 10 ................ 8
4-5-2001    Correspondence from Minkus Ex. 11 ................ 8
5-21-2001   Correspondence from Orenstein Ex. 12 ............. 8
7-23-2001   Correspondence from Orenstein Ex. 13 ............. 9

# APPENDIX

## POINTS AND AUTHORITIES
cont.

### EXIBITS
cont.

8-7-2001  Correspondence with Orenstein Ex.14 _____ 9
6-25-2002 Correspondence to Clerk of Macon County Ex.15 __ 9
7-17-2002 correspondence with Appellate Defender (4th Dist) Ex.16 __ 9
3-5-2002 correspondence with Appellate Defender (4th Dist) Ex.17 _____ 9
6-9-2003 correspondence from Mr. Orenstein (1st Dist) Ex.18 _____ 9


A-1 Order of Appellate Court Filed August 1st, 2006 _____
A-2 Letter from Appellate Clerk dated August 22nd, 2006 _____


A-10 AFFIDAVIT OF SERVICE   & VERIFICATION
A-11 PROOF OF SERVICE BY MAIL

104351

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

May 31, 2007

Mr. Jason M. Gaddis
Reg. No. B-44293
Pontiac Correctional Center
P. O. Box 99
Pontiac, IL 61764

No. 104351 - People State of Illinois, respondent, v. Jason M.
          Gaddis, petitioner.  Leave to appeal, Appellate
          Court, Fourth District.

The Supreme Court today DENIED the petition for leave to appeal in the above entitled cause.

The mandate of this Court will issue to the Appellate Court on July 6, 2007.

A-92

IN THE CIRCUIT COURT
OF THE SIXTH JUDICIAL CIRCUIT
MACON COUNTY, ILLINOIS

People of the state of Illinois
PLAINTIFF - RESPONDENT

VS.

Jason M. Gaddis
DEFENDANT - PETITIONER

)
)
)
)
)
)
)
)
)
)
)

No. 96-CF-433

THE HONORABLE
THEODORE E. PAINE
Judge Presiding

## PETITION FOR POST-CONVICTION RELIEF

COMES NOW, Jason M. Gaddis, petitioner, pro-se, and moves this Honorable Court pursuant to the Illinois Post-Conviction Hearing Act (725 ILCS 5/122-1 et. seq.) to vacate the judgement and sentence entered in the above-captioned cause, as fundamental fairness so requires.

IN SUPPORT thereof, the petitioner states as follows:

1.) That the petitioner is presently incarcerated at the Pontiac Correctional Center in Pontiac, Illinois, 61764.

2.) That he is serving a combined sentence of 46 years for consecutive judgements for the offenses of Armed Robbery and (2) counts of Attempted (1st degree) Murder.

3.) This petitioner was sentenced on October 1st, 1996 in front of the Honorable Jerry L. Patton.

1 of 7    A-93

4) That on October 30th, 1996 this petitioner filed a pro-se:

  Ⓐ NOTICE OF FILING ; (EX.1)
  Ⓑ NOTICE OF APPEAL ; (EX.2)
  Ⓒ MOTION TO PROCEED IN FORMA PAUPERIS AND Appointment of counsel, (EX.3)
  Ⓓ VERIFICATION OF CERTIFICATION ; (EX.4) &
  Ⓔ PROOF OF SERVICE ; (EX.5)

All said documents are Notorized by Julie Howard & on or on November 1st, 1996 were stamped filed by KATHY A. HOTT Circuit Clerk of MACON COUNTY of Illinois.

All said documents were also sent to:

Ⓐ LAWRENCE FICHTER
MACON COUNTY STATE'S ATTORNEY
101 S. MAIN St.
Decatur, Illinois 62523 ;

Ⓑ JIM RYAN
ATTORNEY GENERAL of ILLINOIS
500 S. Second St.
SPRINGFIELD, Illinois 62706

5) This petitioner was allowed to proceed in forma pauperis but, no counsel was appointed.

6) This petitioner was asked by the 4th district Appellate Court to file a "docketing statement" as required by the supreme Court Rule 312.

7) On December 31st, 1996 the appeal was dismissed for failure to comply with the Supreme Court Rule 312.

8) This petitioner had filed in this court a motion attacking a void judgement on July 3rd, 2003, on July 17th, 2003, the said motion was denied by the Honorable Theodore E. Paine.

9) On November 17th, 2003, this petitioner filed a Post-Conviction in this court, & on the states own motion dismissed (filed September 28th, 2004) this court dismissed the Post-Conviction.

10) This petitioner filed a "Notice of Appeal", April 15th, 2005 in the 4th Dist. Appellate Court, # No. 4-05-0345. The Appellate Court

affirmed the trials court judgement on; August 1st, 2006.

11) In the "Notice of Appeal" filed April 22nd, 2005 this petitioner requested his transcripts:

"Defendant at this time requests that he is sent the transcripts pertaining to his guilty plea, sentenceing, Post-Conviction proceedings." pg. 2 of 3 at (5)

- AlSO -

"Defendant at this time asks this court to send all Macon County Records from the case 96-CF-433. Including All medical reports & records from Dr. Sunderland. This defendant has asked his appointed counsel for (Post-Conviction) to obtain them for appellate attack & support. Counsel failed to do so." pg. 2 of 3 at (8)

12) On the 19th of August, 2005, I recieved in the mail a package containing my court documents as requested.

13) I notified Mrs. Arden Lang (ASSISTANT DEPUTY DEFENDER) from the 4th Judicial District for the Appellate Courts. That I was having problems with mail problems with the courts documents (See Grievance 8-31-2005), (EX.19) ... And that the legal package contained evidence to support the Appeal. (EX.20-23)

14) This petitioner asserts that, while Post-Conviction Hearing Act contemplates filing of only one post-conviction petition, successive petitions may be allowed where proceedings on initial petition were deficient in some fundamental way. (SHA ch. 38 ¶ 122-1 et. seq.)

15) This petitioner argues:

I.) THAT petitioners 14th & 6th Admendment right(s) to DUE-PROCESS & the effective assistance of counsel were violated because, the trial court neglected to appoint counsel to assist this indigent defendant in his direct Appeal as of right.

16) This petitioner argues that he did not have _proof_ that he had asked for counsel & did not wish to purge himself in his 1st post-conviction. That this new evidence wasn't discovered until after the post-conviction was heard & dismissed.

3 of 7    A-95

17.) This petitioner argues that People V. Flores, holds, "where claimed error is one which could not have been presented in an earlier proceedings there is potential that second (or) subsequent post-conviction petition may be filed. 153 Ill. 2d 264, 606 N.E. 2d 1078 (1992)

18.) In People V. Slaughter, 39 Ill. 2d 278, 235 N.E. 2d 566 (1968); the court held that the objective of finality must yield when fundamental fairness so requires. See Also, People V. Polansky, 39 Ill. 2d 84, 233 N.E. 2d 374; People V. Keagle, 37 Ill. 2d 96, 224, N.E. 2d 834; People V. Hamby, 32 Ill. 2d 291, 205 N.E. 2d 456; People V. Sprinkle, 27 Ill. 2d 398, 189 N.E. 2d 295.

19.) Gideon V. Wainwright, 372 U.S. 335, 85 S.Ct. 792, 9 L.Ed. 2d 799, held that the sixth amendment right to counsel was so fundamental & essential to a fair trial, & so to DUE PROCESS of LAW, that is made obligatory upon the state by the 14ᵗʰ amendment. "Id., 372 U.S. at 340, 83 S.ct. 794, quoting Betts V. Brady, 316 U.S. 455 (1942); Powell V. Alabama, 287 U.S. 45 (1932), & Johnson V. Zerbst, 304 U.S. 458 (1938).

20.) In Addition, courts will relax the waiver rule when fundamental fairness so requires. People V. Breitz, 174 Ill. 2d, 163 (1996) & People V. Markes, 239 Ill. App. 3d 178 (1992).

21.) Where habeas corpus petitioner files second or subsequent application for habeas relief in which he alleges errors which could have been presented in prior proceedings, he must demonstrate "cause" for failure to raise the error & actual prejudice resulting from claimed errors; even where cause and prejudice are absent, federal courts may entertain successive claims if necessary to prevent fundamental miscarriages of Justice. Rules Governing § 2254 cases, Rule 9(b), 28 U.S.C.A. foll. § 2254

22.) This petitioner argues that the entire proceeding upon which the conviction was held were grossly illegal wanting in law and contrary to the Constitution of the United States in that, generally, his rights held by the Illinois & the U.S. constitution were violated.

23.) This petitioner prays to preserve the issues brought in this petition, so that he is not barred from a federal Heabus Corpus. And prays to give the circuit court an adequate chance to challenge these Allegations.

4 of 7    A-96

<u>ISSUES PRESENTED FOR REVIEW:</u>

<u>GROUND I</u>

1.) That petitioners 14th & 6th Admendment rights to due process and the effective Assistance of counsel were violated because, the trial court neglected to appoint counsel to Assist this indigent defendant in his direct Appeal, (As of RIGHT).

<u>In support thereof;</u>

1.) Petitioner argues that his counsels failure to preserve his Appeal lead this petitioner to file (pro-se) a Notice of Appeal, & Motion to Proceed in FORMA PAUPERIS And Appointment of counsel.

2.) Petitioner knew that he had filed a notice of Appeal & the Motion to Proceed as A poor person <u>AND</u> the request for counsel to be appointed... but because of lost & damaged documents he wasn't able to Prove that he requested counsel. And was lead to believe that it was this petitioners fault. That "he had never requested counsel." It wasn't until <u>AFTER</u> the state sent this defendant a total copy of the file pertaining 96-CF-433 that he was Able to <u>PROVE</u> that he was denied counsel and neglected by the courts. (Exibits & Proof) are attached & in the Brief in support for Post-Conviction.

PETITIONER ARGUED IN THE FIRST POST-CONVICTION
                                    Page 4 At (15-17)

* 15.) That his 6th Amendment rights were violated due to ineffective Assistance of counsel, due to his blunt failure to preserve his appeal rights as requested by defendant.
* 16.) Petitioner argues that his counsels failure to preserve his appeal lead defendant to file a notice of Appeal (pro-se) with the assistance of an inmate law clerk at the Graham Correctional Center, and not knowing that he also had to request the appointment of counsel at the time, and doing what he could to secure his appeal.
* 17.) Petitioner was transfered to menard Correctional Center, At

which time it was on lock down due to the release of the Richard Speck tapes in 1996. And soon after without having access to the prison library, defendant was asked by the 4th District Appellate Court for a Docketing Statement & in his failure to file it & not knowing what to do the Appeal was dismissed.

3.) It wasn't until after the post was denied and I filed a notice of Appeal was I able to prove in the state's own records) that I had in fact Requested counsel. I received these documents August 19th, 2005. See Attached Exibits in petitioners Brief in support for Post-Conviction Relief.

4.) This issue couldn't have been adaquately argued by this petitioner with out the Proof Needed to show the court.

5.) This petitioner didn't want to commit Purjury in this court. So with out Proof or record to support claim he chose not to raise this issue.

6.) The convictions and sentences under which petitioner is imprisoned are unlawful and void because of multiple violations of petitioner's Right to Due Process of law guaranteed by the Fourteenth Amendment to the Constitution of the United States violation of equal protection of the law guaraneteed by the fourteenth Amendment, and violation of the right to the effective assistance of counsel protected by the sixth Amendment. These violations are not mere irregularities, but are major consitutional violations which cast significant doubt on the fairness of Petitioners conviction and sentence.

7.) Petitioner incorprates by reference the Brief in Support of Petitioner Post-Conviction relief.

WHEREFORE, Petitioner JASON M. GADDIS moves this Honorable Court to grant the following relief:

Ⓐ Require the respondent to answer the Allegations in this petition & the Brief in support;

6 of 7    A-98

(B) Hold such evidentiary hearing as this court may deem necessary or appropriate;

(C) Grant the appointment of counsel to represent this defendant and to amend the post-conviction as necessary. See,... Attached motion.

(D) Allow this petitioner to proceed informa pauperis. See,... Attached motion.

(E) That this court allow this petitioner to be granted the Writ of Habeas Corpus Ad Testificandum to support on # his own behalf the allegations in this post-conviction should there be an evidentiary hearing.

(F) Petitioner prays this Honorable Court vacate the judgement entered in the cause on October 1st, 1996 and grant him a new trial, and or a direct Appeal (as of Right) as of October 30th, 1996. (OR) any other relief this court deems just based on the foregoing allegations.

Date: _May 30th, 2007_

Respectfully submitted,
/s/ _Jason M. Gaddis_
JASON M. GADDIS
Reg. No. B-44293
Pontiac Correctional Center
Pontiac, Illinois. 61764

CERTIFICATE OF PRO-SE COUNSEL

JASON M. GADDIS, pro-se, hereby certifies that the statement(s) of fact(s) in the Accompanying petition and brief are true to his knowledge, and that statements made on information and belief are true to the best of his knowledge & belief.

Date: _May 30th, 2007_

Respectfully submitted,
/s/ _Jason M. Gaddis_
Reg No: B-44293

7 of 7    A-99

IN THE CIRCUIT COURT
OF THE SIXTH JUDICIAL CIRCUIT
MACON COUNTY, ILLINOIS

People of the state of Illinois )
　　　PLAINTIFF - Respondent )
　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　 )      NO: 96-CF-433
　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　 )      The HONORABLE
　　　　　　　　　　　　　　　　　 )      Theodoro E. PAINE
　　　　　　　　　　　　　　　　　 )      Judge Presiding
　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　 )
JASON M. GADDIS )
　　　Defendant - Petitioner )
　　　　　　　　　　　　　　　　　 )

BRIEF IN SUPPORT OF PETITION
FOR POST-CONVICTION RELIEF

JASON M. GADDIS
　Reg. No: B-44293
Pontiac Correctional Center
P.O. Box 99
Pontiac, Illinois 61764

1 of 16    A-100

# TABLE OF CONTENTS

TABLE OF CONTENTS.........................................................

INDEX OF AUTHORITIES ............................................. 3

STATEMENT OF QUESTIONS PRESENTED ................... 4

STATEMENT OF THE CASE ........................................ 5

ARGUMENT

   I.) That petitioners 14th & 6th Amendment Right to due
   process & the effective assistance of counsel were
   violated because, the trial court neglected to appoint
   counsel to assist this indigent defendant in his
   direct appeal as of right................................. 7

RELIEF SOUGHT............................................... 15

Appendix & EXIBITS.......................................... Apx.

2 of 16    A-101

# INDEX OF AUTHORITIES

DOUGLAS V. CALIFORNIA., 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d 811 (1963) ...... 8, 11,

EVITTS V. LUCEY, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed. 2d 821 (1985) ..... 8,

TEAGUE V. LANG, 489 U.S. 288, 109 S.Ct. 1060 (1989) ---------------- 9,

PEOPLE V. DE LA PAZ, 204 Ill. 2d 426, 791 N.E. 2d 489 (2003) ---------- 9,

APPRENDI V. NEWJERSEY, 530 U.S. 466, 120 S.Ct. 2348 (2000) -------- 9, 10,

SUPREME COURT RULE 604 (d) -------------------------------- 10,

PEOPLE V. CUNNINGHAM, 294 Ill. App 3d 702, 229 Ill. Dec. 62, 690 NE. 2d 1389 (1997) ...

------------------------------------------------ 10,

GIDEON V. WAINRIGHT, 372 U.S. 355, 83 S.Ct. 792 (1963) ----------- 10,

PEOPLE V. BARNES, 291 Ill. App 3d 550, 225 Ill. Dec. 731, 684 N.E. 2d 416 ... 11,

GRIFFIN V. ILLINOIS, 351 U.S. 20, 76 S.Ct. 591 ---------------- 11,

ROSS V. MOFFIT, 417 US. 600, 94 S.Ct. 2437, 41 L.Ed. 2d 341 (1974) ..... 11,

JONES V. BARNES, 463 U.S. 745, 103 S.Ct. 3308, 77 LE 2d 987 (1983) ..... 11,

SWENSON V. BOSLER, 386 U.S. 258, 87 S.Ct. 996, 18 L.E. 2d. 33 (1967) ...... 12,

ANDERS V. CALIFORNIA, 386 U.S. 738, 87 S.Ct. 1396, 18 L.E. 2d 493 (1967) .... 12,

ENTSMINGER V. IOWA, 386 US. 748, 87 S.Ct. 1402, 18 L.E. 2d 501 (1967) .... 12,

BETTS V. BRADY, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed 1595 (1942) ------- 12,

POWELL V. ALABAMA, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed 158 (1932) --------- 12,

JOHNSON V. ZERBST, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed 1461 (1938) ...... 12,

UNITED STATES V. ASH, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed 619 (1973) .... 12,

CUYLER V. SULLIVAN, 446 U.S. 344, 100 S.Ct. 1716 ------------- 12,

STATEMENT OF QUESTIONS
PRESENTED

I.) Whether the petitioner's 14th & 6th Amendment rights to due process and the effective Assistance of counsel were violated because, the trial court neglected to appoint counsel to Assist this indigent defendant in his direct appeal, (As of right)?

petitioners Answer...."yes!"

II.) Whether the petitioner has a right to a direct Appeal in Illinois & the right to be appointed counsel on direct Appeal?

petitioners Answer...."yes"

III.) Whether the petitioner should be Able to have his Appeal Rienstated as of new, do to the violation of due process, & ineffective assistance of counsel?

petitioners answer... "Yes"

STATEMENT OF THE CASE

(A) STATEMENT OF PROCEEDINGS

1.) Petitioner Jason M. GADDIS took an open plea, in MACON County of Illinois before the Honorable Judge Jerry L. Patton. Petitioner plead guilty to:

(2) counts Attempted (1st degree) Murder;
(1) count Armed Robbery.

Date of plea September 16th, 1996; the state dismissed:

(2) counts Armed Violence
(1) count Aggravated Vehicular hijacking

2.) This petitioner GADDIS was jointly sentenced with co-defendants Jody Rinderer & Ian Pitts.

3.) On October 1st, 1996 this petitioner was sentenced to a total of 46 years for the consecutive sentences for

20 years (ct. I) Attempted (1st degree) Murder (+)
20 years (ct. II) Attempted (1st degree) Murder & (+)
6 years (ct. II) Armed Robbery

4.) On October 30th, 1996 this petitioner filed in a timely fashion a:

. Notice of filing;
. Notice of Appeal;
. Motion to Proceed in forma Pauperis and Appointment of counsel.
. Verification of Certification; &
. Proof of Service

5.) All of the above said documents were filed in the Macon County's clerks office, (Mrs. Kathy A. Hott Circuit clerk) on November 1st, 1996.

5 of 16      A-104

6) Copies were Notorized by Julie Howard $ copies were sent to Lawrence Fichter Macon countys States Attorney ($) Jim Ryan Attorney General of Illinois.

7) The state allowes defendant to proceed informa Pauperis, but Negelected to appoint counsel to help defendant in his direct appeal (as of Right).

8) On December 31st, 1996 the 4th District dismisses this defendants Direct appeal for failure to provide a docketing statement.

9) On July 8th, 2003 petitioner filed a Post-trial motion Attacking a Void Judgement; on July 16th, 2003 Post-trial motion was denied.

10) On November 17th, 2003 petitioner filed a Post-Conviction. On April 6th, 2005 the post-conviction was dismissed.

11) On April 22nd, 2005 petitioner filed a timely notice of Appeal. On August 1st, 2006 Appeal was dismissed.

12) On (or) around the 15th of August, 2006 petitioner filed a petition for re-hearing, said hearing was denied on August 22nd, 2006.

13) This petitioner filed a motion for leave to file a late petition for leave to appeal on the 9th of Feb, 2007; on the 23rd of March, 2007 petition was granted.

14) This petitioner's petition for leave to Appeal is currently awaiting decision in the Illinois Supreme Court.

15) This petitioner raises the argument in this post-conviction to preserve his claims $ to allow the court/state Adaquate chance to hear this claim on it own terms. If not then allowing this petitioner to meet the exhaustion of his state remedies before going to a Federal Habeas Corpus.

ARGUMENT

I.) THAT petitioners 14ᵗʰ & 6ᵗʰ Admendment Rights to due process (and) the effective assistant of counsel were violated because, the trial court neglected to appoint counsel to assist this indigent defendant in his direct Appeal (As of Right).

\* THIS PETITIONER ARGUES THIS ARGUMENT IN CRONOLOGICAL ORDER, the EVENTS, IN ORDER TO ATTEMPT AN ADAQUATE ARGUMENT THATS EASIER TO UNDERSTAND.

1.) On October 1ˢᵗ, 1996; this petitioner was sentenced to 20 years on count I Attempted (1ˢᵗ Degree) murder to be ran consecutive with count II Attempted (1ˢᵗ Degree) murder 20 years to be ran consecutive to the 6 years for count IV Armed Robbery, for a total of 46 years.

2.) This petitioner requests at his sentence that his trial counsel file a Notice of Appeal, that I was wanting to challenge my sentence. Counsel (MR. MARK MORTHLAND) refused to do so, leaving this petitioner to file it pro-se.

3.) This petitioner was appointed counsel in the easily stages of this case because he was indigent & had no prior knowledge of the law.

4.) On October 16ᵗʰ, 1996; this petitioner was transferred to Graham Correctional Center.

5.) On October 30ᵗʰ, 1996; this petitioner filed these documents & motions with the Circuit Clerk Kathy A. Hott. The documents & motions were stamped "filed", November 1ˢᵗ, 1996.

6.) These documents & motions were:
(A). NOTICE of Filing ; (EX.1)

7 of 16    A-106

(B) Notice of Appeal ; (EX.2)

(C) MOTION TO PROCEED IN FORMA PAUPERIS AND APPOINTMENT of counsel ; (EX.3)

(D) VERIFICATION of CERTIFICATION ; (EX.4)  &

(E) Proof of SERVICE ; (EX.5).

7.) All said documents & motions were sent to the circuit clerk of MACON County Kathy A. Hott ; LAWRENCE Fichter , MACON county states Attorney & Jim Ryan , the Attorney General of Illinois.

8.) The state/court allowed this petitioner to proceed in forma Pauperis ; however, failed to appoint counsel on direct Appeal as of RIGHT.

9.) This petitioner Not being An Attorney or having been prior educated in the law or the functions of the law. Was directed to file a docketing statement by the 4th district Appellate Court.

10.) This petitioner argues that had the trial court not neglected to appoint him counsel the out-come of the Appeal as of right may have been different.

11.) This petitioner argues that he had the Right to the Appointment of counsel (As of Right) on Direct Appeal.

12.) In Douglas v. Calafornia , 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d 811 (1963) establishes that an indigent criminal defendant has a RIGHT to appointed counsel in his 1st Appeal as of Right, in state court. — This petitioner was represented by a public defender at the proceedings of his case. (Report of Proceedings At Plea of Guilty) (EX.6) — Mark Morthland / Public Defendee was Representing this petitioner (JASON M. GADDIS).

13.) In Evitts V. Lucey 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed. 2d 801 (1985), the court held that this RIGHT encompasses a right to the effective Assistance of counsel for All criminial defendant in their 1st Appeal (as of) right.

14) This petitioner asserts that had the trial court not neglected to grant him counsel to be appointed he wouldn't have had his appeal dismissed for failure to file a docketing statement. (EX.7)

15) On November 20th, 1996 this petitioner was transfered to Menard Correctional Center, in which was on lock down due to the fall out of the Richard Speck tapes that surfaced earlier that year. When the (4th dist) Appellate Court first contacted me the letter was addressed to Graham C.C. & had to be forwarded to Menard C.C. Note the date & address on (EX.8), At this time I was in Menard C.C., When I had recieved notice some of the time had already passed.

16) "I'm not a lawyer or do I have any prior knowledge of the law. I'm learning as we go". I had wrote several request slips to the law library to try to find out what this "rule 312, was. No response was ever given. No para-legals were allowed out because of the insitutional lockdown. My hands were tied & my education limited. Soon after on December 31st, 1996 the appeal was dismissed. (EX.7)

17) While I was in seg., there was a problem & in my own ignorance caused a fire to which several documents were destroyed (EX.9) At... Jan. 6th, 1998. On the 1st of May; I filed a motion for trial transcripts and common law records. ~ Soon after I began writing several letters to private attorneys, requesting them to help me get my appeal reinstated.

18) This petitioners direct appeal (as of right) was dismissed for failure to file a docketing statement. Had counsel been appointed, on this petitioners own motion(s) (EX 1-5) he would have been able to attack the constitutional aspects of his sentence. This petitioner asserts that his RIGHT(S) to an appeal was violated because no counsel was appointed. Had his trial counsel helped to perfect the appeal (or) if the court would have granted defendants own motion for appointment of counsel (EX.3) that this petitioner would have been able to raise issues that he is now barred from ,by either procedural default or by New Rule Cases that was up held by Teague V. Lane 489 U.S. 288, 109 S.Ct. 1060 (1989). See,... People V. De La Paz, 204 Ill. 2d. 436, 791 N.E. 2d 489 (2003) Held that Apprendi V. New Jersey 530 U.S. 466, 120 S.Ct. 2348 (2000) issues didn't

retroactively to those persons whose DIRECT APPEAL had become final And who were on collateral attack. — HAd petitioners counsel filed a direct Appeal (or) had the court not neglected petitioner to the RIGHT TO COUNSEL (AS OF RIGHT) on defendants own motions (EX "1-5); this defendant would be able to RAISE issues that concern Apprendi because, the Appeal <u>may not have</u> been final by the time of the decision on <u>Apprendi</u> (2000).

19.) This petitioner claims that he was deprived of his right to counsel by the negligence of the circuit court in which he was sentenced. In <u>Gideon v. Wainright</u> 372 U.S. 355, 83 S.Ct. 792 (1963). The court ruled on Due Process grounds, that the state NEEDED to appoint counsel for poor defendants facing criminal charges.

20.) This petitioner claims that the violation of Due Process And Effective Assistance of counsel upheld by the United States Consitution's 14th & 6th Admendment(s) is not a new rule. And therefore asks that this court apply well established law to a non-exceptional fact pattern.

21.) This petitioner claims that the violation of his 6th & 14th Amendment(s) that are secured by the U.S. Consitution, <u>DID HARM</u> petitioner and had taken away his right to a faire trial. The error that occurred was in fact <u>not</u> "HARMLESS". Petitioners life And freedom is at stake here. HAd counsel been appointed things may have been diffrent. At least to the possibility of a faire trial/ Appeal as protected by the U.S. Consitution.

22.) This petitioner claim <u>DOES SHOW "CAUSE"</u> because petitioner did have a consitutional right to counsel on direct Appeal. <u>Supreme Court rule: 604(d)</u>: requires a trial court to ask a defendant whether he desires the assistance of counsel for preparation of post-plea motions if the defendant manifests an interests in appealing. <u>Rule 604(d) also</u> provides that after a defendant moves to withdraw a guilty plea or (attack the sentence) the trial court must appoint counsel <u>if</u> the defendant is "indigent & desires counsel". <u>People v. Cunningham</u>, 294 Ill. App 3d 702, 229 Ill. Dec. 60, 690 N.E. 2d 1389 (1997), held that after a defendant moves to withdraw a guilty plea, the trial court must appoint counsel, if the defendant is indigent And desires counsel. Also in <u>Cunningham</u> it is well settled that

10 of 16    A-110

fundamental fairness requires that a defendant receive the assistance of counsel to "prepare & present" a post plea motion. Barnes suggest that a defendant need only demonstrate "a desire to seek relief from the judgement", to effectively request counsel for preparation of post-plea motions. People v. Barnes, 291 Ill. App. 3d. 550, 225 Ill. Dec. 731, 684 N.E. 2d. 416.

THE DUE-PROCESS CLAUSE OF THE FOURTEENTH
ADMENDMENT GUARANTEES A CRIMINAL DEFENDANT
THE EFFECTIVE ASSISTANCE OF COUNSEL ON HIS
FIRST APPEAL AS OF RIGHT.

23) This petitioner argues were Nominal representation on an appeal as of right — like Nominal representation at trial — does not suffice to render the proceedings constitutionally adequate; a party whose counsel is unable to provide effective representation is no no better position than one who has no counsel at all. A First Appeal as of RIGHT therefore is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney.

24) The promise of Douglas v. Calafornia, that a criminal defendant has a right to counsel on this first appeal as of right — like the promise of Gideon v. Wainwright, 372 U.S. 335, 85 S.Ct. 792, 9 L.Ed 2d 799, that a criminal defendant has a right to effective assistance of counsel. ⁓ Just as a transcript may by rule or custom be a prerequisite to appellate review, the services of a lawyer will for virtually every layman be necessary to present an appeal in a form suitable for appellate consideration on the merits See, Griffin Supra, 351 U.S. at 20, 76 S.Ct. 591. Therefore Douglas v. California Supra, recognized that the principles of Griffin required a state that afforded a RIGHT of APPEAL to make that appeal more that a "meaningless ritual" by supplying an indigent appellant in a criminal case with an attorney.

25) This RIGHT to counsel is limited to the first appeal as of right, see Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed. 2d 341 (1974). And the Attorney need not advance every argument, regaurdless of merit, urged by the appellant see... Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308, 77 L.E. 2d. 987 (1983) But the Attorney MUST be

11 of 16    A-111

available to assist in "pre-paring & submitting" a brief to the appellate court", <u>Swenson V. Bosler</u>, 386 US 258, 87 S.Ct. 996, 18 L.E. 2d 33 (1967), And must play the role of an active advocate rather a mere friend of the court assisting in a detached evaluation of the appellant's claim. See <u>Anders V. California</u>, 386 U.S. 738, 87 S.Ct. 1396, 18 L.E. 2d 493 (1967) See also <u>Entsringer V. Iowa</u>, 386 U.S 748, 87 S.Ct 1402, 18 L.E. 2d. 493 & 501 (1967).

26) <u>Gideon V. Wainwright</u>, supra, held that the 6th Amendment right to counsel was "SO FUNDAMENTAL & essential to a fair trial, & so to DUE PROCESS of law, that it is MADE OBLIGATORY upon the state by the 14th Amendment", "Id. 372 US At 340, 83 S.Ct. 794, quoting <u>Betts V. Brady</u>, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942); see also <u>Powell V. Alabama</u>, 287 US. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); <u>Johnson V. Zerbst</u>, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed 1461 (1938)

27.) <u>Gideon</u> rested on the "obvious truth" that lawyers are "NECESSITIES, <u>NOT</u> LUXURIES" in our adversarial system of criminal Justice, 372 U.S. At 344, 83 S.Ct. At. 796. "The very premise of our adversary system of criminal Justice is that partisan advocacy on both sides of a case will best promote the ultimate objective that the guilty be convicted & the innocent go free. <u>United States V. Ash</u>, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed 619 (1973) a criminal trial is thus NOT CONDUCTED IN ACCORD WITH DUE PROCESS of LAW ENLESS the DEFENDANT has COUNSEL TO REPRESENT HIM. It has long been recognized that the right to counsel is the right to the effective assistance of counsel. See, <u>Cuyler V. Sullivan</u>, 446 US. 344, 100 S.Ct. 1716.

28.) In bringing an appeal (AS OF RIGHT) from his conviction a criminal defendant is attempting to demonstrate that the conviction, with the consequent drastic loss of liberty, is unlawful. To prosecute the appeal, a criminal appellant must face an adversary proceeding that — like a trial — is governed by intricate rules that to a layperson would be hopelessly forbidding. An unrepresented appellant — like an unrepresented defendant at trial — is unable to protect the vital interests at stake. To be sure, respondent did have nominal representation when he brought his appeal. But, nominal representation on an appeal as of RIGHT — like nominal representation at trial — does not suffice to render the proceedings

consitutionally adequate; a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all.

29) On January 28th, 2001; Mr. Kalman Carl Minkus (Attorney At Law) contacted me by letter requesting information about my case, (EX.10) $ again on the 5th of April, 2001; explaining to me that he was going to prepare a "post-conviction" pro-se with direction if I agreed, (EX.11). I agreed $ this was the 1st time I had ever heard of a "post-conviction".

30) On the 31st of May, 2001 a Mr. Orenstein (Appellate Defender) wrote saying that he has spoken to Mr. Minkus $ he was asked to contact me, (EX.12). Mr. Orenstein is an Assistant Defender from the 1st Judicial District.

31.) On July 23rd, 2001; Mr. Orenstein contacts me to let me know that he hasn't forgotten about me $ that he was planning to draft a "Motion for a Supervisory Order but didn't know when. (EX.13)

32.) On August 7th, 2001; Mr. Orenstein wrote saying that he had contacted the (4th Dist. of Appeals) Clerks Office $ that they told him that, "I had NOT REQUESTED COUNSEL," (EX.14) This should show that the trial court was at error, because I did request counsel.

33) In exibit(s) #2 Line (3), #3 in the title of the motion $ within the body Line 2, 3 $4. This petitioner clearly requested counsel.

34.) When Mr. Orenstein wrote $ told me this, I didn't have any proof because of the fire in Menard, CC., This petitioner asserts that his intent to secure his right to an adequate appeal has been sought with due dilligence. And that the fact that of procedural default has hindered this petitioner of his U.S. Constitutional 6th $ 14th Admendment rights to Due process $ Appointment of counsel. And as well as his right to an APPEAL AS OF RIGHT.

35) After finding out that the (4th Judicial District) Appellate

13 of 16    A-113

court had never had the record that I filed a motion Requesting to proceed as a poorperson & for counsel. I wrote the clerk of Macon County Kathy A. Hott on June 25th, 2002, (EX.15). The document was stamped filed but, no response was ever given.

36) So I was lead to the understanding that maybe I didn't request counsel, but I wasn't sure. By not knowing the facts this petitioner couldn't be able to raise this issue in the 1st post-conviction.  — I don't see how one can force me to the act of purjury. By saying that I should of raised this issue on the 1st post-conviction, it would been placing myself at the risk of harm to me & to this case.

37) Around the middle of July, 2002 ; I wrote to the (4th Judicial district) Appellate courts defenders office & asked about this matter.

38) On the 17th of July, 2002 ; Karen Munoz Assistant Defender responded. She said, that I could have requested the appointment of counsel & because I had a public defender at trial (EX.6) that I wouldn't of had a problem obtaining counsel, (EX.16)

39) On the 5th of August, 2002 ; I recieved another letter from Mrs. Munoz saying that, "I was responsible for my appeal because I filed the Notice of Appeal (Pro-se), (EX.17)

40) This petitioner argues that had he not filed a Notice of Appeal he wouldn't have been able to Appeal at all. This petitioner only had 30 days to file per Supreme Court rule 604 (d). And only in trying to protect his appeal AS OF RIGHT filed it pro-se, because there wasn't any other way, his trial counsel had abandoned him.

41) On June 9th, 2003 ; Mr. Orenstein , wrote saying that he cannot help because this petitioners case was closed., (EX.18)

42) This petitioner then went back to scratch And attempted to file a post-trial motion Attacking a void Judgement and once that was denied filed a post-conviction. The post-conviction was filed pro-se on November 17th, 2003.

14 of 16    A-114

43.) On September 28th, 2004 the state filed a motion to dismiss, & on the 6th of April, 2005 the court dismissed the post-conviction.

44.) On April 22nd, 2005 this petitioner filed a Notice of Appeal. At which I requested all records pertaining to the file 96-CF-433.

45.) Soon after on August 19th, 2005, this petitioner recieved a bundle of transcripts & documents from this court. On the 21st of August, this petitioner filed a grievance, about the mail handling of that transcript package ; (EX.19).

46.) On October 21st, 2005 this petitioner wrote Mrs. Arden Lang / Assistant Deputy Defender of the (4th Judicial Dist.) ; (EX. 20-23). And notified her that I was having problems with the mail handling AND, that the legal package contained EVIDENCE to support the Appeal.

47.) PROOF that the courts has negelected me and that I was lied to and misslead because of my lack of knowledge to the law at the time.

48.) DUE TO THE NEGELECT of the trial court. This petitioner was denied counsel to help him in his Direct Appeal AS OF RIGHT. In which Ultimatly denied this petitioner of a faire trial. BOTH a direct VIOLATION of his 6th & 14th Admendment RIGHTS).

---

## RELIEF SOUGHT

WHEREFORE, petitioner JASON M. GADDIS moves this HONORABLE COURT to grant the following relief:

① Require the respondent to answer the allegations in this petition AND the Brief in support;

② Hold such evidentary hearing as this court may deem

15 of 16    A-115

necessary or appropiate and apply fundamental fairness as so required;

(C) Grant the appointment of counsel to represent this defendant in order to amend this post-conviction as necessary;

(D) Allow this petitioner to proceed in forma pauperis;

(E) That this court allow this petitioner to be granted the Writ of Heabus Corpus Ad Testificandum to testify on his own behalf the allegations in the post-conviction.

(F) Petitioner prays this HONORABLE COURT vacate the judgment entered in the cause on October 1st, 1996, And grant him a new trial, & or a direct appeal (AS OF RIGHT) As of October 30th, 1996 and any other relief this court deems just based on the foregoing allegations.


DATE: May 30th, 2007                    Respectfully submitted;
                                        JASON M. GADDIS
                                                       Defendant/Petitioner
                                                          pro-se
                                        /s/_____

                                        JASON M. GADDIS
                                        Reg. # B-44293
                                        Pontiac Correctional Center
                                        P.O. Box 99
                                        Pontiac, Illinois. 61764

---

CERTIFICATE OF PRO-SE COUNSEL

    JASON M. GADDIS, pro-se, hereby certifies that the statement(s) of facts in the accompanying petition and brief are true to his knowledge, And that statements made on information and belief are true to the best of his knowledge and belief.

date: May 30th, 2007                    Respectfully submitted

                                        /s/_____
                                        JASON M. GADDIS #B-44293
                                        Petitioner/Defendant/pro-se

16 of 16        A-116

AFFIDAVIT IN SUPPORT OF POST-CONVICTION RELIEF
PETITION
28 USC 1746, 18 USC 1621 (OR)
735 ILCS 5/1-109

I JASON M. GADDIS, this petitioner pro-se certify under the penalty of perjury, that I have READ the enclosed petition, briefs & motions, AND that the information contained therein is true and correct.

MAY the court please understand that here at Pontiac Correctional Center, the legal clerks / law libraians say that they "don't do notories", so please excuse that there isn't any notories within.

DATE May 30", 2007

Respectfully Submitted
/s/ Jason M. Gaddis
Petitioner pro-se

JASON M. GADDIS
Reg.# B-44293
Pontiac Correctional Center
P.O. Box 99
Pontiac, Illinois 61764

A-117