E-FILED
Tuesday, 14 August, 2007  09:37:10 AM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JASON GADDIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 07-2114 |
| | ) | |
| EDDIE JONES, | ) | |
| Warden, Pontiac Correctional Center, | ) | The Honorable, |
| | ) | Michael P. McCuskey, |
| Respondent. | ) | Judge Presiding. |

## MOTION TO DISMISS

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court's June 14, 2007 order directing respondent to answer or otherwise plead, and 28 U.S.C. § 2244(d)(1)(A), respondent EDDIE JONES moves this Court to dismiss, with prejudice, petitioner's petition for writ of habeas corpus as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  In support, respondent states as follows:

1.      Petitioner, Jason Gaddis, is incarcerated at the Pontiac Correctional Center in Pontiac, Illinois, where he is in the custody of respondent, EDDIE JONES. Petitioner's prison identification number is B44293.

2.      On September 13, 1996, petitioner pleaded guilty in the Circuit Court of Macon County, Illinois, to two counts of attempt murder and one count of armed robbery.  On October 1, 1996, the trial court sentenced him to two 20-year prison terms on the attempt murder convictions and one four-year term on the armed

robbery conviction, all sentences to run consecutively.  *See* Exhibit A (Rule 23 Order, *People v. Gaddis*, No. 4-05-0345 (Ill.App. 2006)).

3.     Petitioner filed a notice of appeal on October 30, 1996, and opted to proceed pro se in the state appellate court.  *See* Exhibit B (Notice of Appeal, *People v. Gaddis*, No. 96 CF 433, Circuit Court of Macon County (Oct. 30, 1996)); Exhibit C (Letter from State Appellate Defender confirming petitioner's pro se status on direct appeal (Aug. 5, 2002)).

4.     On December 4, 1996, the state appellate court issued an order for petitioner to show cause, on or before December 11, 1996, why his appeal should not be dismissed for failure to file a docketing statement in compliance with Illinois Supreme Court Rule 312.  The order further instructed that failure to comply with the rule to show cause would result in dismissal of the appeal.  *See* Exhibit D (Rule to Show Cause, *People v. Gaddis*, No. 4-96-0898 (Ill.App. 1996)).

5.     On December 31, 1996, the state appellate court dismissed petitioner's appeal for failure to comply with its December 4, 1996 rule to show cause.  *See* Exhibit E (Order Dismissing Appeal, *People v. Gaddis*, No. 4-96-0898 (Ill.App. 1996)).  Respondent has confirmed with the Clerk of the Illinois Supreme Court that petitioner did not file a petition for leave to appeal (PLA) on direct review of his convictions and sentences.

6.    On July 3, 2003,[1] petitioner filed in the Circuit Court of Macon County a pro se "Post Trial Motion Attacking A Void Judgment," in which he argued, inter alia, that one of his two attempt murder convictions must be vacated because there was only one victim. *See* Exhibit F (Post Trial Motion, *People v. Gaddis*, No. 96 CF 433, Circuit Court of Macon County). On July 16, 2003, the trial court dismissed the motion. *See* Exhibit G (State's Motion to Dismiss Petitioner's Postconviction Petition, at 2, *People v. Gaddis*, No. 96 CF 433, Circuit Court of Macon County). Respondent has confirmed with the Clerk of the Illinois Appellate Court, Fourth District, that petitioner did not appeal that judgment.

7.    On November 13, 2003, petitioner filed in the Circuit Court of Macon County a pro se postconviction petition pursuant to 725 ILCS 5/122-1, *et seq.* *See* Exhibit H (Postconviction Petition, *People v. Gaddis*, No. 96 CF 433, Circuit Court of Macon County). The State filed a motion to dismiss, asserting, in part, that the petition was untimely under 725 ILCS 5/122-1(c). *See* Exhibit G.

8.    On April 6, 2005, the state postconviction trial court dismissed the petition "for the reasons stated in the [State's] motion." *See* Exhibit A at 2; *see also* Pet. at 4.

---

[1] For purposes of ascertaining the dates on which petitioner filed documents in state and federal court, respondent assumes that the documents are filed on the dates that petitioner signed and dated the documents in question, rather than the file-stamp date provided by the respective clerk's offices. This gives petitioner the benefit of the earliest possible filing date.

9.     Petitioner appealed the judgment dismissing his postconviction petition to the Illinois Appellate Court, Fourth District; the State again asserted that the postconviction petition was untimely.  *See* Exhibit A at 2.  On August 1, 2006, the state appellate court affirmed, finding that the postconviction petition was properly dismissed as untimely.  *See* Exhibit A at 3-4.

10.     On January 15, 2006, petitioner filed a motion for leave to file a late PLA in the Illinois Supreme Court.  *See* Exhibit I (Motion for Leave to File Late PLA, *People v. Gaddis*, No. 104351-11789).  On March 23, 2007, the state supreme court allowed petitioner's motion for leave and treated his motion as a PLA.  *See* Exhibit J (Order Allowing Motion for Leave, *People v. Gaddis*, No. 104351-11789). The state supreme court denied petitioner's PLA on May 31, 2007.  *See* Exhibit K (Order Denying PLA, *People v. Gaddis*, No. 104351 (May 31, 2007)).

11.     On June 6, 2007, petitioner filed the instant petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. §2254(d), raising the following claims:

A.     petitioner was denied due process and the effective assistance of trial counsel where the trial court failed to appoint counsel for his direct appeal;

B.     petitioner was denied due process under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the trial court's imposition of consecutive sentences was not supported by proof beyond a reasonable doubt;

C.     petitioner did not enter his guilty plea knowingly and voluntarily because the trial court misinformed him about the potential that his sentences would run consecutively;

D.     petitioner was denied due process because he was on psychotropic drugs at sentencing;

E.     trial counsel was ineffective on numerous grounds;

F.     petitioner's conviction of armed robbery violates due process because it is a lesser-included offense of attempt murder; and

G.     one of petitioner's attempt murder convictions violates due process where the attempt murder was committed against the same victim and consisted of the same physical act.

12.     Petitioner has exhausted his state court remedies because no state court avenues remain available by which petitioner may present the constitutional claims that he has raised in the present federal habeas petition.

13.     The following materials, pertinent to this Court's timeliness determination, are being filed as exhibits with this Court:

Exhibit A:    Rule 23 Order, *People v. Gaddis*, No. 4-05-0345 (Ill.App. 2006);

Exhibit B:    Notice of Appeal, *People v. Gaddis*, No. 96 CF 433, Circuit Court of Macon County (Oct. 30, 1996);

Exhibit C:    Letter from State Appellate Defender confirming petitioner's pro se status on direct appeal (Aug. 5, 2002);

Exhibit D:    Rule to Show Cause, *People v. Gaddis*, No. 4-96-0898 (Ill.App. 1996);

Exhibit E:    Order Dismissing Appeal, *People v. Gaddis*, No. 4-96-0898 (Ill.App. 1996);

Exhibit F:    Post Trial Motion, *People v. Gaddis*, No. 96 CF 433, Circuit Court of Macon County;

Exhibit G:    State's Motion to Dismiss Petitioner's Postconviction Petition, *People v. Gaddis*, No. 96 CF 433, Circuit Court of Macon County;

Exhibit H:     Postconviction Petition, *People v. Gaddis*, No. 96 CF 433, Circuit Court of Macon County;

Exhibit I:     Motion for Leave to File Late PLA, *People v. Gaddis*, No. 104351-11789;

Exhibit J:     Order Allowing Motion for Leave, *People v. Gaddis*, No. 104351-11789; and

Exhibit K:     Order Denying PLA, *People v. Gaddis*, No. 104351 (May 31, 2007).

14.     Petitioner's petition for writ of habeas corpus should be dismissed with prejudice because it is untimely under 28 U.S.C. § 2244(d)(1), which imposes a one-year statute of limitations on the filing of § 2254 habeas corpus petitions.  Section 2244(d) provides as follows:

(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C § 2244(d).

15.    Petitioner does not allege a State impediment to filing, a newly recognized and retroactive constitutional right, or a subsequent discovery of the factual predicate of a claim.  *See* 28 U.S.C. § 2244(d)(1)(B)-(D).  Therefore, of the four possible dates from § 2244(d)(1) for starting the limitations period, the date on which petitioner's conviction became final is the only one applicable to the present case.  *See* 28 U.S.C. § 2244(d)(1)(A).

16.    Giving petitioner the greatest benefit of the doubt, his conviction became final under §2244(d)(1)(A) on January 21, 1997, or after the expiration of the time, under Illinois Supreme Court Rule 315, within which petitioner could have filed a PLA following the state appellate court's dismissal of his direct appeal for failure to comply with the court's December 4, 1996 rule to show cause.  *See* Exhs. D, E.  Because petitioner's conviction became final, at the very latest, on January 21, 1997, under §2244(d)(1) his federal habeas petition was due in this Court on or before January 21, 1998.  *See* FED. R. CIV. P. 6(a); *see also Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002) (holding that Rule 6(a) applies to the

-7-

calculation of AEDPA's one-year grace period for petitioners where conviction

became final prior to April 24, 1996); *United States v. Marcello*, 212 F.3d 1005,

1009-10 (7th Cir. 2000) (relying on Rule 6(a) to adopt "anniversary method" of

calculating AEDPA's limitations period for §2255 petitions).

     17.    Petitioner did not file his federal habeas petition in this Court until

June 6, 2006, well beyond the expiration of AEDPA's one-year limitations period on

January 21, 1997. And petitioner's state postconviction litigation is of no

consequence for purposes of its potential tolling effect. Under § 2244(d)(2), the

§2244(d)(1) limitations period is tolled during the pendency of a "properly filed"

application for postconviction relief. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005).

But petitioner did not file his first state collateral attack (a "Post Trial Motion

Attacking A Void Judgment," *see* Exhibit F) until July 3, 2003 at the earliest, after

the expiration of the statue of limitations on January 21, 1997. Thus, petitioner

filed that pleading too late to have any tolling effect. *See Escamilla v. Jungwirth*,

426 F.3d 868, 870 (7th Cir. 2005) ("The state court's willingness to entertain a

belated collateral attack on the merits does not affect the timeliness of the federal

proceeding, because no state collateral review was 'pending' during 1998 and

1999").

     18.    Petitioner's second collateral attack, a petition for postconviction relief

filed on November 13, 2003, *see* Exhibit H, was dismissed as untimely by the state

trial court, and the state appellate court affirmed on that basis. *See* Exhibit A at 3-

4.  An untimely postconviction petition does not toll AEDPA's statute of limitations under §2244(d)(2).  *Pace*, 544 U.S. at 417; *Brooks v. Walls*, 279 F.3d 518, 520 (7th Cir. 2002) (same).  But, even if that petition were timely, and therefore "properly filed" for purposes of triggering §2244(d)(2)'s tolling mechanism, it would have had no tolling effect for the same reason that petitioner's "Post Trial Motion Attacking A Void Judgment" did not toll: the limitations period had already expired by its date of filing.  *See Escamilla*, 426 F.3d at 870.

19.     In sum, petitioner's federal habeas petition was due on January 21, 1997, but he did not file it until June 6, 2007.  It is therefore late under §2244(d)(1).  And, even assuming that all of petitioner's collateral litigation was "properly filed" (and respondent does not make that concession), petitioner did not file it in state court until July 3, 2003, well after the expiration of the limitations period and too late to have any tolling effect under §2244(d)(2).  Because petitioner filed his habeas petition after AEDPA's limitations period, calculated from §2244(d)(1)(A), expired, the petition is untimely, and this Court should dismiss it with prejudice.

20.     Petitioner has not argued that equitable tolling should excuse his untimely filing.  *See, e.g.*, *Pace*, 544 U.S. at 418 (equitable tolling generally permissible only if petitioner demonstrates that (1) he has been pursuing his rights diligently; and (2) some "extraordinary circumstance" prevented timely filing); *Escamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005) (citing *Pace*).  Nothing on this record indicates that petitioner pursued his rights in state court diligently (his postconviction petition was untimely, for instance), and no "extraordinary

circumstance" not of petitioner's own making prevented him from complying with AEDPA's limitations period.  Thus, petitioner is not entitled to equitable tolling.

## <u>CONCLUSION</u>

This Court should dismiss, with prejudice, petitioner's petition for writ of habeas corpus as time-barred under 28 U.S.C. §2244(d)(1).  If the Court determines that petitioner's habeas petition is not time-barred, respondent requests 30 days from the Court's order denying this motion to address the merits and/or the procedural defaults of petitioner's claims in a subsequent submission.

August 14, 2007                    Respectfully submitted,

                                   LISA MADIGAN
                                   Attorney General of Illinois

                    By:    /s/ David H. Iskowich
                           DAVID H. ISKOWICH, Bar #6243162
                           Assistant Attorney General
                           100 West Randolph Street, 12th Floor
                           Chicago, Illinois 60601
                           TELEPHONE: (312) 814-5643
                           FAX: (312) 814-2253
                           E-MAIL: diskowich@atg.state.il.us

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2007, I electronically filed respondent's **Motion to Dismiss** with the Clerk of the United States District Court for the Central District of Illinois, Urbana Division, using the CM/ECF system, and that on the same date I mailed by United States Postal Service the same to the following non-registered party:

Jason Gaddis, B44293
Pontiac Correctional Center
700 West Lincoln Street
P.O. Box 99
Pontiac, Illinois 61764

Lisa Madigan
Attorney General of Illinois

By:     /s/ David H. Iskowich
        David H. Iskowich, Bar #6243162
        Assistant Attorney General
        100 West Randolph Street, 12th Floor
        Chicago, Illinois 60601
        Telephone: (312) 814-5643
        Fax: (312) 814-2253
        E-Mail: diskowich@atg.state.il.us

**E-FILED**
Tuesday, 14 August, 2007  09:37:41 AM
Clerk, U.S. District Court, ILCD

NO. 4-05-0345

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT



FILED
AUG 1 - 2006
CLERK OF THE
APPELLATE COURT, 4TH DIST.

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| JASON M. GADDIS, | ) | No. 96CF433 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Theodore E. Paine, |
| | ) | Judge Presiding. |

---

ORDER

In September 1996, pursuant to a plea agreement,
defendant, Jason M. Gaddis, pleaded guilty to two counts of
attempt (first degree murder) (720 ILCS 5/8-4(a) (West 1996); 720
ILCS 5/9-1(a)(1) (West Supp. 1995)) and one count of armed
robbery (720 ILCS 5/18-2(a) (West 1996)), and the State dismissed
two counts of armed violence (720 ILCS 5/33A-2 (West 1996)) and
one count of aggravated vehicular hijacking (720 ILCS 5/18-
4(a)(3) (West 1996)).  All of the counts related to defendant's
actions on April 23, 1996.  After an October 1996 sentencing
hearing, the trial court sentenced defendant to 6 years' impris-
onment for armed robbery to run consecutive to two 20-year prison
terms on the attempt counts, which were to run consecutive to
each other.  Defendant appealed, and this court dismissed defen-
dant's appeal for failure to comply with Supreme Court Rule 312
(155 Ill. 2d R. 312).  People v. Gaddis, No. 4-96-0898 (December
31, 1996) (unpublished order under Supreme Court Rule 23).

EXHIBIT A

On November 17, 2003, defendant filed a pro se
postconviction petition.  In September 2004, the State filed a
motion to dismiss defendant's petition arguing, inter alia,
defendant's petition was untimely.  In February 2005, defense
counsel filed a certificate under Supreme Court Rule 651 (134
Ill. 2d R. 651), and the next month, the trial court held a
hearing on the motion.  In April 2005, the court entered a docket
entry, granting the State's motion for the reasons stated in the
motion.

Defendant appeals, arguing the trial court erred by
granting the State's motion to dismiss because he received
ineffective assistance of trial counsel.  The State again asserts
defendant's postconviction petition was untimely.  We affirm.

Pursuant to section 122-1(c) of the Post-Conviction
Hearing Act (725 ILCS 5/122-1(c) (West 2002)), an inmate cannot
file a postconviction petition "more than [six] months after the
denial of a petition for leave to appeal or the date for filing
such a petition if none is filed *** or [three] years from the
date of conviction, whichever is sooner, unless the petitioner
alleges facts showing that the delay was not due to his or her
culpable negligence."  Thus, defendant's petition filed close to
seven years after the dismissal of his direct appeal is clearly
untimely unless he alleged facts that demonstrated the filing
delay was not due to his culpable negligence.

"The phrase 'culpable negligence' contemplates some-
thing greater than ordinary negligence and is akin to reckless-

ness." <u>People v. Ramirez</u>, 361 Ill. App. 3d 450, 452, 837 N.E.2d 111, 115 (2005). The postconviction petitioner bears the burden of establishing the delay in filing the petition was not due to his culpable negligence (<u>Ramirez</u>, 361 Ill. App. 3d at 453, 837 N.E.2d at 116), which is very difficult to establish (<u>People v. Gunartt</u>, 327 Ill. App. 3d 550, 552, 763 N.E.2d 862, 864 (2002)). The petitioner must clearly demonstrate through factual allegations he previously made diligent attempts to uncover matters he now contends entitle him to judicial relief or otherwise, in significant detail, show how he could not have obtained such information before the limitations period expired. <u>Gunartt</u>, 327 Ill. App. 3d at 552, 763 N.E.2d at 864. Where the trial court makes no findings of fact regarding the timeliness issue, our review is <u>de novo</u>. <u>Ramirez</u>, 361 Ill. App. 3d at 452, 837 N.E.2d at 115.

Defendant has not alleged any facts in either his brief or the trial court indicating he diligently tried to uncover the issues he raised in his petition or could not have obtained the necessary information before the expiration of the limitations period. The ineffective-assistance-of-counsel claims that defendant addresses on appeal relate to his trial counsel's performance and could have been raised right after the dismissal of his direct appeal. Accordingly, we find defendant has failed to show the delay in filing the petition was not due to his culpable negligence, and thus the trial court properly granted the State's motion to dismiss because defendant's postconviction

- 3 -

petition was untimely.

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

TURNER, P.J., with APPLETON and COOK, JJ., concurring.

**E-FILED**
Tuesday, 14 August, 2007  09:37:55 AM
Clerk, U.S. District Court, ILCD

IN THE CIRCUIT COURT OF _____MACON_____ COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS )
                                )
                    Plaintiff,  )
                                )
            vs.                 )    Case No. __96-CF-433__
                                )
JASON GADDIS                    )
                    Defendant.  )
_____)

---

NOTICE OF APPEAL

---

An appeal is taken from the Order or Judgment described below:

(1)  Court to which appeal is taken:

     Fourth District Appellate Court

(2)  Name of appellant and address to which notices shall be
     sent:
     Name:_____ No.:_____
     Address:Graham C.C., P.O. Box 500, Hillsboro, Il  62049

(3)  If appellant is indigent and has no attorney on appeal,
     does he want one appointed by the court?  __Yes__

(4)  Date of Judgment or Order: __October 1, 1996__

(5)  Offense of which convicted:  __Armed Robbery__

      __Attempt First Degree Murder 2 Counts__

(6)  Sentence: __6 years, 20 years and 20 years consecutive__

(7)  Type of proceeding:  Bench Trial_____

     Jury Trial_____Plea Agreement__Yes__

                              _Jason M. Gaddis_
                              Appellant

EXHIBIT B

**E-FILED**
Tuesday, 14 August, 2007  09:38:05 AM
Clerk, U.S. District Court, ILCD



## OFFICE OF THE STATE APPELLATE DEFENDER
## FOURTH JUDICIAL DISTRICT

400 SOUTH NINTH STREET • SUITE 102 • P.O. BOX 5750
SPRINGFIELD, IL  62705-5750
TELEPHONE: 217/782-3654 • FAX: 217/524-2472
WWW SITE: http://www.state.il.us/defender/

**DANIEL D. YUHAS**
DEPUTY DEFENDER

_____

**KAREN MUNOZ**
**JEFFREY D. FOUST**
**GARY R. PETERSON**
**LAWRENCE J. ESSIG**
**JUDITH L. LIBBY**
**ARDEN J. LANG**
**MARTIN J. RYAN**
**JOHN M. McCARTHY**
**DUANE E. SCHUSTER**
**JENIFER L. JOHNSON**
**JACQUELINE L. BULLARD**
**ROBERT N. MARKFIELD**
**KELEIGH L. BIGGINS**
**SUSAN M. WILHAM**
**JOSHUA D. CARTER**
ASSISTANT APPELLATE DEFENDERS

August 5, 2002

Jason Gaddis
Register No. B-44293
Box 1900
Canton, IL  61520

Dear Mr. Gaddis:

Unfortunately, if you decided to handle your appeal *pro se* back in 1996, you were responsible for all aspects of that appeal, including preparing the docketing statement. You indicated that you had a public defender at your trial proceedings. I am not sure if you went to trial or pled guilty. If you pled guilty, there would first have  to be a motion to withdraw the plea or a motion to reconsider sentence, whichever was the appropriate motion, filed in the trial court. The trial court's ruling on the motion would precede an appeal. As I mentioned in the earlier letter, you could have requested the appointment of counsel on appeal from either the trial court or the Appellate Court. You would have had to show that financially, you could not afford to hire counsel.  Because you had a public defender, that would not have been a problem.

I sympathize with your plight, but unfortunately, the time for filing a direct appeal and a post-conviction petition has run. The Post-Conviction Hearing Act requires that petitions be filed within 3 years of judgment, if no direct appeal is taken. That would have placed your filing deadline as somewhere in October, 1999.

I am enclosing some information on collateral remedies, that may or may not be helpful. Our office cannot assist you at this time. We only handle appeals to which we have been appointed by the trial or appellate courts. If you have any questions after reading the material, I would be glad to try to answer them for you.

Sincerely,

KAREN MUNOZ
Assistant Defender

KM/lk

ENCLOSURE

EXHIBIT C

Exhibit 17

STATE OF ILLINOIS
APPELLATE COURT
Fourth District
SUPREME COURT BUILDING
SPRINGFIELD    62701-1792

CLERK OF THE APPELLATE COURT
  (217) 782-2586

RESEARCH DIRECTOR
  (217) 782-3528

DATE:    12/04/96

RE:    People V. Gaddis, Jason
       General No.: 4-96-0898
       County: Macon
       Trial Court No.: 96CF433

TO COUNSEL:

I have today entered the following order of the Court in the
above entitled cause:

    'Appellant ruled to show cause, on or before 12/11/96,
    why appeal should not be dismissed for failure to file
    docketing statement as required by Rule 312.  Failure
    to comply with this Rule will result in dismissal of
    appeal.'

Darryl Pratscher, Clerk
Appellate Court
Fourth District, Illinois

TO: Jason Gaddis
    B44293
    Graham Correctional Center
    R.R. #1, Highway 185, P.O. Box 499
    Hillsboro, IL  62049

    Kathy A. Hott
    Circuit Clerk, Macon County

EXHIBIT D

Exhibit 8

E-FILED
Tuesday, 14 August, 2007  09:38:30 AM
Clerk, U.S. District Court, ILCD

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT


In re: People V. Gaddis, Jason
       General No. 4-96-0898
       County of Macon
            96CF433


O R D E R

This matter is heard upon a Rule, entered upon this Court's own motion, against appellant to show cause why the appeal should not be dismissed for failure to file a docketing statement as required by Supreme Court Rule 312.

The Court, being fully advised of the premises, hereby enforces the Rule and dismisses the appeal for failure to comply with this Court's Rule.

Appeal dismissed.


ENTERED:   12/31/96

```
┌─────────────────────────┐
│   FILED                 │
│                         │
│   DEC 3 | 1996          │
│                         │
│   Clerk of the          │
│ Appellate Court, 4th Dist.│
└─────────────────────────┘
```

BY ORDER OF THE COURT
CONSISTING OF THE PANEL OF:

    Honorable Frederick S. Green
    Honorable James A. Knecht
    Honorable Robert J. Steigmann


EXHIBIT E

Exibit B

IN THE

CIRCUIT COURT OF MACON COUNTY

PEOPLE OF THE STATE OF ILLINOIS,

    PLAINTIFF,



FILED

JUL 0 8 2003

KATHY A. HOTT
CIRCUIT CLERK

    VS.                  NO. 96 CF 433

JASON M. GADDIS,

    DEFENDANT.

### POST TRIAL MOTION ATTACKING A VOID JUDGMENT

NOW COMES, Jason Gaddis, defendant, pro-se, who moves this court to vacate his sentence as void.  In support of this motion, defendant avers as follows:

1.  Defendant was convicted of two counts of attempt murder and one count of armed robbery, after pleading guilty to an open plea before the Honorable Judge Jerry L. Patton.  Defendant was sentenced to 46 years on October 1, 1996.

2.  A notice of appeal was filed, pro-se, on October 30, 1996, and was dismissed by the Fourth District Appellate Court because a docketing statement was not filed.

3.  There is no time limit for filing of this motion.  **People v. Reynor Clinic Pharmacy, Inc.**, 617 N.E.2d 35 (1st. Dist. 1993).

4.  Defendant's constitutional rights were violated because defendant was convicted of two counts of attempt murder for one victim.  Defendant cannot be convicted of more than one attempt murder arising out of the same physical act, and that there was only one victim. **People v. Pitsonbarger**, 142 Ill.2s 353, 508 N.E.2d 783 (Ill.1990).

5.  In **People v. Mack**, 105 Ill.2d 85, 473 N.E.2d 880, the defendant was

charged with and convicted of intentional, knowing, and felony murder.  This court stated that although there was evidence to support a conviction of all three charges, there was only one man murdered and therefore, there could be but one conviction for murder because the intentional killing involved the more culpable mental state, the court upheld the intentional murder and vacated the knowing and felony murder counts.

6.  Consequently, one of the two attempt murder convictions of defendant's must be vacated.

7.  Defendant's constitutional rights were violated because his conviction for armed robbery is a lesser included offense of attempt murder.  **People v. Smith**, 701 N.E.2d 1097 (Ill. 1998).  Therefore, defendant's armed robbery conviction must be vacated.

**WHEREFORE**, defendant prays that this court will grant the following:

a)  Vacate one of the two convictions of attempt murder;

b)  Vacate his armed robbery conviction as it is a lesser included offense of attempt murder;

c)  appoint counsel to represent defendant because he is indigent; and,

d)  any further relief that this court deems just and proper.

Respectfully submitted,

*Jason M. Gaddis*

Jason Gaddis
Defendant, pro-se
P.O. Box 900-B44293
Sumner, IL 62466

*OFFICIAL SEAL*
JANIS KAY JOKISCH
Notary Public, State of Illinois
My Commission Expires: 9/10/2005

*Janis Kay Jokisch*

*July 3, 2003*

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT OF ILLINOIS

MACON COUNTY, ILLINOIS

FILED

THE PEOPLE OF THE STATE OF ILLINOIS,      )

      Plaintiff-Respondent,      )

2004 SEP 28  P 1: 55

-vs-      )      NO.      96-CF-433

KATHY A. HOTT
CIRCUIT CLERK

JASON M. GADDIS,      )

      Defendant-Petitioner.      )


## MOTION TO DISMISS PETITION FOR POST-CONVICTION RELIEF

Now Come the People of the State of Illinois, by Scott A. Rueter, State's Attorney of Macon County, Illinois and move this Court to dismiss the Petition for Post-Conviction Relief, and, in support of said motion, state as follows:

1.    That the defendant was charged by Information, in Count I, with Attempt (First Degree Murder), in Count II, with Attempt (First Degree Murder), in Count III, with Armed Violence, in Count IV, with Armed Violence, in Count V, with Armed Robbery, and in Count VI, with Aggravated Vehicular Hijacking.  (Appendix A1-A6)

2.    That Count I, Attempt (First Degree Murder) alleged in the Information ". . . in that they, without lawful justification and with the intent to kill Victoria Bridgeman, stabbed and cut Victoria Bridgeman about the body with a knife, struck her with a bottle, and choked her with a telephone cord." (Appendix at A1)

3.    That Count II, Attempt (First Degree Murder) alleged in the information ". . . in that they, without lawful justification and with the intent to kill Victoria Bridgeman, returned to the crime scene for a second attack (emphasis added) and cut the throat of Victoria Bridgeman with a knife." (Appendix at A2)

EXHIBIT G


4.　　That on September 13, 1996, the defendant entered an open plea of guilty to Count I, Attempt (First Degree Murder), Count II, Attempt (First Degree Murder), and Count V, Armed Robbery. Counts III, IV and VI were dismissed. (Appendix B1-B10)

5.　　That on October 1, 1996, after hearing evidence in aggravation and mitigation and after hearing the defendant's statement in allocution, the Court sentenced the defendant to the Department of Corrections to a term of 20 years for Attempt (First Degree Murder), Count I; to a consecutive term of 20 years for Attempt (First Degree Murder), Count II; and to a term of 5 (sic) years for Armed Robbery, Count V, to be served consecutively to Counts I and II. (Appendix C1-C83)

6.　　That on October 2, 1996, the Court modified the sentence for Armed Robbery, Count V, to a term of 6 years in the Department of Corrections, to comply with the statutory minimum sentence for a Class X felony.

7.　　That bearing a July 8, 2003 file-stamp by the Circuit Clerk, the defendant, pro se, filed a Post-Trial Motion Attacking a Void Judgment. (Appendix D1-D2)

8.　　That on July 16, 2003, the Court dismissed the Post- Trial Motion Attacking a Void Judgment in a half sheet order. (Appendix E)

9.　　That bearing a November 17, 2003 file-stamp by the Circuit Clerk, the defendant, pro se, filed a Petition for Post-Conviction Relief.

10.　　That the Petition for Post-Conviction Relief fails to make a substantial showing that defendant-petitioner's constitutional rights have been violated.

11.　　That the Petition for Post-Conviction Relief was not timely-filed, in violation of 725 ILCS 5/122-1(c).

12.　　That the defendant's failure to either attach the <u>necessary</u> (emphasis added) "affidavits, records or other evidence" to support each and every claim, or explain their absence is "fatal" to a post-conviction petition. <u>People v. Collins</u>, 202 Ill. 2d 59, 782 N.E. 2d 195 (2002).



13.   That the defendant attached <u>no</u> "affidavits, records or other evidence" to support each and every claim.

14.   That the defendant verified the Petition by affidavit, as required by 725 ILCS 5/122-1(b), but he failed to attach any supporting affidavit per 725 ILCS 5/122-2 alleging facts to show that the verified allegations are capable of objective or independent corroboration. <u>Collins</u>, 782 N.E. 2d at 199.

15.   That when making an allegation of ineffective assistance of trial counsel by failure to file an appeal, the petitioner must present adequate proof that he communicated such wishes to his attorney in the form of affidavits, records, or other evidence containing specific facts. <u>People v. Fernandez</u>, 222 Ill. App. 3d 80, 583 N.E. 2d 627 (2nd Dist. 1991);

16.   That although a claim of ineffective assistance of trial counsel based upon trial counsel's failure to file an appeal upon request of a defendant after a guilty plea constitutes the gist of a constitutional claim not subject to a summary dismissal, a substantial showing of a constitutional violation at the second stage necessarily entails some explanation of the grounds that could have been presented in the motion to withdraw guilty plea or motion to reconsider sentence. <u>People v. Edwards</u>, 197 Ill. 2d 239, 258, 757 N.E. 2d 442, 453 (2001).

17.   That <u>Apprendi</u> does not apply retroactively to cases on collateral review. <u>People v. De La Paz</u>, 204 Ill. 2d 426, 791 N.E. 2d 489 (2003).

18.   That by entering a plea of guilty, a defendant waives <u>Apprendi</u>-based sentencing objections on appeal. <u>People v. Jackson</u>, 199 Ill. 2d 286, 769 N.E. 2d 21 (2002).

19.   That statutes do not confer constitutional rights and the allegation of a deprivation of a statutory right is not a proper claim under the Post-Conviction Hearing Act. <u>People v. Orndoff</u>, 39 ILL. 2d 96, 233 N.E. 2d 378 (1968).

20.   That the failure of a defendant to receive a hearing to determine his fitness for trial or sentencing while under psychotropic medication, as directed by then-existing 725 ILCS 5/104-21(a) (West 1994), was not a due process constitutional deprivation and it is not cognizable in a petition for post-

conviction relief, because the provisions of Section 104-21(a) entitling a defendant taking psychotropic medication to a fitness hearing was merely a statutory right granted by the legislature, not a constitutional right. People v. Mitchell, 189 ILL. 2d 312, 727 N.E. 2d 254 (2000).

21.   That the mere ingestion of psychotropic medication does not give rise to a bona fide doubt of defendant's fitness requiring the trial court to order a fitness hearing. Mitchell, 727 N.E. 2d at 266-7.

22.   That it is well settled that a defendant is entitled to competent, not perfect representation. People v. Odle, 151 Ill. 2d 168, 601 N.E. 2d 732 (1992).

23.   That the supreme court, in People v. Albanese, 104 Ill. 2d 504, 473 N.E. 2d 1246 (1984), adopted the two-prong test of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.E.d 2d 674 (1984), for determining ineffective assistance of counsel.

24.   That first, the defendant must prove that counsel made errors so serious, and that counsel's performance was so deficient, that counsel was not functioning as the "counsel" guaranteed by the sixth amendment. A court measures counsel's performance by an objective standard of competence under prevailing professional norms. To establish the deficiency, the defendant must overcome the strong presumption that the challenged action or inaction might have been the product of sound trial strategy. People v. Richardson, 189 Ill. 2d 401, 727 N.E. 2d 362 (2000).

25.   That second, the defendant must establish prejudice. The defendant must prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. The prejudice prong of Strickland entails more than an "outcome-determinative" test. The defendant must show that counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair. Richardson, 727 N.E. 2d at 369. That a reasonable probability of a different result is not merely a possibility of a different result. People v. Towns, 157 Ill. 2d 90, 623 N.E. 2d 269 (1993).

26.   That if the underlying claim of ineffective assistance of counsel has no merit, no prejudice has resulted. People v. Pitsonbarger, 205 Ill. 2d 444, 739 N.E 2d 609 (2002).

27.   That a defendant must satisfy both prongs of the Strickland test. Therefore, failure to establish either prong will be fatal to the claim. People v. Sanchez, 169 Ill. 2d 472, 662 N.E. 2d 1199 (1996).

28.   That since failure to satisfy either of the two prongs of the Strickland test precludes a finding of ineffective assistance of counsel, the court need not determine whether counsel's performance was deficient in cases where it is easier to dispose of the claim on the ground of lack of sufficient prejudice. Albanese, 473 N.E. 2d at 1256.

29.   That as to the defendant's allegation of ineffective assistance of trial counsel for failing to invoke his right to a mandatory fitness hearing pursuant to 725 ILCS 5/104-21(a) (West 1994), based solely (emphasis added) on the ingestion of psychotropic medication, the correct test for evaluating the prejudice prong of Strickland is whether a reasonable probability exists that if defendant would have received the fitness hearing to which he was entitled, the result of the proceeding would have been that he was found unfit to stand trial. Mitchell, 727 N.E. 2d at 268. If a defendant would have been found fit to stand trial, he suffered no prejudice by not having a fitness hearing. Mitchell, 727 N.E. 2d at 268.

30.   That to establish the prejudice prong of Strickland when the claim is failure of trial counsel, under the totality of the circumstances, to request a fitness hearing, the defendant must show that facts existed at the time of his trial that would have raised a bona fide doubt of his ability to understand the nature and purpose of the proceedings and to assist in his defense. People v. Burt, 205 Ill. 2d 28, 792 N.E. 2d 1250 (2001). A defendant is entitled to relief on a post-conviction claim only if he shows that the trial court would have found a bona fide doubt of his fitness and ordered a fitness hearing if it had been apprised of the evidence now offered. Burt, 792 N.E. 2d at 1258. In determining whether a bona fide doubt exists as to a defendant's fitness, relevant factors for a court to consider include the defendant's irrational behavior, the defendant's demeanor at trial, and any prior medical opinion on the defendant's competence to stand trial. Burt, 792 N.E. 2d at 1259.

31.    That post-conviction challenges to guilty pleas which allege ineffective assistance of trial counsel are still subject to the standard set forth in Strickland v. Washington. People v. Rissley, 206 Ill. 2d 403, 795 N.E. 2d 174 (2003).

32.    That to establish prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Rissley, 795 N.E. 2d at 204, citing Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L.E.d. 2d 203, 210.; People v. Fuller, 205 Ill. 2d 308, 793 N.E. 2d 526 (2002).

33.    That to establish that the error in counsel's performance prejudiced the defendant in causing him to plead guilty rather than go to trial, the defendant must demonstrate that it was likely he would have succeeded had he gone to trial. People v. Church, 334 Ill. App. 3d 607, 778 N.E. 2d 251 (3rd. Dist. 2002).

34.    As the U.S. Supreme Court in Hill observed, the question of prejudice depends in large part on a prediction of whether the defendant likely would have succeeded at trial. People v. Fuller, 793 N.E. 2d at 542.

35.    That the defendant has not alleged by affidavit any allegations detailing the reasons why he would have insisted on going to trial, instead of pleading guilty, but for trial counsel's incompetence.

36.    That the defendant has failed to satisfy the Strickland test as to all of his claims of ineffective assistance of trial counsel.

37.    That when the allegations in a post-conviction petition are contradicted by the trial record, the dismissal of the petition is proper. People v. Hayden, 338 ILL. App. 3d 298, 788 N.E. 2d 106 (5th Dist. 2003).

38.    That the Court correctly admonished the defendant at the time of his plea, on September 13, 1996, that the three Class X felonies were subject to mandatory consecutive sentences, because 730 ILCS 5/5-8-4 (a)(i) mandated the imposition of mandatory consecutive sentences in this case when "the defendant inflicted severe bodily injury."

39.    That the testimony of Victoria Bridgeman at the October 1, 1996 sentencing hearing established that "severe bodily injury" was inflicted upon her. (Appendix at C15-C32)

40.    That the allegation that Armed Robbery is a lesser included offense of Attempt (First Degree Murder) was raised in the Post-Trial Motion Attacking a Void Judgment. (Appendix D1-D2)

41.    That the allegation that the two counts of Attempt (First Degree Murder) were based on the same physical act was raised in the Post-Trial Motion Attacking a Void Judgment.  (Appendix D1-D2)

42.    That the defendant received an adverse ruling from the Court on these issues when the Court denied the Post-Trial Motion Attacking a Void Judgment on July 16, 2003.  (Appendix E)

43.    That the procedural bars of law of the case and res judicata prevent the defendant from raising these same issues in the Petition for Post-Conviction Relief.

44.    That there is no legal basis for the allegations that Armed Robbery is a lesser included offense of Attempt (First Degree Murder) and that the Armed Robbery and the two separate counts of Attempt (First Degree Murder) are based on the same physical act.

45.    That the allegation that the two counts of Attempt (First Degree Murder) were based on the same physical act are rebutted by (1) the designation by the State, in Counts I and II of the Information, of the offenses to be two separate attacks, separated by the defendants' departure from the crime scene and the defendants' return after a passage of time, coupled with an apportionment by the State of the separate injuries into distinct offenses (see People v. Crespo, 203 Ill. 2d 335, 788 N.E. 2d 117 (2003)); and (2) the testimony of Victoria Bridgeman at the October 1, 1996 sentencing hearing of Jason Gaddis, Jody Rinderer and Ian Pitts.  (Appendix at C15-C42)  See People v. Pitts, 295 Ill. App. 3d 182, 691 N.E. 2d 1174 (4th Dist. 1998), for a summary of Victoria Bridgeman's testimony appearing in "I. Background." (Appendix F1-F7)

Wherefore, the People pray that this Court dismiss the Petition for Post-Conviction Relief.

Respectfully submitted,

THE PEOPLE OF THE STATE OF ILLINOIS

By: _Richard Current_
    Richard Current, Assistant
    State's Attorney of Macon
    County, Illinois

IN THE CIRCUIT COURT
OF THE SIXTH JUDICIAL CIRCUIT
MACON COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS, )
                                 )
        Plaintiff-Respondent,    )
                                 )
                                 )   No. **96-CF-433**
        vs.                      )
                                 )   The Honorable
                                 )   Theodore E. Paine              ,
JASON M. GADDIS,                 )   Judge Presiding.
                                 )
        Defendant-Petitioner.    )

FILED
NOV 17 2004
MARY A. HUIT
CIRCUIT CLERK

## PETITION FOR POST-CONVICTION RELIEF

**COMES NOW,** Jason M. Gaddis, petitioner, Pro-se, and moves this Honorable
Court pursuant to the Illinois Post-Conviction Hearing Act (725 ILCS 5/122-1
et seq.) to vacate the judgment and sentence entered in the above-captioned
cause.

**IN SUPPORT** thereof, the petitioner states as follows:

1.) That the petitioner is presently incarcerated at the Lawrence Corr-
ectional Center in Sumner, Illinois. He is serving a combined sentence of 46
years for consecutive judgments for the offenses of Armed Robbery and two
counts Attempted First Degree Murder.

2.) That on October 30th, 1996, petitioner filed a pro-se notice of appeal
while at the Graham Correctional Center; however, the appeal was dismissed
because petitioner failed to file a Docketing Statement; counsel had not been
appointed and petitioner was not familiar with the law or appeal process.

3.) On July 3rd, 2003, a motion for attacking a void judgment was filed to
this court, and on July 17th, 2003 the said motion was then denied by the
Honorable Theodore Paine.

4.) The Illinois Supreme Court case of People v. Boclair held that a

EXHIBIT H

circuit court may not summarily dismiss a first-stage [Post-conviction]

based on untimeliness. 202 Ill.2d 89, N.E.2d (2002).

5.) Following the reasoning elicited in Boclair, the court in Blair held

that a circuit court's summary dismissal of a defendant's post-conviction

petition could not be affirmed on the grounds that the claims raised in the

petition have been waived or are barred by the doctrine of **res judicata** or

waiver. People v. Blair, 2003 Ill.App. LEXIS 376 (March 31st, 2003).

6.) Petitioner argues that the Illinois Code of Corrections which permits

the imposition of consecutive sentences based on the trial court's findings of

fact, rather than requiring the determination by a jury upon proof beyond a

reasonable doubt, is in violation of the Due Process clause of the Fifth and

Fourteenth Amendments, and the Notice of Jury Trial guarantees of the Sixth

Amendment to the United States Constitution:     (730 ILCS 5/5-8-4(a) Concurrent

and Consecutive Terms of Imprisonment):

(a)   When multiple sentences of imprisonment are imposed on a defendant
      at the same time.... The sentences shall run cuncurrently or consec-
      utively as determined by the court (Jury).... The court shall not
      impose consecutive sentences for offenses which were committed as part
      of a single course of conduct during which there was no substantial
      change in the nature of the criminal objective, unless one of the
      offenses which defendant was convicted was a Class X or Class 1 fel-
      ony and the defendant inflicted severe bodily injury, .... In which
      the court shall enter sentences to run consecutively. Sentences shall
      run concurrently unless otherwise specified by the court.

(b)   The court shall not impose a consecutive sentence except as provided
      for in subsection (a) unless, having regard to the nature and circu-
      mstances of the offense and the history and character of the defend-
      ant, it is of the opinion that such a term is required to protect
      the public from further criminal conduct by the defendant, the basis
      for which the court shall set forth in the record.

7.) Petitioner argues that the "court" and not the jury found that there

was great bodily harm and that this crime was exceptionally brutal and heinous;

"[A]nd they would each qualify for extended terms because the court
does find this behavior on this victim was exceptionally brutal and
heinous. And the court also finds that the victim did suffer great
bodily harm." Sentencing Proceedings at 76.

8.) In **Apprendi v. New Jersey**, the court struck down the New Jersey law

because it allowed the judge, not the jury to decide whether a crime arose from racial bias. Citing the defendant's rights to due process of law and his right to a jury trial, this court said Apprendi should not have gotten a stiffer punishment based on the factor the jury did not consider.

9.) Petitioner argues that his rights to due process of law and his rights to a jury trial were violated because:

    (a)  Great bodily harm and or henious and brutal wasn't charged in the information presented by the State;

    (b)  It was not presented to a jury;

    (c)  It was not proven beyond a reasonable doubt.

As set forth in **Apprendi v. New Jersey.**

10.) Petitioner argues that he was not given a fair sentence because he was led to believe by the court under false pretenses, that the charges he was entering a guilty plea to, required <u>mandatory consecutive sentences</u>.

11.) Petitioner argues that under the Illinois Code of Corrections in which he was charged with as set forth by the record, it states:

"[W]hen a sentence is imposed by any district court of the United States, the sentences shall run concurrently ("or") consecutively as determined by the court."(730 ILCS 5/5-8-4(a)).

12.) Petitioner argues that his plea and sentence should be voided because defendant took an open-plea under false pretenses, where during the plea agreement the court stated:

"[A]nd if I recall correctly, I think these are mandatory consecutive sentences." <u>Plea Agreement Proceedings</u> at 4.

13.) Petitioner was unable to obtain a fair trial where he was placed on psychotropic medication (3) days after his plea agreement was taken, and was on this medication during his sentencing hearing as prescribed by Dr. Sunderland of the Macon County Jail.

14.) Petitioner argues that his trial consel was ineffective in that:

    (a)  Counsel failed to review with his defendant matters pertaining to charges, his plea and sentencing. Under blind faith the trial counsel led defendant through the proceedings, only seeing his defendant twice for a total of about 10 minutes, and showing up at his court dates.

(b) Counsel failed to review with defendant any part of the pre-
sentence report made by Dr. Sunderland, therefore defendant was
totally blind to the court's proceedings. And in no way could
the defendant have a proper sentencing hearing.

(c) Counsel tells defendant that it would be best if he would not
question what he (counsel) says in court.

(d) Counsel failed to notify the court that his defendant has been
placed on psychotropic medication (3) days after the plea and
was currently on medication during the sentencing hearing.

(e) Counsel failed to notify with his client that the State plans to
bring forth hearsay testimony by Michael Knutt, Michael Fickes
(even though Mr. Fickes was also his client) and the hearsay tes-
timony of Detective Ed Culp. Nothing about their testimony was
ever presented in the discovery order.

(f) Counsel gives very little cross-examination to the allegations
stipulated by Mr. Knutt. This leading the court to believe what
was said was true. Sentencing Proceedings at 8.

(g) Counsel failed to cross-examine at all the testimony of Detective
Ed Culp, and that of Mr. Fickes. (Id. at 15).

(h) During the cross-examination of the said victim, this counsel
failed to cross-examine the victim based on him knowing the facts
and that she several times perjured (impeached) herself while on
the stand.

(i) At the end of the sentencing proceedings, defendant asked his trial
counsel to help him file his appeal, and the counsel had walked out
of the courtroom and never made any other contact with defendant.

15.) Petitioner argues that his Sixth Amendment rights were violated due

to ineffective assistance of counsel, due to his blunt failure to preserve his

appeal rights as requested by defendant.

16.) Petitioner argues that his counsel's failure to preserve his appeal

lead defendant to file a notice of appeal pro-se with the assistance of an inmate

law clerk at the Graham Correctional Center, and not knowing that he also had to

request the appointment of counsel at that time, and doing what he could to

secure his appeal.

17.) Petitioner was transferred to Menard Correctional Center, at which time

it was on lockdown due to the release of the Richard Speck tapes in 1996. And

soon after without having access to the prison law library, defendant was asked

by the 4th District Appellate Court for a Docketing Statement and in his failure

to send it and not knowing what to do, the appeal was dismissed.

18.) Petitioner argues that had his counsel secured his appeal, instead of abandoning his client, petitioner would of then had a proper chance at attacking his conviction and sentence.

19.) Although the Post-Conviction Hearing Act is not an alternative means for reviewing non-constitutional issues, a hearing under the Act is warranted if the petition makes a substantial showing that the petitioner's rights have been violated. People v. Rose, 43 Ill.2d 273,279, 253 N.E.2d 456 (1969).

20.) The Sixth Amendment right to counsel encompasses the right to effective assistance of counsel. The determination of whether or not a defendant has received effective assistance of counsel may involve consideration of whether counsel for the defendant has adequately presented certain non-constitutional issues. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,2063 (1984).

21.) In People v. Wilk, it has been held that a defendant in filing a Pro-se petition for post-conviction relief under the Act does not have to construct legal arguments or cite legal authority. Once the petitioner has shown that the petition is not frivolous, counsel will be appointed. 124 Ill.Dec. 398, 529 N.E.2d 218 (1988).

22.) In United States v. Gardiner, the court said that no showing of prejudice required where counsel failed to perfect the appeal. Where defendant communicates a desire to appeal, counsel's failure to take the necessary action to file and perfect the appeal constitutes ineffective assistance, irrespective of whether the appeal would actually have succeeded. 666 F.Supp. 267 (D.Me. 1987).

23.) Petitioner asks this court to grant him a change of venue; in support thereof petitioner states as follows:

(a) There is reason to believe that this case (96-CF-433) has caused this circuit court to become prejudiced and biased towards this petitioner;

(b) This case was widely publicized through the media: via newspapers and television;

(c) This court has heard hearsay testimony of Michael Knutt saying in reference

-5-

A-38

> to the exact:
>> Q. What did you hear him [the defendant] say in the jail?
>> A. He said something about stabbing the Judge or officer or an inmate if he got a bunch of time.
>> Q. Who were the different people that he said he would stab?
>> A. The Judge, inmate, officer or a State's Attorney.
>>               (Sentencing Proceedings at 7-8)

(d) Petitioner argues that his counsel, the prosecution, and the judge was working in concert to obtain his conviction;

(e) The victim's impact statement was heard by this court, even though she had clearly perjured herself under oath.

(f) Petitioner was told by the State's Attorney, Larry Fitcher, that "if he [the defendant] ever comes back to Macon County, that he will personally see to it that he leaves in a bag." Petitioner believes that the statement "bag" referred to a body-bag.

(g) Furthermore, petitioner asserts that without a change of venue, he can not obtain a fair review of his petition for post-conviction relief, or eventual trial.

24.) Petitioner argues that his conviction for armed robbery should be vacated because it was a lesser-included offense of Attempted First Degree Murder; if not lesser-included offense, petitioner argues that his convictions of two counts of attempted murder, and armed robbery were based on:

(a) Petitioner being armed with a deadly weapon;

(b) The same location and time of the offense;

(c) The time-interval between successive parts of petitioner's conduct;

(d) The identity of the victim being the same;

(e) The similarity of the acts performed;

(f) The prosecutorial intent as reflected in the language of the information;

thus, based on the foregoing factors, both counts of attempted murder, and armed robbery, are based on the same physical acts.

25.) Petitioner's constitutional rights were violated because he was convicted of more than one attempted murder arising out of the same physical act and there was only one victim. (See, e.g. People v. Pitsonbarger (1990), 142 Ill.2d 353, 508 N.E.2d 783).

26.) In **People v. Mack,** the defendant in that case was charged with and convicted of intentional, knowing, and felony murder. The court stated that

although there was evidence to support a conviction of all three charges,
there was only one man murdered and therefore, there could be but one convic-
tion for murder because the intentional killing involved a more culpable mental
state, the court upheld the intentional murder and vacated the knowing and
felony murder counts. 105 Ill.2d 85, 473 N.E.2d 880 (1987).

27.) Also in Mack, the court stated that when multiple convictions are had
for offenses arising out of a single act, the rule is that the sentence is
imposed on the most serious offense. And, because the intentional killing inv-
olved the more culpable mental state, the court upheld the intentional murder
conviction and vacated the knowing murder and felony-murder convictions.

28.) In People v. Guest, the defendant was charged with and convicted of
intentional, knowing and felony-murder; the conviction for the most serious
murder charge was upheld while the convictions on the less serious murder
charges were vacated. 115 Ill.2d 72,103, 503 N.E.2d 255 (1986).

29.) In People v. Lego, where judgment was entered on four murder counts,
the court held that because, it involves a more culpable mental state, intent-
ional murder is a more serious crime than felony-murder, and therefore, the
court affirmed the defendant's conviction for intentional murder and vacated
the other convictions for knowing and felony-murder. 116 Ill.2d 323,344, 507
N.E.2d 800 (1987).

30.) This petitioner argues that count two (Attempted First Degree Murder)
is based on the alleged fact of a second attack of cutting the victims throat
with a knife after returning to the crime scene. Petitioner argues that the
intent of murder, the premeditation of first degree murder, to pre-plan, could
not be completed until murder was completed. This is based on intent to commit
murder. Even though there is reason to convict on both counts of attempted
first degree murder, it is still based on the same physical act. Thus, count
two of attempted first degree murder should be vacated; count one and count two

-7-    A-40

is both based on the same intent, the same culpable mental state, the same victim, the same weapon, the same location, and the same allegations contained in the charging instrument.

31.)  Here the petitioner was convicted of two counts of attempted first degree murder and one count of armed robbery. Although the evidence may have been sufficient to establish guilt on all three counts, there was nonetheless, only one victim, and only one act of attempted first degree murder.

32.)  In order to be classified as a lesser-included offense, all the elements must be included within the greater offense, or there must be a less culpable mental state. (See, People v. Smith (1980), 78 Ill.2d 298,306, 399 N.E.2d 1289; and People v. Brown (1991), 218 Ill.App.3d 890,898, 578 N.E.2d 1168).

33.)  In People v. Rodriguez, the defendant asserted that his conviction for home invasion should be vacated because it was a lesser-included offense of aggravated criminal sexual assault. If not a lesser-included offense, the defendant asserted that both convictions were based on defendant being armed with a deadly weapon, thus making the home invasion and the aggravated criminal sexual assault based on the same physical act. The court agreed. 267 Ill.App.3d 942, 641 N.E.2d 939 (1st Dist.1994).

34.)  Furthermore, in Rodriguez, the court reasoned that if the conviction was based on the defendant displaying or threatening to use a dangerous weapon and not home invasion, the home invasion would not be a lesser-included offense. The issue would then be whether the home invasion and the aggravated criminal sexual assault were based on separate acts. The court deleineated factors to determine whether the defendant's conduct consisted of a single act or multiple acts, as follows:

    (a) the existence of an intervening act or event;
    (b) the time interval between successive parts of the defendant's conduct;
    (c) the identity of the victim;
    (d) the similarity of the acts performed;
    (e) whether the conduct occurred at the same location; and

A-41

(f) the prosecutorial intent as reflected in the language of the crim-
inal information.

See also, People v. Williams (1986), 143 Ill.App.3d 658,665, 493 N.E.2d 362

(upholding same six-part factor evaluation).

35.) The court in Rodriguez concluded that the home invasion and aggravat-

ed criminal sexual assault were part of the same physical act. (Id., citing

People v. Zarate (1994) 264 Ill.App.3d 667, 637 N.E.2d 1044; and People v.

Govednik (1986), 150 Ill.App.3d 717, 502 N.E.2d 276).

36.) The court in Rodriguez reasoned that both the home invasion and aggr-

avated criminal sexual assault occurred when the defendant threatened the victim

with the gun. The two offenses were so interrelated that the court was compelled

to vacate the conviction and sentence for the home invasion, because it was

based on the same physical act as the aggravated criminal sexual assault. Id.

37.) Petitioner states that in the information set forth by the prosecu-

tion, it states:

> "Mr. Gaddis, count one charges you with attempted first first degree
> murder on April 23rd, 1996. It alleges that you, with the intent to
> commit the offense of first degree murder, performed a substantial
> step towards the commission of that offense in that you, without
> lawful justification and with the intent to kill Victoria Bridgeman
> stabbed and cut Victoria Bridgeman about the body with a knife,
> struck her with a bottle, and choked her with a telephone cord.
> Count two charges you with attempted first degree murder on April
> 23rd, 1996. It alleges that you, with the intent to commit the
> offense of first degree murder, performed a substantial step towards
> the commission of that offense, in that you, without lawful justif-
> ication and with the intent to kill Victoria Bridgeman, returned to
> the scene for a second attack and cut the throat of Victoria Bridge-
> man with a knife." Report of Proceedings at Guilty Plea at 2-3.

38.) In support of this argument, petitioner argues that as far as truth

and proof of petitioner's guilt of one-crime/one-act:

(a) It must first be proven that all action from beginning to end was
an effort to reach a specific goal, without any independent action
which in fact separates those involved, or provides a separate act
which brings a diversion between those in combined effort of this
goal.

(b) If there is any action through this criminal process which separates

in any fashion and can be proven by one single fact supporting
diversion to bring about a separate action in event then, whatever
the event diversion entailed providing additional counts to be
applied as their own crime in classification, and sentencing pot-
ential.

(c) In the premeditation to commit first degree murder on the victim in
this case, the prosecution by its own proof presented before the
court, qualifies all defendants as those who work as one in the
effort of this crime to reach this goal.

(d) And in their own failure to its success, they were left with the
crime of attempted first degree murder.

39.)  In **People v. Williams**, the court held that multiple convictions based
on a single act cannot stand where a defendant is convicted of more than one
offense if some are lesser-included offenses. 143 Ill.App.3d 658,665, 493 N.E.
2d 362 (1986).

40.)  In Illinois, a constitutional challenge to a statute can be raised
at any time.

41.)  The prosecution conceded that if defendants' felony-murder convictions
are affirmed, then their convictions and sentences for armed robbery must be
vacated because the armed robbery was the predicate felony upon which the felony
murder charge was based. Petitioner's conviction and sentence for armed robbery
must be vacated. (See, People v. Smith (    ), 183 Ill.2d 425,430-32, 701 N.E.
2d _____; and People v. Carney (1st Dist.2000), 2000 Ill.App. LEXIS 877, 19-
20).

42.)  That the petitioner's right to the Due Process Clause of the Fifth
and Fourteenth Amendments, and the Notice and Jury Trial guarantees of the
Sixth Amendment to the United States Constitution has been violated, as alleged
in the foregoing.

43.)  Petitioner requests the appointment of counsel to represent him in
this action, and with leave to amend, or supplement, his petition for post-
conviction relief, and states that he is without funds with which to procure

counsel to represent him, and states that he is still indigent as at the time

of the original proceedings had in this cause, in which he was permitted to

proceed as a poor person.

WHEREFORE, petitioner prays this Honorable Court vacate the judgment

entered in this cause on October 1st, 1996 and grant him a new trial, and any

other relief this Court deems just based on the foregoing allegations.

Date: ____11-13-03____, 2003.                    Respectfully submitted,

                                                 _Jason M. Gaddis_

                                                 Jason M. Gaddis
                                                 Inst. # B-44293
                                                 Lawrence Correctional Center
                                                 R.R. 2 Box 31
                                                 Sumner, Illinois 62466

                                                 PETITIONER, PRO-SE

STATE OF ILLINOIS )
                  ) SS.
COUNTY OF LAWRENCE )

### AFFIDAVIT OF VERIFICATION

I, Jason M. Gaddis, upon being duly sworn, states that he has read the

foregoing, and that the matters set out therein are both true and correct in

substance and fact based upon his personal knowledge, and as to matters stated

to be upon information and belief, he believes those to be true and correct

also, and if called upon as a witness he is competent to testify thereto.

AFFIANT SAYETH NOTHING FURTHER.

                                                 _Jason M. Gaddis_
                                                 AFFIANT;

SUBSCRIBED AND SWORN to before me this _13th_ day of _November_,
2003.

                                                 _Sharon L. McCorkle_
                                                      N O T A R Y

"OFFICIAL SEAL"
Sharon L. McCorkle
Notary Public, State of Illinois
My Commission Exp. 07/03/2005

-11-

A-44

E-FILED
Tuesday, 14 August, 2007  09:39:30 AM
Clerk, U.S. District Court, ILCD

## ILLINOIS SUPREME COURT

People of the state of Illinois )
                    Respondents )
                               )
                               )
        VS                     )          Supreme court NO.# _____
                               )
                               )
Jason M. Gaddis                )
              Petitioner       )
                               )

## MOTION FOR LEAVE TO FILE A LATE PETITION FOR LEAVE TO APPEAL

Petitioner  Jason M. Gaddis , Pro se, moves this court for leave to file a late Petition for Leave to Appeal. In Support thereof, Jason M. Gaddis states as follows:

Petitioner's Appeal of his Post-Conviction was dismissed by the Appellate Court on August 1st 2006 (Appellate No. 4-05-0345) (A-1) A petition for rehearing was filed by this petitioner & on August 22nd, 2006 The petition was denied. (A-2) Petitioner attempted to file a "Notice of Appeal, Pro se, in time. Though it was on time it was not the correct way to file a petition to leave for Appeal in the Illinois Supreme Court. (A-☒)

On September 21st, 2006 petitioner was placed in punitive segregation & all of his transcripts. & common law records was confiscated. Petitioner filed a institutional grievance concerning this issue. (A-3) But never recieved his transcripts.

On September 25th, 2006, Associate Judge Scott B. Diamond, responded to the petitioner by letter w/ direction concerning the "Notice of Appeal" (A-4)

On September 28th, 2006; (this) court sent petitioner a letter (A-5) Informing him among other things that he needs to file this motion if he could not file the Leave to Appeal on time.

On October 5th, 2006; this petitioner wrote the clerk of the court. J. Hornyak explaining to her that he does not have his Transcripts & to please notify the court that he's trying to comply with the request.

On October 25th, 2006; petitioner was transferred to Pontiac Correctional Center & filed a grievance as well as an emergency grievance about the court deadline & the need for his property, ... trial transcripts (A-6 & A-7)

On November 5th, 2006; petitioner finally recieves his property, & part of his court transcripts (A-8)

**EXHIBIT I**

On November 13th, 2006; the Clerk sent this petitioner a letter acknowledging receipt of this October 10th, 2006 letter. (A-9)

WHEREFORE in summation petitioner could not file a Leave to Appeal In the Supreme Court due to the fact that he was (1) Placed in segregation, (2) his property & court documents were confiscated & held until November 5th, 2006, & he did not know how to file such documents.

WHEREFORE petitioner, JASON M. GADDIS respectfully prays for entry of an order Granting him leave to file a Late petition for leave to Appeal.

/s/ Jason M. Gaddis

JASON M. GADDIS #B44293
Petitioner, Pro-se

Pursuant to 28 USC 1746, 18 USC 1691 or 735 ILCS 5/1-109, I declare under penalty of perjury, that everything contained herein is true & accurate to the best of my knowledge & belief. I do declare & affirm that the matter at hand is not taken either frivolously or maliciously & that I believe the foregoing matter is taken in good faith.

Signed this 15th day of January, 2007.

/s/ Jason M. Gaddis

2 of 2

E-FILED
Tuesday, 14 August, 2007  09:39:42 AM
Clerk, U.S. District Court, ILCD

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

March 23, 2007

Mr. Jason M. Gaddis
Reg. No. B-44293
Pontiac Correctional Center
P. O. Box 99
Pontiac, IL 61764

THE COURT HAS TODAY ENTERED THE FOLLOWING ORDER IN THE CASE OF:

No.104351 - People State of Illinois, respondent, v. Jason M.
    11789    Gaddis, petitioner.  Leave to appeal, Appellate
             Court, Fourth District.

             The motion by petitioner for leave to file
             a late petition for leave to appeal is
             <u>allowed</u> and is treated as a petition for
             leave to appeal.

cc: Hon. Lisa Madigan
    State's Attorney Macon County
    State's Attorneys App. Pros. Springfield

EXHIBIT J

**E-FILED**
Tuesday, 14 August, 2007  09:39:56 AM
Clerk, U.S. District Court, ILCD

104351

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

May 31, 2007

Hon. Lisa Madigan
Attorney General, Criminal Appeals Div.
100 West Randolph St., 12th Floor
Chicago, IL 60601

No. 104351 - People State of Illinois, respondent, v. Jason M.
           Gaddis, petitioner.  Leave to appeal, Appellate
           Court, Fourth District.


     The Supreme Court today DENIED the petition for leave to
appeal in the above entitled cause.


     The mandate of this Court will issue to the Appellate Court
on July 6, 2007.

EXHIBIT K