UNITED STATES DISTRICT COURT
FOR THE
CENTRAL DISTRICT OF ILLINOIS
(URBANA DIVISION)

---

JASON M. GADDIS
Reg. No B-44293      Petitioner

-vs-

EDDIE JONES         et al
                    Respondent

28 U.S.C.A. § 2254

No. 07-CV-2114

Honorable Chief Judge
Michael P. McCuskey
                    Presiding

FILED
AUG 17 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

PETITIONER'S SUPPLEMENTAL RESPONSE TO
PETITIONER'S RESPONSE TO RESPONDENT'S MOTION TO DISMISS

NOWCOMES, petitioner Jason M. Gaddis, pro-se and moves this Honorable Court to add into evidence this supplemental response to the petitioners response, (to the respondents motion to Dismiss).

1.) On August 14th, 2007 this petitioner filed a reply to the "order to respond", no argument was attached to the order, $ or exibits. On August 16th, 2007 this petitioner recieves in the mail a copy of the states Motion to Dismiss.

2) This MOTION TO DISMISS, the state moves this court to "Dismiss with prejudice the petition for Habeas Corpus as untimely". Respondents claim that the petitioner "opted" to proceed pro-se and wasn't entitled to counsel.  This petitioner disagrees. And asserts he did request counsel, and didn't waive his rights or 'opt' to proceed pro-se. And the Appeal is defaulted because of the states negeled to Honor the appointment of counsel.

— In support thereof —

1 of 11

I.) THIS PETITIONER, IN SEEKING ONLY TO PRESERVE HIS RIGHT TO APPEAL (AS OF RIGHT) FILED THE MOTION(S) BY UTILIZING A FORM THAT WAS PROVIDED BY THE LAW CLERKS AT GRAHAM CORRECTIONAL CENTER.

1.) On October 1st this petitioner was sentenced (1996). And then on October 30th, 1996 this petitioner filed a timely notice of Appeal. As well as,...

    (A) MOTION to proceed in forma pauperis and appointment of counsel;
    (B) Verification of certification; (And)
    (C) Proof of Service.

2.) The state asserts that, "I opted to proceed pro-se in the state appellate court." — Please acknowledge the <u>states own exibit B</u>

    At line (3),...
    ... If Appellant is indigent and has no attorney on appeal, does he want one appointed by the court? <u>YES</u>

This petitioner clearly did not "Opt" to proceed pro-se. Also look at the exibits 1,2,3,4,5 in petitioners brief for Habeas Corpus. These documents will clearly show on the Notice of Appeal,...as well as the seperate motion titled,...

"MOTION TO PROCEED IN FORMA PAUPERIS AND APPOINTMENT OF COUNSEL"
    * Note - this petitioner does not have all of his legal property and cannot show exibits; however, the exibits have already been filed in this court.

...in the language in this motion and the above Notice of Appeal, this petitioner clearly states that he wants counsel to be appointed. The state isn't correct in their assumption that I "opted" to proceed pro-se. I did not waive my right to counsel, or did I request or "Opt" to proceed pro-se.

3.) These documents in question were provided to me by the law clerks at Graham Correctional Center. And because my trial counsel refused to file the notice of appeal, this petitioner did

2 of 11

so in order to preserve his appeal (as of right). And clearly at several points in these "documents" requested counsel. Not once is it writen that I waive my right to counsel or do I wish to proceed pro-se. And these documents shall prove the same.

II.) THIS APPEAL HAS BEEN DEFAULTED, BECOUSE THE TRIAL COURT'S NEGELECT TO HONOR THE REQUEST FOR COUNSEL. AND SHOULD LOOKED TO BE VOID, AT THIS TIME BECOUSE PETITIONER COULD NOT ADAQUATELY PROCEED IN THE APPEAL PROCESS ALONE.

1.) It was said in Price V. Johnson at [25] Habeas Corpus 197 K (key) 658 — "The court cannot impose on prisoners unlearned in the law and often acting as their own counsel on Habeas Corpus proceedings the same high standards of the legal art that might be imposed on members of the legal profession, particularly where such imposition would have a retroactive and prejudicial effect, on the prisoners inartistically drawn petition." (334 U.S. 266, 68 S.Ct. 1049) (1948)

2.) It is not to say that a state criminal judgement resting on a constitutional error is void for all purpose. But conventional notions of finality in criminal litigation cannot be permitted to defeat the manifest federal policy, that the federal policy, the federal constitutional rights of personal liberty shall not be denied without the fullest opportunity for plenary federal judicial review.

3.) The point is that the court, by relying upon a rule of discretion avowedly flexible, Frisbie V. Collins, 342 U.S. 519, 72 S.Ct. 509), yeilding always to 'exceptional circumstances', Brown V. Johnson (306 U.S. 19, 59 S.Ct. 442) has refused to concede jurisdictional signifiance to the abortive state court proceedings.

4.) "Federal court jurisdiction in Habeas Corpus proceedings on behalf of person in custody pursuant to state court judgement is confered by ~~crading by~~

by allegation of an unconstitutional restraint and is not defeated by anything that might occur in state court proceeding, and state procedural rules must yield to such overriding federal policy." <u>28 U.S.C. § 2241</u>

III.) THEREFORE IF BY FINDING THE ABOVE STATEMENTS TO BE TRUE, THIS PETITIONER REQUESTS THAT THIS HONORABLE COURT APPLY FUNDAMENTAL FAIRNESS DOCTRINE TO THIS PETITIONER'S CLAIM(S) AND FIND THE "CAUSE AND PREJUDICE" test APPLIES TO THIS PETITIONER — OVERRIDING ANY REDRESS THAT THE STATE MAY BRING FORTH.

In support thereof:

1.) Cause and Prejudice should apply to this petitioners case, where the trial court neglected to appoint counsel on direct appeal, (as of right), as guaranteed and protected by the United States Constitution.

(A) APPEAL AS OF RIGHT,...

2.) Using a statement made in <u>U.S. ex rel Green v. Washington</u> (917 F.Supp. 1238) (1996) [found at paragraph 106] ~ " Because this ~~section~~ action has been brought under Section 2254, the predicate of petitioners claim must be and is that their rights under the Constitution have been violated. That claim is of course to be tested by a federal standard, in this instance involving the petitioners' right to appeal a criminal conviction without being subjected to inordinate delay amounting to a deprivation of due process of law,...."

(B) DELAY IN APPELLATE PROCESS,...

3.) Illinois has vested its defendant with the right to appeal (<u>Ill. Constitution Article VI, §§ 4(b) and 6</u>; <u>730 ILCS 5/5-5-4.1</u>; <u>Ill. S.Ct. Rule 607</u>) And to the right to appeal (as of right), but a state is not permitted with one hand to grant such a right and with the to take it away in arbitrary fashion, as by denying an indigent a free transcript of the trial, <u>Griffin v. Illinois</u>, (351 U.S. 12, 76 S.Ct. 585)(1956) (OR) preventing a prisoner from filing a timely notice of appeal, <u>Burns v. Ohio</u>, (360 U.S. 252, 79 S.Ct. 1164)(1959) (OR) simply refusing to decide an appeal.

4 of 11

4.) In <u>Harris v. Champion</u> (triolgy) 15 F.3d 1538, (10th cir. 1994) Quoted as Harris II, 15 F.3d at 1557 applies that principle to inordinate delays in the appellate adjudication so as to trigger the availability of federal habeas review: "We start by noting that delay in adjudicating a state prisoners direct criminal appeal may do more than simply ~~and~~ excuse exhaustion. It may also give rise to an independent due process claim."

5.) Granted this petitioner was allowed to proceed in on appeal, but was assured to do so with out the appointment of counsel. This should clearly show a violation of Due Process.

(C) REASON FOR DELAY,...

6.) In <u>Barker V. Wingo</u>, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed. 2d 101 (1972) the court makes it plain, "that the real concern of the inquiry into the reason for appellate delay is whether the delay is the fault of the defendant or the fault of the state". As Barker, id. put it, the "ultimate responsibility" for systemic problems "must rest with the government rather than with the defendant."

7.) Judicial attribution to the state of any systemic delays in direct appeal follows from the Supreme Court holdings that states that provide a right to a direct criminal appeal must also provide indigent appellants with counsel (see <u>Douglas V. Calafornia</u> 372 U.S. 353, 83 S.Ct. 814 (1963) and trial transcripts (see <u>Griffin V. Illinois</u> 351 U.S. at 20, 76 S.Ct. at 591). Implicit in those decisions is the recognition that the denial of such services in nothing less than a denial of access to the courts. Where systemic problems inordinately delay an indigent appellants access to the appellate court, the right to appeal becomes "the right to a meaningless ritual (<u>Douglas</u>, 372 U.S. at 358, 83 S.Ct. at 817). To deny an indigent appellate access to his appeal and then to hold him or her responsible for that denial would be truly Kafkaesque.

8.) This petitioner should not be held responsible for the neglect of the courts. The courts went beyond their means of convicting this defendant by not honoring the request for counsel. And then when counsel tried to help this petitioner this state Appellate court lied to counsel saying "you can't help because defendant didn't request counsel.",... if not appellate error it should fall on the trial court because thats where the documents (i,e,... notice of appeal (et, al)) were sent. As exibits to the ~~co~~ petitioners brief (2254) will show.

5 of 11

(D) RIGHT TO COUNSEL,...

9.) This petitioner asserts that he "does" have the right to counsel. And Illinois has a legislative right to counsel. see,... Public Act 87-580 (Effective January 1st, 1990)

[S.H.A. ch. 38, §121-13]

§121-13 (A) Pauper Appeals:

"In any case wherein the defendant was convicted of a felony, if the court determines that the defendant desires counsel on appeal but is indigent the Public Defender or the State Appellate Defender [SHALL] be appointed as counsel, unless with consent of the defendant and for good cause shown, the court may appoint counsel other than the public defender or the state Appellate defender." — Public Act 87-580

10) Here Illinois granting of the right to appellate review and to the representation by counsel in the course of the review, (Illinois Constitution Article VI, §§ 4(b) and 6; 730 ILCS 5/5-5-4.1; Illinois Supreme Court Rule 607) makes such a review an "intergral part of the Illinois trial system for finally adjudicating the guilt of innocence of a defendant. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585 (1956) the procedures used in deciding appeals must comport with the demands of the Due Process and Equal Protection Clause of the Constitution.

11.) Fay v. Noia, held that state courts, equally with federal courts, are charged with duty of protecting an accused in enjoyment of his constitutional rights, 372 U.S. 391, 83 S.Ct. 822 (1963) Party charged in state court waives no defect of Jurisdiction by submitting to a trial of his case upon the merits, even though he may be Restrained in violation of federal Constitution or laws; and comity demands, demands the state courts, under whose process he is being held should be appealed to in the first instance for recognition of his rights, and his remedy in federal court will remain unimpaired should such rights be denied. See... Cook v. Hart, 146 U.S. 183, e.g. Ex Parte Fonda, 117 U.S. 516.

## IV.) APPLYING THE CAUSE AND PREJUDIE DOCTRINE;...

In support thereof:

1.) This petitioner argues that by applying points relied upon in the first (3) three sections of this reply, that this court should find that the cause and prejudice clause does apply to this petitioner.

2.) This petitioner argues that the state took his right to direct appeal (as of right) away,... as well as the right to counsel on said appeal, by neglecting to appoint counsel on said direct appeal; whereas,... "a statutory right once created cannot be arbitrarily denied by the state",... People V. Koren 114 Ill. App. 3d 421, 449 N.E. 2d 191. Also see,... Allen V. Duckworth, 6 F.3d 458 (7th Cir. 1993),... "correctly notes that the Right to appeal a state court conviction is not itself a federal constitutional right it is equally correct in observing that such a right once conferred cannot be stripped away arbitrarily.

3.) This petitioner wasn't allowed to raise any claims on his direct appeal because, no counsel was appointed and, this petitioner at that time had no way to file a docketing statement, especially since he wasn't educated in the law & or of the process thereof. It was the duty of the trial court to appoint this indigent defendant, counsel on direct appeal as of right and as protected by the U.S. Constitution.

4.) Under Sykes and it's progency, an adequate and independent finding of procedural default will bar federal habeas corpus review of the federal claim unless the habeas petitioner can show "CAUSE" for the default and "PREJUDICE attributable thereto"; Murray V. Carrier, 477 U.S. 478, [106 S.Ct. 2639, 91 L.Ed 397] (1986) or demonstrate that failure to consider the federal claim will result in a "Fundamental Miscarriage of Justice"." Id., at 495 [106 S.Ct. at 2649], quoting Engles V. Isaac 456 U.S. 107, (1982); (And) Wainwright V. Sykes, 433 U.S. 72, 97 S.Ct. 2497. (1977).

(A) APPLYING THE "CAUSE"

5.) Carrier, supra, 477 U.S. at 488, 106 S.Ct. at 2645, establishes that attorney error can be "CAUSE" only if it constitutes ineffective assistance

7 of 11

of counsel violative of the Sixth Amendment. In which is a constitutional Right see,... <u>Douglas V. California</u> (AND) <u>Evitts V. Lucey</u>, 469 U.S. 387, 105 S.Ct. 830.

6.) This petitioner was denied counsel on direct appeal. Which in effect is like having ineffective counsel. The <u>Douglas</u> court held, "an indigent criminal defendant is constitutionally entitled to an effective attorney in his "one and only" Appeal,... as of Right", 372 U.S. 353, 83 S.Ct. 814, (1963)

7.) <u>Carrier</u> explains, " If the procedural default is the result of ineffective assistance of counsel, (as is with this petitioner), the Sixth Amendment itself requires that responsibility for default be imputed to the state." (477 U.S. at 448, 106 S.Ct. at 2646) In other words, it is not the gravity of the attorneys error that matters, but that it constitutes a violation of petitioner's Right to counsel, so that the error must be seen as an external factor, i.e, "imputed to the state" See Also <u>Evitts V. Lucey</u>, 467 U.S. 387, 105 S.Ct. 830. (1985)...

> ..." (The constitutional mandate [guaranteeing effective assistance of counsel] is addressed to the action of the state in obtaining a criminal conviction through a procedure that fails to meet the standard of due process of law")

8.) <u>Douglas</u>, established that an indigent criminal defendant has a right to appointed counsel in his first appeal as of right in state court. <u>Evitts</u>, supra held that this right encompasses a right to "(effective assistance of counsel,)" for all criminal defendants in their first appeal as of right. 372 U.S. 353, 83 S.Ct. 814, (1963) <u>Evitts</u>, supra 469 U.S. 387, 105 S.Ct. 830 (1985).

9.) In <u>Coleman V. Thompson</u>, (501 U.S. 722, 111 S.Ct. 2546)(1991) the <u>Coleman</u> court based their holding in <u>Douglas</u> on that "equality demanded by the Fourteenth Amendment." (372 U.S. at 358, 83 S.Ct. at 817) Reconizing that,... "[A]bsolute equality is not required",... "where the merits of the one and only appeal an indigent has as of Right are decided without benefit of counsel, we think an unconstitutional line has been drawn between Rich & poor." Id. at 357, 83 S.Ct. at 816 (emphasis in original.).

8 of 11

### B. APPLYING THE "PREJUDICE",...

10.) This petitioner's claim "mirrors" that in *Cabaniss*, (note, though it is a case out of the Virginia Supreme Court, it still holds merit, because it is based on a very precedent case.) And should be upheld in this court. — In *Cabaniss v. Cunningham*, 206 VA. 330, 143 S.E. 2d 911 (1965)...

..."*CABANISS* had defaulted the direct appeal of his criminal conviction because the trial court had failed to honor his request for appointed counsel on appeal, a request the court was required to honor under the Constitution." See... *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, (1963)...

\*Note, see *CABANISS* APPLIED IN *COLEMAN v. Thompson* (501 U.S. 722, 111 S.Ct. 2546)

... see also *Thacker v. Peyton*, 206 VA. 771, 146 S.E. 2d 176 (1966) *Stokes v. Peyton*, 207 VA. 1, 147 SE 2d 773 (1966)

*CABANISS supra*, *THACKER supra*, *STOKES supra*, were state habeas cases in which the Virginia Supreme court determined that the petitioner had been denied (direct appeal) because of a constitutional error in failure to appoint counsel.

11.) When dealing with the cause and prejudice standard *Engle* held that the standard applies in cases in which the alleged constitutional error impaired the truthfinding function of the trial. It was also explained in *Engle* that the cause and prejudice standard will be met in those cases where review of a state prisoner's claim is necessary to correct a "fundamental miscarriage of Justice" *Engle v. Issac*, 456 U.S. 107, 102 S.Ct. 1558 (1982). See also *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639 (1986), ("[W]here a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.

12.) Thus in conclusion, where this petitioners trial court had neglected to appoint counsel, being an external impediment preventing

9 8/1

from constructing an argument (or) raising the claims needed for a fundamental fair trial and adequately fair appeal, 3 by arbitrarily stripping this petitioner of his U.S. Constitutional right to counsel, the denial thereof being woven with the ineffective assistance of counsel, protected by the 6th Amendment,.... SHOULD SHOW "CAUSE" needed in the standard. With all this said, petitioner prays that this court finds that his claim meets the prejudice test as well.

V.) SHOULD AN EVIDENTIARY HEARING BE HELD, SHOULD THIS COURT FIND THAT THIS PETITIONER HAS MERIT ON GROUNDS OF THE CAUSE AND PREJUDICE?,...

1.) Petitioner argues in conclusion that by applying the six questions found in Townsend v. Sain, 372 U.S. 293 (1963) that he would be entitled to a mandatory hearing if:

    A. The merits of the factual dispute were not resolved in the state hearing;
    B. The states factual determination is not fairly supported by the record as a whole;
    C. The fact finding procedure employed by the state court did not adequately provide a full and fair hearing;
    D. There is a substantial allegation of newly discovered evidence;
    E. That the material facts were not adequately developed at the state court hearing; (or)
    F. The state Judge did not afford the applicant a full and fair hearing.

2.) This petitioner feels as if a couple of these would apply but strongly relys on F or the sixth reason above. And thus should be entitled to a hearing.

3.) This petitioner stands firmly on the arguments set forth in the Habeas Corpus brief, and on the points and arguments that,...

... Defendants right to counsel shouldn't have ever been taken away for whatever reason. And can only pray this court understands the same.

10 of 11

WHEREFORE, for all the reasons stated above; this petitioner prays that this Honorable Court,

1.) Take into evidence this supplemental reply, to the earlier Petitioners response to respondents motion to dismiss. And,... deny the states motion to dismiss.

2.) Grant an evidentiary hearing;

3.) Appoint counsel to assist this petitioner;

4.) And Grant the Writ for Habeas Corpus and anything this Court deems just & fair.

Respectfully Submitted,

/s/ Jason M. Gaddis

Jason M. GADDIS
B-44293
Pontiac Correctional Center
P.O. Box 99
Pontiac, Illinois 61764

Dated: August 16th, 2007

---

AFFIDAVIT

I, Jason M. Gaddis, swears that the above to the very best of my knowledge and understanding is said to be true.

/s/ Jason M. Gaddis
Dated August 16th, 2007

11 of 11



"Clark, Michelle R." &lt;MCLARK@idoc.state.il.us&gt;
08/20/2007 09:00 AM

To &lt;prisoner.urbana@ilcd.uscourts.gov&gt;
cc
bcc
Subject  e-filing from Pontiac Correctional Center

On Friday, August 17, 2007, the law library received a document in case #07-2114 entitled **Petitioner's Supplemental Response to Petitioner's Response to Respondent's Motion to Dismiss** from offender Jason Gaddis B44293 to be e-filed.  (11 pages + Proof of Service)

I am forwarding the hard copy to you to be scanned since our scanning equipment is still down.

Thanks.

IN THE

Unitied States District Court for the Central District of Illinois (Urbana Division)

28 U.S.C.A. § 2254
Petition for Writ of Habeas Corpus

JASON M. GADDIS )
~~Plaintiff~~/Petitioner )
)
Vs. )
) No. 07-CV-2114
EDDIE JONES ET.AL ) Honorable Chief Judge
~~Defendant~~/Respondent ) Michael P. McCuskey
) presiding

To Be Electronic Filed

**PROOF/CERTIFICATE OF SERVICE**

TO: John M. Waters        TO: EDDIE JONES et.al
U.S. Dist. Court.
_____    _____
E-Filed                      E-Filed

PLEASE TAKE NOTICE that on August 16th, 2007, I placed the documents listed below in the institutional mail at Pontiac Correctional Center, properly addressed to the parties listed above for mailing through ~~the United States Postal Service~~ To be E-filed thru the max law library

Petitioner's Supplemental Response to Petitioner's Response to Respondants Motion to Dismiss

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109 I declare, under penalty of perjury that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge and belief.

DATED: August 16th, 2007        /s/ Jason M. Gaddis
                                Name: JASON M. GADDIS
                                IDOC No. B-44293
                                Pontiac Correctional Ctr.
                                POB 99
                                Pontiac, IL