UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **JASON GADDIS,** | ) |
| Petitioner, | ) |
| vs. | ) Case No. 07-2114 |
| **EDDIE JONES, Warden, Pontiac Correctional Center,** | ) |
| Respondent. | ) |

**OPINION**

On September 13, 1996, Petitioner Jason Gaddis pleaded guilty to two counts of attempted murder and one count of armed robbery in the Circuit Court of Macon County, Illinois. Petitioner was sentenced to two terms of twenty years' imprisonment on the attempted murder convictions and one six year term of imprisonment on the armed robbery conviction with the sentences to run consecutively. Petitioner filed a pro se Notice of Appeal. On December 4, 1996, the Illinois Appellate Court for the Fourth District issued an order for Petitioner to show cause on or before December 11, 1996, why his appeal should not be dismissed for failure to file a docketing statement as required by Illinois Supreme Court Rule 312. This order further indicated that failure to comply would result in dismissal of his appeal. On December 31, 1996, the Illinois Appellate Court dismissed Petitioner's appeal for failure to comply with the rule to show cause order. Petitioner did not file a petition for leave to appeal with the Illinois Supreme Court.

On July 8, 2003, Petitioner filed a pro se document entitled "Post Trial Motion Attacking a Void Judgment." The trial court dismissed the motion, and Petitioner did not file an appeal from the

dismissal. On November 17, 2003, Petitioner filed a post conviction petition. On April 6, 2005, the trial court dismissed the petition. Petitioner appealed the dismissal to the Illinois Appellate Court. On August 1, 2006, the Illinois Appellate Court affirmed the dismissal on the basis of untimeliness. On January 15, 2007, Petitioner filed a motion for leave to file late petition for leave to appeal with the Illinois Supreme Court. The Illinois Supreme Court allowed the motion for leave to file then denied Petitioner's petition for leave to appeal on May 31, 2007. On June 12, 2007, Petitioner filed the instant petition. On August 14, 2007, Respondent filed a Motion to Dismiss (#11) arguing that the petition is barred by the applicable statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244. Petitioner filed his Response (#14) to the Motion to Dismiss on August 20, 2007. Petitioner also filed a Supplemental Response (#15) on August 21, 2007.

Under the AEDPA, a one year statute of limitations applies for a habeas corpus petition filed by a person in state custody. 28 U.S.C. § 2244 (d)(1). § 2244(d)(1) provides that the one-year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims

presented could have been discovered through the exercise of due diligence.

In the instant case, Petitioner's conviction became final on January 21, 1997, twenty-one days after his conviction was affirmed by the Illinois Appellate Court and Petitioner failed to file a petition for leave to appeal or an affidavit of intent to file a petition for leave to appeal with the Illinois Supreme Court. See Ill. Sup. Ct. R. 315(b).[1] Any § 2254 petition challenging his conviction had to be filed within one year of that date. See 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his instant petition for habeas relief on June 12, 2007, well outside of this one year statute of limitations.

The court notes that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). While Petitioner did file a "post trial motion attacking a void judgment" and a post-conviction petition, even if this court excluded the time during which these matters were pending, Petitioner's habeas petition would still be untimely. Petitioner did not file his motion or his post-conviction petition until 2003, well after the statute of limitations had run for Petitioner to file the instant petition. Furthermore, none of the alternative dates to start the statute of limitations provided in § 2244(d) apply in this matter.

In his responses to Respondent's Motion to Dismiss, Petitioner argues that he did not elect to proceed pro se on direct appeal of his convictions but was rather denied counsel. Petitioner then argues that he has demonstrated "cause and prejudice" for his failure to timely file his habeas petition. However, the cause and prejudice standard relates to the issue of procedural default rather than to the application of the statute of limitations. See Daniels v. Knight, 476 F.3d 426, 430 (7th Cir. 2007). Accordingly, this court concludes Petitioner's petition must be dismissed as untimely.

---

[1] The time frame to file a file a petition for leave to appeal to the Illinois Supreme Court was changed to 35 days in 2006, but the relevant time frame in 1997 was 21 days. Under either time limit, Petitioner's petition is untimely.

IT IS THEREFORE ORDERED:

(1) Petitioner's Motion for Appointment of Counsel (#2) is DENIED.

(2) Petitioner's Motion for Writ of Habeas Corpus Ad Testificandum (#3) is DENIED.

(3) Respondent's Motion to Dismiss (#11) is GRANTED. Petitioner's Petition for Writ of Habeas Corpus is dismissed with prejudice as untimely.

(4) This case is terminated.

ENTERED this 18th day of October, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE